IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JACK STONE, | ) | CIVIL NO. 19-00065 JAO-RLP |
| | ) | |
| Plaintiff, | ) | ORDER (1) DISMISSING COMPLAINT; |
| | ) | (2) DENYING APPLICATION TO |
| vs. | ) | PROCEED IN FORMA PAUPERIS; |
| | ) | AND (3) DENYING EMERGENCY |
| UNITED STATES EMBASSY TOKYO; UNITED STATES DEPARTMENT OF STATE, | ) ) ) | INJUNCTIVE RELIEF |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER (1) DISMISSING COMPLAINT; (2) DENYING
APPLICATION TO PROCEED IN FORMA PAUPERIS;
AND (3) DENYING EMERGENCY INJUNCTIVE RELIEF

Before the Court is Plaintiff Jack Stone's ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application"), filed February 6, 2019.  The operative pleading in this case, also filed on February 6, 2019, is titled "PETITIONER SEEKS EMERGENCY ORDER TO COMPEL THE U.S. DEPARTMENT OF STATE, AND THE U.S. EMBASSY IN TOKYO IN JAPAN TO ISSUE REPLACEMENT PASSPORT FOR PETITIONER'S MINOR CHILD WHO WAS BROUGHT TO JAPAN IN VIOLATION OF 18 U.S.C. § 1204" ("Complaint").  Although Plaintiff has not separately filed a motion for temporary restraining order and/or injunctive relief, the Court hereby construes the Complaint as requesting emergency injunctive relief.

For the reasons set forth below, the Court DISMISSES the Complaint, DENIES the IFP Application, and DENIES emergency injunctive relief.

## BACKGROUND

The Complaint seeks an emergency order compelling the U.S. Department of State and the U.S. Embassy in Tokyo issue a replacement passport to Plaintiff's minor child, to allow Plaintiff to return with his child to the United States. The sole authority cited for the request is 18 U.S.C. § 1204—a criminal statute—under which only the United States may bring an action.

## DISCUSSION

A. Dismissal of the Complaint Under the In Forma Pauperis Statute – 28 U.S.C. § 1915(e)(2)

Plaintiff requests leave to proceed in forma pauperis. A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998).

In the present case, even construing Plaintiff's Complaint liberally, *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is

appropriate because the existence of jurisdiction is questionable and the Complaint fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure ("FRCP") 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2).

"A plaintiff properly invokes § 1331 jurisdiction when [he or] she pleads a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (quotation marks and citation omitted). Here, Plaintiff relies exclusively upon 18 U.S.C. § 1204—a criminal statute—for the relief sought. Enforcement of criminal statutes rests with the executive branch, not a plaintiff in a civil action. In the absence of a properly asserted or identifiable jurisdictional basis, this case must be dismissed.

Moreover, Plaintiff has not presented his claims in conformance with FRCP 8 or 10. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

FRCP 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Complaint is a narrative of Plaintiff's domestic/family situation. It does not consist of numbered paragraphs, nor does it plainly and succinctly state the elements of Plaintiff's claims. Indeed, it fails to identify the elements of any civil claims.[1]

If the court dismisses the complaint, it should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati*, 821 F.2d at 1370. Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an

---

[1] The Court takes no position regarding the viability of a criminal action. As stated above, that is a matter for the executive branch in the first instance.

opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Tripati*, 821 F.2d 1370 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).

Although the Complaint is deficient as currently pled, the Court acknowledges that Plaintiff is proceeding pro se and it is possible that the aforementioned deficiencies could be cured by amendment. Accordingly, the Court dismisses the Complaint without prejudice and grants Plaintiff leave to amend his Complaint. Any amended complaint—which should be titled "First Amended Complaint"—must be filed by **March 8, 2019** and must cure the deficiencies identified above; that is, Plaintiff must identify a jurisdictional basis and should comply with all rules governing pleadings. Failure to timely file an amended pleading will result in the automatic dismissal of this action.

B. <u>IFP Application</u>

Plaintiff seeks to proceed in forma pauperis. A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). Absolute

destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

Plaintiff's IFP Application is incomplete. Plaintiff admits that he is currently employed part-time in Japan but has not provided any information about the income he has and/or expects to receive. Instead, he represents that he

> depleted funds attempting to have minor child returned to the U.S. Petitioner obtained part-time temporary work, so as to mitigate damages, has yet to be paid, and will need the current earnings for purposes of obtaining flights for the return to the U.S., seek housing, and find new employment, as employment was lost due to this matter.

Doc. No. 4 at ¶ 3. The Application requires Plaintiff to provide all necessary information for the Court to ascertain whether he is entitled to proceed in forma pauperis, including the <u>amount</u> of current and expected income. Plaintiff may not exclude requested information based on his determination that certain funds are required for his personal use. For these reasons, the Court DENIES WITHOUT PREJUDICE the IFP Application. If Plaintiff elects to file an amended pleading, he must concurrently file an IFP Application that contains complete and accurate responses to all questions <u>or</u> he must pay the applicable filing fee.

C. <u>Request for Temporary Restraining Order/Injunctive Relief</u>

To the extent the Court has construed the Complaint as additionally requesting a temporary restraining order, it is DENIED.  There being no operative pleading remaining, the Court is unable to grant injunctive relief.

If Plaintiff wishes to seek emergency injunctive relief in the future, he should file a separate motion that complies with all applicable rules.

CONCLUSION

In accordance with the foregoing, Court:  (1) DISMISSES the Complaint with leave to amend; (2) DENIES Plaintiff's IFP Application; and (3) DENIES emergency injunctive relief.

If Plaintiff elects to file an amended complaint, he must comply with the following requirements:

(1)   Plaintiff's deadline to file an amended complaint is **March 8, 2019**;

(2)   Plaintiff's amended complaint should be titled "First Amended Complaint";

(3)   Plaintiff must cure the deficiencies identified above; and

(4)   Plaintiff must file an IFP Application with the amended complaint <u>or</u> pay the applicable filing fee.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order <u>and</u> file an IFP Application or pay the applicable filing fee will result in the automatic dismissal of this action.

The Clerk of Court is directed to serve a copy of this order via email to Plaintiff's email address on record.[2]

IT IS SO ORDERED.

DATED:   Honolulu, Hawai'i, February 8, 2019.



Jill A. Otake
United States District Judge

CIVIL NO. 19-00065 JAO-RLP; *STONE V. UNITED STATES EMBASSY TOKYO, et al.*; ORDER (1) DISMISSING COMPLAINT; (2) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS; AND (3) DENYING EMERGENCY INJUNCTIVE RELIEF

---

[2]  Plaintiff is advised that service by email is limited to this instance because of the urgency of his situation.  Ordinarily, service would be made by regular mail.  Service by electronic means requires a formal request and approval by the Court.