IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JACK STONE, | ) | CIVIL NO. 19-00065 JAO-RLP |
| | ) | |
| Plaintiff, | ) | ORDER VACATING JUDGMENT AND |
| | ) | GRANTING PLAINTIFF'S |
| vs. | ) | APPLICATION TO PROCEED IN |
| | ) | FORMA PAUPERIS |
| UNITED STATES EMBASSY TOKYO; UNITED STATES DEPARTMENT OF STATE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER VACATING JUDGMENT AND GRANTING PLAINTIFF'S
APPLICATION TO PROCEED IN FORMA PAUPERIS

On April 1, 2019, the Court issued an Order Denying Without Prejudice Application to Proceed In Forma Pauperis ("Order").  ECF No. 14.  The Court ordered pro se Plaintiff Jack Stone ("Plaintiff") to file a new Application to Proceed In Forma Pauperis ("IFP Application") by May 1, 2019, emphasizing that the Application must be <u>received</u> by the deadline.  The Court cautioned Plaintiff that his failure to timely file an IFP Application or pay the applicable filing fee would result in the automatic dismissal of the action.

Having not received any filing from Plaintiff by May 7, 2019, the Court dismissed the action without prejudice pursuant to Federal Rule of Civil Procedure ("FRCP") 41(b) and judgment entered the same day.  ECF Nos. 15, 16.

A. <u>IFP Refiling and Response</u>

On May 15, 2019, Plaintiff filed a document titled "IFP Refiling and Response to (DE 14)," as well as an IFP Application. ECF Nos. 17, 18. In the Response, Plaintiff claims that he did not receive the Order until April 27, 2019. He asserts that his Response is timely if mailed on or before May 1, 2019. The Court disagrees. The Court expressly addressed this issue in its Order due to Plaintiff's prior tardiness, and mandated that a new IFP Application be <u>received</u>, not mailed, by May 1, 2019.

Plaintiff also complains that he has provided the Court with courtesy email copies,[1] but it has rejected his email submissions even though it would accept email courtesy copies from attorneys. As explained in its March 4, 2019 Entering Order, the Court's email inbox "shall not be used for submitting correspondence to the court." ECF No. 8 (citing Local Rule 100.8.3). Its use is limited to proposed orders and stipulations, none of which Plaintiff has submitted. This rule applies with equal force to attorneys. No attorneys are permitted to file documents through the Court's email or to submit electronic courtesy copies via email or otherwise. Local Rule 7.7 (requiring two hard courtesy copies of certain filed documents; noting that courtesy copies for documents filed in hard copy must be received at the time the original document is filed; and requiring courtesy copies of

---

[1] Plaintiff did not submit email copies of his Response or IFP Application.

electronically filed documents to be mailed from out-of-state "no later than the business day after filing using 'overnight' or 'next day' priority").

Moreover, those attorneys who utilize CM/ECF (which is not email) are authorized users of the system because they have undergone necessary training and are properly registered, whereas Plaintiff is not. Plaintiff is not excepted from rules and obligations due to his pro se status. Local Rule 83.13. The Court previously explained that service by electronic means requires a formal request and approval by the Court. ECF No. 6 at 8 n.2. The same is true if Plaintiff wishes to utilize CM/ECF for filing.

These issues notwithstanding, the Court accepts Plaintiff's representation in this limited instance that he did not receive the Order until April 27, 2019 and was therefore unable to timely respond.[2] As a result, the Court HEREBY VACATES the dismissal of this action and the entry of judgment.

The Court declines to act on the emergency identified in the Response, as it is not a properly presented motion. The Court has previously explained that Plaintiff must file a separate motion that complies with all applicable rules if he wishes to seek injunctive relief. ECF No. 6 at 7.

---

[2] Plaintiff is cautioned that the Court will not tolerate his continued habitual tardiness. Violations of deadlines and orders provide bases to impose sanctions, including but not limited to dismissal.

B. <u>IFP Application</u>

Plaintiff has renewed his request to proceed in forma pauperis. A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

Plaintiff's IFP Application sufficiently demonstrates the requisite poverty to obtain in forma pauperis status. Accordingly, the Court GRANTS the IFP Application and authorizes Plaintiff to proceed in forma pauperis.

## CONCLUSION

In accordance with the foregoing, Court (1) VACATES the judgment and dismissal of this action and (2) GRANTS Plaintiff's IFP Application.

IT IS SO ORDERED.

DATED:   Honolulu, Hawai'i, May 22, 2019.

Jill A. Otake
United States District Judge

CIVIL NO. 19-00065 JAO-RLP; *STONE V. UNITED STATES EMBASSY TOKYO, et al*.; ORDER VACATING JUDGMENT AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS