**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JACK STONE,<br>*Plaintiff*,<br>v.<br>U.S. EMBASSY TOKYO, *et al.*,<br>*Defendants*. | Civil Action No. 19-3273 (RC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**JOINT MOTION TO STAY PROCEEDINGS**

*Pro Se* Plaintiff Jack Stone and Defendants the United States Department of State ("Department of State") and the United States Embassy in Tokyo, Japan ("U.S. Embassy"), through undersigned counsel, jointly request that the Court enter the proposed order filed herewith to temporarily stay proceedings in this matter.

This action was ordered transferred to this Court from the District of Hawaii on October 28, 2019. *See* ECF No. 64 at 19. The operative complaint is the Second Amended Complaint (ECF No. 39), which alleges a single claim concerning the Department of State's adjudication and denial of an application that Plaintiff submitted on behalf of his minor child, M.S., for a United States passport.[1] Defendants have responded to Plaintiff's Second Amended Complaint by filing an Answer (ECF No. 88) and, absent a stay, intend to file a forthcoming motion for summary judgment with respect to the claim asserted therein.

[1] With respect to that claim, the District Court for the District of Hawaii found that Plaintiff satisfied the conditions necessary for the Administrative Procedure Act to waive sovereign immunity for Plaintiff's claim, and that judicial economy would be served "by allowing this action to proceed in the District of Columbia so that the substantive issues c[ould] be addressed on their merits." ECF No. 64 at 17.

Subsequent to the transfer of this case from the District of Hawaii, Plaintiff also filed various additional pleadings and motions which Defendants construed as motions for leave to amend or supplement the Second Amended Complaint to include: (1) a request for an order for M.S.'s return to the United States under the Hague Convention of 25 October 1980 on the Civil Aspects of International Child Abduction (ECF Nos. 72, 78); (2) a motion to compel United States citizenship for Plaintiff's alleged second minor child, S.S. (ECF Nos. 73, 79); (3) claims pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act (ECF No. 81); and (4) a motion to compel the issuance of Plaintiff's wife's immigrant visa (ECF No. 82). On January 23, 2020, Defendants filed an opposition requesting that the Court deny Plaintiff's motions for leave to amend or supplement as futile. *See* ECF No. 89.

Since February 4, 2020, Plaintiff and undersigned counsel have communicated and Plaintiff has stated his intent to complete in the near term the additional steps necessary for Plaintiff's wife to make an immigrant visa application to the Department of State. Once Plaintiff's wife's immigrant visa application is complete, the Department of State will process the application. Plaintiff has also indicated that it may be possible to submit a new passport application on behalf of M.S. with both parents' signatures. In order to allow further time for the completion of the visa application and processing, and for Plaintiff to execute a new passport application for M.S. with both parents' signatures, the parties respectfully request a stay of proceedings at this time. The parties agree that under these circumstances, a temporary stay of proceedings would be beneficial in order to determine whether this matter can be resolved without additional motions practice and the Court's intervention.

This Court has broad discretion to stay proceedings given that it is "inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Rather than expend the Court's and the parties' resources litigating an agency determination that may be rendered moot by the outcome of a second adjudication, the parties respectfully request that this matter be stayed. A stay would also allow further time for resolution of the pro bono appointment process that is currently pending. *See* ECF No. 75. Thus, the interests of efficiency and judicial economy weigh in favor of staying this action at this time. For the foregoing reasons, the parties respectfully request a stay of proceedings.

Respectfully submitted,

*/s/ Jack Stone*
Jack Stone
Maison Sato #101
2-2-15 Tsunogoro
Aobaku, Sendaishi
Japan
Miyagiken 9800874
81 0222674911
mail@stackjones.com

*Pro Se Plaintiff*

TIMOTHY J. SHEA, D.C. Bar #437437
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: */s/ Katherine B. Palmer-Ball*
KATHERINE B. PALMER-BALL
D.C. Bar #1014003
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: (202) 252-2537
Fax: (202) 252-2599
katherine.palmer-ball@usdoj.gov

*Counsel for Defendants*

Dated: February 12, 2020