UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK STONE,<br><br>      *Plaintiff*,<br><br>      v.<br><br>U.S. EMBASSY TOKYO, *et al.*,<br><br>      *Defendants*. | Civil Action No. 19-3273 (RC) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION FOR LEAVE TO SUBMIT SPECIFIC PORTIONS OF
THE ADMINISTRATIVE RECORD *EX PARTE* AND *IN CAMERA* OR, IN THE
ALTERNATIVE, UNDER SEAL AND SUBJECT TO A PROTECTIVE ORDER**

Pursuant to Local Civil Rule 5.1(h), Defendants, the United States Department of State (the "Department of State") and the United States Embassy in Tokyo, Japan, hereby respectfully move this Court for an Order granting leave to submit specific portions of the administrative record *ex parte* and *in camera* or, in the alternative, under seal and subject to a protective order.  The administrative record in this case concerns Defendants' adjudication and denial of a passport application that Plaintiff submitted on behalf of his minor son, in the absence of consent from the child's mother.  *See* ECF No. 39.  Defendants respectfully request that the Court permit submission of certain portions of the administrative record *in camera* and *ex parte*.  While Defendants recognize that *in camera* and *ex parte* submissions are disfavored, Defendants make this request as to limited and specific sections of the administrative record and submit that good cause exists to prevent their disclosure because the designated portions of the record contain: (i) sensitive, non-public material not authorized under Department of State policy to be disseminated outside of the Department of State; and (ii) the names and individual contact information of Department of State employees.  *Cf. Gilmore v. Palestinian Interim Self-Government Auth.*, 843 F.3d 958, 967 (D.C.

Cir. 2016) (recognizing that *ex parte* submissions may be permitted in "extraordinary circumstances" where there is a "need for secrecy in light of the substantial adverse consequences of disclosure").[1]

## I. SELECT SENSITIVE BUT UNCLASSIFIED INFORMATION FROM THE FOREIGN AFFAIRS MANUAL

First, Defendants seek leave to submit limited and specific portions of a 17-page section of the U.S. Department of State Foreign Affairs Manual—8 FAM 502.5, concerning "Exigent or Special Family Circumstances"—and other limited sections of the administrative record summarizing the content of those portions of 8 FAM 502.5, *in camera* and *ex parte*. By way of background, Congress enacted Pub L. 106-113 on November 29, 1999, requiring the Secretary of State to enact regulations to carry into effect the requirement that both parents or legal guardians consent to the issuance of a passport for any child under age 14 (which was subsequently amended to age 16), and provided that the Secretary may allow for certain narrow exceptions to this requirement including for "special family circumstances" and/or "exigent circumstances." *See* https://www.govinfo.gov/content/pkg/PLAW-106publ113/html/PLAW-106publ113.htm at Sec. 236. Those regulations are found at 22 C.F.R. § 51.28(a), and give effect to the express will of Congress that the default rule be for both parents to consent to the issuance of a passport for a minor unless one of the narrow exceptions applies. Plaintiff asserts "that 'exigent' and 'special family circumstances' exist in this case within the meaning of 22 C.F.R. § 51.28(a)(5) such that the U.S. Embassy may and must re-issue the son's U.S. passport based on the sole authorization

---

[1] Defendants will redact this information from the administrative record filed with the Court under seal and shared with Plaintiff, until such time as the Court rules on this motion. Should the Court deny Defendants' motion, Defendants will then provide Plaintiff with the unredacted material.

of Plaintiff, because the Mother's consent is difficult to obtain and even her own attorney does not appear to know her mind." ECF No. 39 ¶ 28.

The Department of State's Foreign Affairs Manual ("FAM") and associated Handbooks contain the Department's policies and procedures that govern the agency's operations, including the Foreign Service. *See* Ex. A ¶ 3. Volume 8 of the FAM ("8 FAM") relates to passports and consular reports of birth abroad. *See* https://fam.state.gov/Fam/FAM.aspx?ID=08FAM. While certain sections of 8 FAM are publicly available, many are not. *Id.* As relevant here, the sections of 8 FAM concerning the special family and exigent circumstances exceptions to the two-parent consent requirement, both of which were included at 8 FAM 502.5 as of the date that the passport application at issue in this case was denied, are not publicly available, and some portions are designated Sensitive But Unclassified ("SBU"). *See* Ex. A ¶¶ 4-5.

