# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jack Stone,<br><br>Plaintiff,<br><br>v.<br><br>United States Embassy, Tokyo, *et al.*,<br><br>Defendants. | ) | Civil Action No. 19-cv-3273 (RC) |

**DECLARATION OF SCOTT RENNER**

Pursuant to 28 U.S.C. § 1746, I, Scott Renner, do hereby declare and state as follows:

1. I am the Acting Managing Director of the Office of Overseas Citizens Services within the U.S. Department of State's Bureau of Consular Affairs. The Directorate of Overseas Citizens Services includes the Office of American Citizens Services and Crisis Management, which assists U.S. citizens overseas directly and through support to U.S. Embassies and Consulates abroad. My duties include ensuring that the Directorate of Overseas Citizens Services provides consistent and timely guidance to our overseas posts on issues affecting U.S. citizens overseas, including the provision of emergency services, the adjudication of passports, and the documentation of births and deaths of U.S. citizens overseas. Based on my professional skills, training, experience, responsibilities and personal knowledge, I have been designated to provide this declaration.

2. The statements I make in this declaration are based on my personal knowledge, which includes knowledge acquired through information furnished to me in the course of my

official duties as Acting Director of the Office of Overseas Citizens Services and agency files that I personally reviewed in the course of my official duties.

3. The Department of State (Department) has withheld the names of individual Department employees, including the names of consular officers, as well as their email addresses and phone numbers from the Administrative Record. Unlike, for example, public-facing Ambassadors, the names of these employees (as well as their individualized contact information) are not publicly available, and the Department believes that disclosure of this employee personally identifiable information (PII) would constitute an unwarranted invasion of privacy, particularly under the circumstances of this case. The right of these employees to have their identity withheld from disclosure outweighs the public interest, if any, in releasing their names.

4. In general, the identification of an individual in association with the performance of their duties at a government office or U.S. Embassy or Consulate abroad creates a safety threat and risks unwarranted attribution and attention to the employee beyond the confines of his or her job and into his or her personal life.

5. The Department has particular concerns about the release of this personal information in this case because Mr. Stone has used threatening and abusive language throughout the course of this action. For example, Mr. Stone has specifically referenced the possibility of his "resort[ing] to deadly force[.]" Docket 89-1 at p. 3. In Plaintiff's Motion for Clarification filed on April 27, 2020, Plaintiff wrote that "defendants better hope Plaintiff dies in a plane crash, or of a sudden heart attack, as if Plaintiff ever discovers he has a few months to live due to cancer . . . ." Docket 97 at p. 6. As another example, in his Motion to Compel Defendants to Release U.S. Citizen Jacob Wilson's Contact Information, Plaintiff described an American man who murdered his Japanese wife during a custody proceeding, and included pictures of the

murdered woman. He explained that "the attached exhibits are presented to show the plight of U.S. citizen parents, and the extent they will go to, to obtain justice for the wrongs committed against them by the nation of Japan regarding the abduction of their children." Docket 103 at p. 5. In addition to using inflammatory and threatening language in court proceedings, Mr. Stone has exhibited threatening behavior towards employees in my Office, U.S. Embassy Tokyo, and other Japanese and U.S. government offices. For example, one of my employees was uncomfortable enough to report a call to his supervisor after Mr. Stone made threats such as "You better pray I never see you in person," after a profane outburst about Department officials. Security at our Embassies and Consulates abroad is of the utmost concern for the Department and we take all threats, including those made by Mr. Stone, seriously.

6. Additionally, with regard to email addresses, disclosure of an individual's email address could subject that individual and the Department as a whole to cybersecurity vulnerabilities. If an employee's email address is publicized, malicious actors can engage in various forms of deception, such as phishing and spear-phishing, to manipulate the individual into divulging confidential work-related or personal information that such actors subsequently use for malicious purposes. Malicious actors may also engage in other tactics such as publishing individuals' private information, harassing individuals, and or sending ransomware, presenting additional cybersecurity threats for the Department.

Executed on this 29 day of May, 2020, in Washington, DC.

[signature] for S.R.

SCOTT RENNER
Acting Managing Director
Office of Overseas Citizen Services
United States Department of State