SBU information is defined in Volume 12 of the FAM, at Section 13, as "[i]nformation which, either alone or in the aggregate, meets any of the following criteria and is deemed sensitive by the Department, and must be protected in accordance with the magnitude of its loss or harm that could result from inadvertent or deliberate disclosure, alteration, or destruction of the date," including as relevant here "[i]nformation that could be manipulated to commit fraud." *See* https://fam.state.gov/FAM/12FAM/12FAM0010.html. Details concerning the (i) scope, (ii) access, dissemination, and release, and (iii) handling procedures applicable to SBU information are set forth in Volume 12 of the FAM, Section 540. *See* https://fam.state.gov/FAM/12FAM/12FAM0540.html. Section 541(a) explains that:

> Sensitive but Unclassified (SBU) information is information that is not classified for national security reasons, but that warrants/requires administrative control and protection from public or other unauthorized disclosure for other reasons. SBU should meet one or more of the criteria for exemption from public disclosure under the Freedom of Information Act (FOIA) (which also exempts information protected

3

under other statutes), 5 U.S.C. 552, or should be protected by the Privacy Act, 5 U.S.C. 552a.

*Id.* Section 541(b) confirms that types of unclassified information to which SBU is typically applied include all FOIA exempt categories, and Section 543(a) instructs that "[a]ll [Department of State] employees will limit access to protect SBU information from unauthorized or unintended disclosure." *Id.*

As the attached Declaration of Paul Peek, Director of the Office of Adjudications within the Passport Services Directorate of the Department of State's Bureau of Consular Affairs, makes clear, the section of the FAM relevant here is not publicly available, and some portions are marked SBU. *See* Ex. A ¶ 5. The Department of State has conducted a line by line review of the SBU material within the 17-page FAM section at issue, and while Defendants respectfully request leave to submit the remainder of the non-public FAM section—8 FAM 502.5, *see* AR 1260-1276—under seal, Defendants additionally seek leave to submit only the subset of the specific SBU information contained within which could provide the public with information that could aid applicants seeking to circumvent the two-parent consent requirement *in camera* and *ex parte*. Thus, Defendants respectfully seek leave to submit *ex parte* and *in camera* (i) the limited and specific portions of the relevant FAM section that are designated SBU and the disclosure of which could provide the public with information that could aid applicants seeking to circumvent the two-parent consent requirement, and (ii) the portions of other documents within the administrative record summarizing that same content.[2] Defendants estimate that this impacts only approximately

---

[2] Defendants note that they have also redacted as irrelevant certain portions of the FAM section with have no bearing on this case—for example, guidance applicable to situations where one of the custodial parents at issue is incarcerated. Further, for the portion of the administrative record that consists of a FOIA response, the redactions applied during FOIA processing appear within the record. (AR 549-1259.)

twenty pages of the more than 1,000 page administrative record. Those specific portions of the SBU material within the FAM section "which include examples to guide the U.S. Department of State's determination of whether the special family or exigent circumstances exceptions were met" in connection with a passport application for a minor where both parents have not consented to the passport's issuance, "if made public, could provide a roadmap for the public to circumvent the two-parent consent requirement by making false or misleading statements designed to increase the chances that the Department will determine an exception applies, and impede the U.S. Department of State's need to ensure all custodial parents consent to the issuance of a U.S. passport to a minor child unless one of the narrow exceptions are proven by the applying parent." *Id.* ¶ 7. Given Congress's determination that both parents' consent should be obtained in order to issue a passport to a minor, the "exceptions to the two-parent consent requirement are applied narrowly to ensure that the important anti-fraud and anti-international child abduction concerns underlying the two-parent consent requirement are not undermined." *Id.* ¶ 2.

Defendants submit that this information would be protected from disclosure to the public under Exemption 7(E) of the Freedom of Information Act, given that dissemination of the information "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). The D.C. Circuit has made clear that "Exemption 7(E) sets a relatively low bar for the agency to justify withholding: 'Rather than requiring a highly specific burden of showing how the law will be circumvented,' this exemption 'only requires that the agency demonstrate logically how the release of the requested information might create a risk of circumvention of the law.'" *Blackwell v. FBI,* 646 F.3d 37, 42 (D.C. Cir. 2011) (quoting *Mayer Brown LLP v. IRS*, 562 F.3d

1190, 1194 (D.C. Cir. 2009)).  The exemption applies in both civil and criminal matters.  *See Mapother v. Dep't of Justice*, 3 F.3d 1533, 1540-41 (D.C. Cir. 1993) ("the undisputed rule is that Exemption 7 applies to civil and regulatory proceedings as well as to criminal matters") (internal quotations omitted).  "Courts have held that information pertaining to law enforcement techniques and procedures properly is withheld under Exemption 7(E) where disclosure reasonably could lead to circumvention of laws or regulations."  *Skinner v. U.S. Dep't of Justice*, 893 F. Supp. 2d 109, 112 (D.D.C. 2012).

Indeed, another Court within this District upheld the Department of State's invocation of Exemption 7(E) with respect to "a computer printout from a secure [Department of State] passport database" which was "prepared in connection with an investigation into the abduction of [the plaintiff's] minor daughter" and contained "details of a law enforcement technique used to alert other federal agencies . . . about pending fugitive investigations and the cross-border movement of abducted minors."  *Lazaridis v. U.S. Dep't of State*, 958 F. Supp. 2d 206, 207 (D.D.C. 2013) (internal quotations omitted).  The Court observed that the details were not well-known to the public and, if disclosed, "could provide wrongdoers with information that could be used to avoid detection."  *Id.; see also Mobley v. CIA*, 924 F. Supp. 2d 24, 63-64 (D.D.C. 2013) (upholding the Department of State's use of Exemption 7(E) with respect to sensitive details about name check databases and name check procedures that are not publicly known); *Morley v. CIA*, 508 F.3d 1108, 1129 (D.C. Cir. 2007) (affirming CIA's invocation of Exemption 7(E) to prevent release of techniques and procedures pertaining to background investigations conducted to determine suitability for security clearances); *Techserve Alliance v. Napolitano*, 803 F. Supp. 2d 16, 29 (D.D.C. 2011) (allowing withholding in the context of prevention of immigration fraud of "selection criteria, fraud indicators, and investigative process" . . . "use[d] in fraud investigations

during the H-1B visa process"). The exemption has also been found to apply to "operational guidelines and procedures." *Mosby v. U.S. Marshals Serv.*, No. 04-2083, 2005 WL 3273974, at *5 (D.D.C. Sept. 1, 2005); *see also Muslim Advocates v. U.S. Dep't of Justice*, 833 F. Supp. 2d 106, 109 (D.D.C. 2012) (protecting portions of FBI's Domestic Investigations and Operations Guide that would reveal circumstances under which investigations are or are not approved, and which particular investigative activities are or are not allowed in context of particular investigations, because such information could allow wrongdoers to alter behavior to avoid detection by law enforcement officers).

In this case, disclosure of the information at issue could lead to the circumvention of the Department of State's regulations putting into effect Congress's mandate that both parents (or legal guardians) consent to the issuance of a passport to a minor, as it could aid applicants seeking to fraudulently set forth information in an effort to satisfy one of the narrow exceptions to this requirement, and ultimately could facilitate an international child abduction which the regulations seek to prevent. Because disclosure of this information may enable individuals to manipulate the facts and evidence they present to the Department in order to fraudulently secure passports for minors or otherwise compromise anti-international child abduction efforts, Defendants submit that good cause exists for the specific FAM segments and the portions of other records summarizing the same to be submitted *in camera* and *ex parte* given their sensitive nature in order to ensure that their confidentiality is preserved, particularly in light of the substantial adverse consequences disclosure could cause.

Defendants recognize that presenting evidence *ex parte* and *in camera* in support of their position on the merits of a civil case is strongly disfavored, however specific factors in this case weigh in Defendants' favor. First, while the sections Defendants seek to submit *ex parte* and *in*

7

*camera* are properly part of the administrative record, they are by no means the only evidence Defendants will present, and it is Defendants' position that the remainder of the administrative record independently sufficiently supports their position that summary judgment should be granted for Defendants.  Second, Defendants believe that Plaintiff in this matter has proven himself to be erratic and threatening, *see* Ex. B ¶ 5, such that additional measures to protect disclosure of sensitive information are warranted here.  Plaintiff's behavior gives Defendants grave concern that any sensitive information Plaintiff obtains in this matter will be misused, published, or otherwise used out of context in a way meant to bring harm to the Department of State and others (such as other custodial parents who may wish to withhold consent with respect to the issuance of a passport for their minor children).

In the alternative, if the Court is not inclined to permit submission of these portions of the administrative record *in camera* and *ex parte*, Defendants respectfully request that the materials be maintained under seal and subject to a strict protective order.  In *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), the D.C. Circuit laid out a six part test concerning whether court records should be maintained under seal: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.  *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996).  While there is a presumption in favor of public access to judicial proceedings, Defendants submit that the interest in preserving the confidentiality of the portions of the administrative record described herein outweighs that presumption given the importance of maintaining the material as not for public disclosure.

With respect to the first and sixth *Hubbard* factors, Defendants submit that there is not a need for public access to the documents at issue, despite their purpose in forming part of the administrative record, given that other material in the administrative record independently supports the denial at issue. The second *Hubbard* factor weighs strongly in favor of sealing the information, given that the information is non-public and has not been previously disclosed. With regard to the third *Hubbard* factor, the Department of States strongly objects to the disclosure of this internal government information, and maintaining the information as non-public is critical to achieving the objectives of the two-parent consent requirement in light of important anti-fraud and anti-international child abduction concerns. If this information is made public through, for example, intentional or inadvertent disclosure by Plaintiff, then the consequences will be severe in that those seeking passports on behalf of minor children without both parents' consent could circumvent the important regulations in place seeking to ensure that any exception to the two-parent consent requirement is only permitted in narrow circumstances. As to the fourth factor, as noted the information is internal proprietary information of the Department of State. Finally, regarding the fifth factor, Defendants submit that Plaintiff will not be prejudiced given that, again, other portions of the administrative record independently support Defendants' denial. In sum, while Defendants strongly believe that it is important in this case to solely submit this particular information to the Court *in camera* and *ex parte*, in the alternative placing the information under seal is appropriate. Defendants also believe that the additional protection of a protective order is necessary with respect to this information, to attempt to prevent disclosure of the information. Defendants note, however, that given that Plaintiff is located outside of the Court's jurisdiction, any sanction for violation of a Court-issued protective order may be an ineffective deterrent or remedy.

## II.   NAMES AND INDIVIDUAL CONTACT INFORMATION OF DEPARTMENT OF STATE EMPLOYEES

Second, Defendants also seek leave to submit the names and individual contact information of Department of State employees appearing in the administrative record *in camera* and *ex parte*. As noted in the attached Declaration of Scott Renner, Acting Managing Director of Overseas Citizens Services within the Department of State's Bureau of Consular Affairs, there are several reasons in this case why redacting this information from the publicly-filed administrative record and the copy of the administrative record that is provided to Plaintiff is warranted. *See* Ex. B. Analogizing to the FOIA context, were Plaintiff or a member of the public to seek such information it would be exempt under Exemption 6, which allows agencies to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

As explained in the Declaration of Scott Renner, Department of State employees have a heightened privacy interest here in that they have already been subject to harassment and received threats from Plaintiff in connection with this case. *See* Ex. B ¶ 5. Disclosing their personal information could unnecessarily expose these individuals to harm. Moreover, specific employee information is not a critical component of the administrative record and is not necessary to determine whether or not Defendants acted lawfully in denying the passport application submitted by Plaintiff. In addition, disclosure of an individual's email address could subject that individual and the Department of State as a whole to cybersecurity vulnerabilities. *Id*. ¶ 6. Under these circumstances, Defendants submit that good cause exists warranting submission of this information *in camera* and *ex parte* in light of the serious nature of the potential effects of disclosure. In the alternative, Defendants respectfully request that the information be maintained

under seal and subject to a protective order (though, as noted above, Defendants have concerns about whether a protective order would be effective in this matter).

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court grant Defendants' motion for leave to submit specific sections of the administrative record *in camera* and *ex parte* or, in the alternative, under seal and subject to a protective order. Defendants also respectfully request leave to submit the remainder of the non-public FAM section—8 FAM 502.5, *see* AR 1260-1276—under seal.

Dated: May 29, 2020                     Respectfully submitted,

                                              MICHAEL R. SHERWIN
                                              Acting United States Attorney

                                              DANIEL F. VAN HORN, D.C. Bar #924092
                                              Chief, Civil Division

By: */s/ Katherine B. Palmer-Ball*
     KATHERINE B. PALMER-BALL
     D.C. Bar #1014003
     Assistant United States Attorney
     555 Fourth Street, N.W.
     Washington, D.C. 20530
     Phone: (202) 252-2537
     katherine.palmer-ball@usdoj.gov

     *Counsel for Defendants*