11.9.18.

RE: Consent to Family Law Jurisdiction of the United States, to the terms of The Hague Convention on Child Abduction, and Waiver of Rights in any Family Law Related matters within the Jurisdiction of Japan's Ministry of Justice; Family Court Division

My name is M[redacted] S[redacted] I'm a Japanese national, married to Jack Stone a U.S. citizen. We are both the biological, and legal parents, having equal custody of our minor child, M[redacted] S[redacted]

I M[redacted] S[redacted] will not engage in any activity that interferes with the parental rights of J[redacted] S[redacted]

In case of marital related disagreements, especially in regards to child custody, or where child abduction issues may arise, this document is to act as a waiver of rights to jurisdiction over marital, or child custody matters with Japanese officials, Japan's Ministry of Justice, including Japan's Family Court Division.

The reason for this waiver of rights is due to Japanese officials' undue prejudice toward non-Japanese parents and parental rights, and because of Japan's continuous violations of The Hague Convention on Child Abduction, and the rights of non-Japanese parents in regards to U.S. law.

M[redacted] S[redacted] agrees to consent to jurisdiction of both U.S. Family Court law, and the terms of the The Hague Convention on Child Abduction in case such matters arise during the course of marriage, or, until said child obtains the legal age status.

The ESIGN Act, provides electronic signatures the same legal status as handwritten signatures.

Signed,

s/M[redacted] S[redacted]
M[redacted] S[redacted]
[redacted]
Email: me_u_kis@yahoo.co.jp

"<me_u_kis@yahoo.co.jp>" <me_u_kis@yahoo.co.jp>
Re:
To: mail@stackjones.com
Envelope-To: mail@stackjones.com
X-Yahoo-Newman-Id: 746079.4059.bm@omp508.mail.kks.yahoo.co.jp
Domainkey-Signature: a=rsa-sha1; q=dns; c=nofws; s=yj20110701; d=yahoo.co.jp; h=Date:From:Message-ID:In-Reply-To:References:MIME-Version:Content-Type:Content-Transfer-Encoding;
b=HCLLSauVoiwdBfua7fqlComBA+ORN1+cttemnM9BVGuF63N304pTWDXePV7wdl7l q9pxN/
ubUrEvNs27wPrT+dYVyfbFmHlSqD8Tq9Yf8nlA4BPIXa0cPHvbzHHDCh2/QRo
DWBQsRdYfO6PzOA1RJuaYw8ENwzdZpixdDYATSw4=;
<C289DB8C-50C1-419F-B94B-4DC7E293B00B@stackjones.com>
X-Spam-Bar: /
Return-Path: <me_u_kis@yahoo.co.jp>
Return-Path: <me_u_kis@yahoo.co.jp>
Mime-Version: 1.0
X-Yahoo-Newman-Property: ymail-3
Content-Length: 338
X-Ymail-Osg: rfgvNRYVM1kVXUbQB5oXleqCzJG5Z65lZDCAGbOQt8AKxTYGp9pJ9MAHT.IXPMj
0rCyZm53umRQEEmSUz_xD0rmH9taYntenR7LLrltq3fnQ3oU_7k9VyhZdHKeGhOpfsHWnJwPliku
8eeCo6sa7uJfdl51sCkY.XubeH1EPwksf3Wjvl8R4MgoNFuMOKhjsa8T0k9l8vN2kXAEMExebER.
upl8vClMfGiHWtqerwEmD9yh3hUSVN0thOPynT7wmo62FbT8qFSgl_AT59Gxel2afo6lRL0dVFPl
Pud8UvhHa3fvqemMiOriFXu2VDHpLXMcTEw_ld.y3X60m_TQJNw.flcTlhXTpLsDvVkd34UBzDLb .erazhFj_FGO
ULMP_tZHeJPStZb0TwX1DrESz_byfwLwWILxZysPWdt3X8rYv.DZvx6RDCYEBl8U
XOAHZ.qpk_OVYBxBdnh0h5HOUZTgl3CXLXK4iDZpDSlw0Rmjh7YdQpfDHmcrXmKTu95W2LnzbdaY
lTBoEXBXZ.qhDXWgdliHFYAUaMAhr8m0wwf1oWTMAuzgl0uYW37ZtZ1uWz6Q8OEDY8RfYDCgvKIV
wTZ65oXmxNt0v6tTNYkYLwc4St9ZYw7lTnAhayxBl
Content-Transfer-Encoding: 7bit
Delivery-Date: Mon, 14 Jan 2019 21:12:50 -0600
Dkim-Signature: v=1; a=rsa-sha256; q=dns/txt; c=relaxed/relaxed; t=1547521956; s=yj20110701; d=yahoo.co.jp; h=Date:From:To:Message-ID:In-Reply-To:References:Subject:MIME-Version:Content-Type:Content-Transfer-Encoding; bh=aLL2vh87Sbos2uNe/DXSfgCH6oSwej0HrgQQhP98YIE=;
b=gVQXUPrYoPfZZkrUMlu5jzXeRmfhKXLCP8tsGPruGmdYyFDJl/OjHU6H9YRNekDG
bmgzYDNtA8ztO0v5FLthz3UqibK3mqyEdTEe/xl8yn7elNYOluVdT8vCC8R1yXPp5w6 sPEtM/
c4kjofzAvgN6AJ0Rb64637nlt633SxZtdg=
<88589650.1801317.1547521955086.JavaMail.yahoo@mail.yahoo.co.jp>
<C289DB8C-50C1-419F-B94B-4DC7E293B00B@stackjones.com>
X-Spam-Status: No, score=0.4
X-Spam-Score: 4
Content-Type: text/plain; charset=UTF-8
X-Spam-Flag: NO
Delivered-To: mail@stackjones.com
Received: from box2035.bluehost.com by box2035.bluehost.com with LMTP id OAWvBLJPPVwQmQUAilphMQ for <mail@stackjones.com>; Mon, 14 Jan 2019 21:12:50 -0600
Received: from nh502-vm2.bullet.mail.kks.yahoo.co.jp ([183.79.56.147]:42397) by box2035.bluehost.com with smtp (Exim 4.91) (envelope-from <me_u_kis@yahoo.co.jp>) id 1gjF9k-001Xc9-VP for mail@stackjones.com; Mon, 14 Jan 2019 21:12:50 -0600
Received: from [183.79.100.141] by nh502.bullet.mail.kks.yahoo.co.jp with NNFMP; 15 Jan 2019 03:12:36 -0000
Received: from [183.79.101.121] by t504.bullet.mail.kks.yahoo.co.jp with NNFMP; 15 Jan 2019 03:12:36 -0000
Received: from [127.0.0.1] by omp508.mail.kks.yahoo.co.jp with NNFMP; 15 Jan 2019 03:12:36 -0000
Received: from jws702105.mail.ssk.yahoo.co.jp by sendmailws612.mail.ssk.yahoo.co.jp; Tue, 15 Jan 2019 12:12:36 +0000; 1547521956.158

you should leave Japan with M[redacted] then our problem will be solved.
I can't live together.
I can't fix this.
I can not fix this problem.

弁護士　須田　洋平/Yohei Suda, Avocat
〒160-0023　東京都新宿区西新宿3-9-14　インタービル6階
須田洋平法律事務所
Le Cabinet d'avocat Yohei Suda
6ème étage, Inter Building,
3-9-14 Nishi-Shinjuku, Shinjuku-ku,
Tokyo, 160-0023 Japon
Tél: +81 (0)3 63 00 44 52/Fax: +81 (0)3 63 00 44 53
Courriel: suda@suda-law.net
Site internet: http://www.suda-law.net

**Yohei Suda <suda@suda-law.net>**

Re: Embassy Appointment: 1-8-2019

To: [redacted]

Dear Mr. S[redacted],

Thank you very much for your e-mails.

I suggest that you should show to the Embassy the e-mail sent from your spouse that you may take your son to the United States.

Sincerely yours,

Yohei Suda

**Yohei Suda <suda@suda-law.net>**

Re: Rissho Kosei-Kai: Cult Religions Undue Influence on My Wife and Her Family

To: [redacted]

Dear Mr. S[redacted]
Thank you very much for a series of e-mails.
Given that you have the physical custody of your son and that you have proof that she agreed that you can take him to the United States, there is no Hague Convention issue as to bringing him back to the United States.

As you have the waiver form to keep you away from the Japanese jurisdiction, the remaining issue will be whether the United States Embassy will issue a new passport. Is it possible for you to apply for the Japanese visa alternatively? That is the second best option, it seems.

Sincerely yours,
Yohei Suda

18 U.S. Code § 1204 – International parental kidnapping

(a) Whoever removes a child from the United States, or attempts to do so, or retains a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3 years, or both.

(b) As used in this section–

(1) the term "child" means a person who has not attained the age of 16 years; and

(2) the term "parental rights", with respect to a child, means the right to physical custody of the child–
(A) whether joint or sole (and includes visiting rights); and
(B) whether arising by operation of law, court order, or legally binding agreement of the parties.
(c) It shall be an affirmative defense under this section that–

(1) the defendant acted within the provisions of a valid court order granting the defendant legal custody or visitation rights and that order was obtained pursuant to the Uniform Child Custody Jurisdiction Act or the Uniform Child Custody Jurisdiction and Enforcement Act and was in effect at the time of the offense;

(2) the defendant was fleeing an incidence or pattern of domestic violence; or

(3) the defendant had physical custody of the child pursuant to a court order granting legal custody or visitation rights and failed to return the child as a result of circumstances beyond the defendant's control, and the defendant notified or made reasonable attempts to notify the other parent or lawful custodian of the child of such circumstances within 24 hours after the visitation period had expired and returned the child as soon as possible.
(d) This section does not detract from The Hague Convention on the Civil Aspects of International Parental Child Abduction, done at The Hague on October 25, 1980.

(Added Pub. L. 103–173, § 2(a), Dec. 2, 1993, 107 Stat. 1998; amended Pub. L. 108–21, title I, § 107, Apr. 30, 2003, 117 Stat. 655.)

mail@stackjones.com
DEMAND NOTICE
To: "<me_u_kis@yahoo.co.jp>"
1.10.19.

You were contacted today, via telephone at 10:36AM, so as to address your failure to act accordingly in the matter of your parental duties to my minor child, M[illegible] S[illegible]. Your phone was turned off, which reflects that you continue to refuse to discuss this matter properly.

I have given you instructions to follow if you wish to continue to have parental rights. You have IGNORED those instructions numerous times.

DEMAND NOTICE:

1. Ship via COD, all of the property of J[illegible] S[illegible], and the property of my son, which is currently located at your parent's Yonezawa address. I, J[illegible] S[illegible], have communicated in regards to this matter with you numerous times, which you IGNORE. Your failure to address this matter is IMPROPER. ALL COSTS will be covered by Jack Stone, so there is no reason you are not complying with this request.

2. You MUST provide the addresses and telephone numbers of family members [illegible], and [illegible] your sisters. This information is REQUIRED because you have hidden my son at their homes in the past, including most recently Nov. - Dec. of 2018, after entering Japan with my son, unlawfully, and without my permission. The addresses and phone numbers will be verified, so as to ensure that what you provide is accurate.

3. You MUST immediately mail to my current address, my son's U.S. Passport, so he has proper identification, as is required by Japanese law, U.S. law, and international law. If you have destroyed my son's passport, you must tell me, so I can get a replacement issued by the U.S. Embassy in Tokyo.

As well, you have not seen your son since January 2nd 2019. Due to this fact, I have to bring my son to work every day, which causes great stress for my son, and for my company. I leave work at 9:00PM, and thereafter I have to take a train, and a bus, and then walk to the company housing I currently reside at. All week, my son gets home at almost 11PM, and then had to eat dinner, and take a bath. Under such circumstances, he cannot get to bed before midnight. Your actions amount to child endangerment and gross child neglect.

I have asked you to return the the company house, and be a caregiver for your minor child, and I have communicated this to you numerous times. You have FAILED to do so, including, several times, stating you would, setting appointment times for us to meet you, yet, you FAILED to show up, each and every time, which costs my son great pain and emotional suffering.

If you FAIL to follow the aforementioned instructions, I will be forced to file child abandonment proceedings, and have your parental rights REMOVED, in accordance to U.S. law, Japanese law, and International Law.

Let me make it CLEAR that I do not wish to file abandonment charges against you, but instead, wish to resolve this matter for the benefit of my son. Regardless, I will do file said charges, if you DO NOT initiate the steps required of you which are stated above.

J[illegible] S[illegible]

# Exhibit A

(Minor child's identifying information redacted to protect child's privacy.)



# Exhibits B



The entrance to the interior of the S[redacted] home is filled with work related hazardous items, including gasoline, and diesel fuel containers, which constantly emit toxic fumes.

Note: Petitioner's child's stroller placed adjacent to open diesel fuel containers.



The entrance to the interior of the S[redacted] home is filled with work related hazardous items, including gasoline, and diesel fuel containers, full and empty.

# Exhibits B (continued)



Hallway which is impassible, is a fire hazard.



Decades old tatami, filled with dust and dust mites, cause serious health issues for petitioner's minor child.

# Exhibits B (continued)



The condition of the interior of the S[redacted] home is not conducive for a child to reside in.



The S[redacted] home is a business location, filled with fire hazards, and dangerous items a minor child should have no contact with. Paper, boxes and other combustible items are located throughout the home, in close proximity to flammable liquids. Plaintiff does not want his child in this home for any purposes whatsoever, as the conditions are unsafe.

# Exhibits B (continued)


The entire interior of the home is stuffed with hoarded items.


The entire interior of the home is stuffed with hoarded items.

# Exhibits C



Petitioner's study area for minor child at Japan residence.



Hallway and stairs of petitioner's temporary housing.

# Exhibits C (continued)



Petitioner's kitchen at Japan residence.



Minor child's birthday at petitioner's temporary housing.
Mother did not come to the birthday event.

# Exhibits D

(Christmas 2018 at petitioner's residence.)



Christmas 2018 at petitioner's Japan residence.



Christmas 2018 at petitioner's Japan residence.

# Exhibits D (continued)



Christmas 2018 at petitioner's Japan residence.



Christmas 2018 at petitioner's Japan residence.

**Child abandonment** is where a parent has left the child for a period of time without financial support or information regarding the parent's return.

State, and federal law set a minimum length of time that qualifies as abandonment.

Some laws also establish abandonment as a form of child neglect when the parent places the child in an unsafe situation with potential for serious harm.

M[redacted] S[redacted] has not seen her child since January 2nd 2019.

**U.S. DEPARTMENT OF STATE**
**U.S. Embassy Tokyo,**
**Unit 471 Box 1111**
**FPO, AP 96347 *or***
**1-10-5 Akasaka, Minato-ku, Tokyo 107-8420 JAPAN**

____________, 2019

Dear Mr. [redacted],

Thank you for your recent application. In order to continue processing your application, please return this letter with the following checked items:

- ☐ Original documents (English translations if necessary)
  - ☐ Consular Report of Birth Abroad
  - ☐ U.S. Birth Certificate (Must include parents' names, a seal, registrar's signature, and the date the certificate was filed with the registrar's office – hospital birth certificates & birth abstracts are not acceptable)
  - ☐ Local Japanese Birth Certificate
  - ☐ Marriage Certificate
- ☒ Original notarized parental consent DS-3053 form & photocopy of parent's ID (father/mother)
- ☐ Proof of parent's physical presence in the U.S.
- ☐ Proof of relationship (letters, e-mails, photos, etc.)
- ☐ Others: ______________________

**Please note that failure to submit the requested documents within 90 days from the day we accepted the application, or to inform us as to why you are unable to submit them in that time, will result in the forfeiture or denial of your application.** By law, application fees are non-refundable.

U.S. Embassy Tokyo, Passport Unit
1-10-5 Akasaka, Minato-ku,
Tokyo 107-8420
Tel: 03–3224–5000
E-mail: tokyoccu@state.gov

U.S. Embassy Tokyo, Passport Unit
PSC 471 Box 1111
FPO AP 96347
DSN Tel: 224-5000

**PLEASE RETURN A COPY OF THIS LETTER, ALONG WITH ALL REQUESTED INFORMATION TO THE ADDRESS LISTED ABOVE.**

**Signature of Consular Officer:** ______________________

*Embassy of the United States of America*

1-10-5 Akasaka Minato-ku, Tokyo, Japan

Date: June 4, 2019

Mr. J[redacted] S[redacted]
[redacted]

Dear Mr. J[redacted] S[redacted]

Thank you for applying for your child M[redacted] S[redacted]'s passport. Your child's passport application was submitted on February 8, 2019 at the American Embassy Tokyo. Since M[redacted] is under age 16, parent(s) or legal guardian(s) must execute the application on his behalf. An individual applying for a passport on behalf of a minor child must either obtain the consent of the non-applying parent or demonstrate sole authority to obtain a passport, as outlined in 22 C.F.R. 51.28. You submitted insufficient documentation to show sole authority to apply for, and receive your child's U.S. passport. Therefore, we are unable to issue the passport at this time and your child's application is denied. By law and per Department of State regulations, if additional evidence is not submitted within 90 days and the applicant has not requested additional time to submit such evidence, the application must be denied. The fee(s) are not refundable.

We will consider any evidence you may provide in the future. However, you will need to file a new application, submit all evidence and pay the appropriate fees.

Sincerely,

Passport Unit
U.S. Embassy Tokyo

**From:** [redacted]
**To:** Tokyo Consular ACS Officers DL; Tokyo Consular ACS SCS DL
**Subject:** Call from J S s brother
**Date:** Monday, November 05, 2018 8:18:42 PM

---

FYI –
I had an interesting call. On November 6, I received a call from someone who alleged to be J St s brother.
He wanted to obtain a police report regarding the incident J S was involved, and sought the Embassy's assistance. The brother said that he did not believe what J S has been insisting and thought that he needed to assist the "victim." When I asked if he has contacted his brother, he said that his brother is dangerous and he never wanted to contact his brother.
I explained about PAW and also informed him that generally the Japanese police does release the police report. I offered the number for the TMPD information and our list of lawyers but he said he did not need them if we cannot help him obtaining the police report.
I did not ask for the caller's name and contact information.

[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

**From:** [redacted]
**To:** Tokyo Consular ACS SCS DL; [redacted]
**Cc:** [redacted]
**Subject:** Re: FOIA request for S
**Date:** Sunday, December 02, 2018 9:14:01 PM

---

Good morning,

As you know, this FOIA request was received during our peak summer season, and we recently received authorization from the Department to proceed. [redacted] is the lead on this. Since the request includes documents and communications with both ACS and Visa units, this will be a joint effort.

[redacted] will schedule a brief meeting in the next day or so to review the best way to approach this process, since we have already have identified a significant number of documents and communications on our side of the house. Please review the tasking summary below before attending the meeting.

Thank you for your assistance with this,

[redacted]

---

Records requested:

> The requestor wants ALL RECORDS the DOS has in their possession related to the matters provided in the May 1st 2017 communication, and which is also attached herein. The requested information includes ALL communications, records, photographs, and documents that took place between the U.S. Embassy/Consulate in Tokyo with the Narashino Detention Center, Chiba Prison, Chiba prosecutors, and Chiba District Court, **that took place between 2013 and 2104**. This includes ANY COMMUNICATIONS, including photographic images of the requestor that took place between the Embassy/Consulates, management, and DOCTORS, including those doctors determination as to photographic images presented to doctors. Include communications made between the Consulate's office, the U.S. Embassy, and Chiba Prison warden, and Narashino Police Department Chief of Police, and attorneys.
>
> Further, include ALL RECORDS the exist between the Hodogaya Police Department, and the Kannai Prosecutors office that took place in **2017** with the U.S. Embassy, and Consulates in Tokyo. Include any communications that took place with any and all other government officials, including senators, or other officials within the U.S.

executive, judicial, or legislative body.

Include any and **ALL email, or mailed communications** between the requestor with the U.S. Embassy, and the Consulates office with the requestor, **regarding Passports, and Visa documentation related to the expedition of an 1-30 spouse visa**, where it was made known to the U.S. Embassy, and Consulates that Japanese officials were stalking, phoning, and harassing the requestor's family due to the case, Jack Stone, et al. vs. Keisei Electric Railway Company, et al. Case No. 1:17-CV-20694, being filed in U.S. Federal Court in the Southern District of Florida.

Files must be renamed using the following naming convention:

"Folder: F/P-XXXX-XXXXX [Requester] - [Search Officer's Last Name Submission]; Doc: YYYYMMDD Doc Description" (e.g. 20170101 DipNote)

*** Note: the 'Search Officer' is the one tasked with being responsible for the search and signing the Tasker when completed – i.e. [redacted]'.*

-

Instructions:

**The consular section, therefore, must conduct a search of consular files to determine whether there are documents that need to be reviewed and/or redacted** as part of the Department's effort to provide an appropriate response to the FOIA requester.

Please carefully search electronic and paper consular files for responsive documents. Do not check the Consular Consolidated Database (CCD). The assembly and processing of all records scanned into or contained in the CCD is being done by CA headquarters. Your search must include email and any attachments. Do not provide cables unless the Department is not an addressee.

**After documents have been retrieved, scan each document and arrange them in chronological order. Remove any duplicates, especially those that are part of email chains. Transmit only electronic versions of responsive document**s; do not send folders. Do not send PSTs.

[To transmit documents to CA/OCS, email them to our collective mailbox at CA-OCS-FOIA@state.gov]

If post requires additional guidance, please contact: [redacted]

**Official - SBU**

**From:** [redacted]
**To:** Tokyo Consular ACS Officers DL; Tokyo Consular ACS SCS DL
**Subject:** Possible child custody dispute: M[redacted] S[redacted]
**Date:** Friday, January 04, 2019 3:15:20 AM

---

FYI –

On January 4, 2019, we received a call from the mother, M[redacted] S[redacted] who lives in Yamagata.

According to Ms. S[redacted] her husband, J[redacted] S[redacted], left her on January 2 and moved to Sendai with the son, M[redacted] S[redacted]. When asked, Ms. S[redacted] said that she did not want to let the son go with her husband but had no choice. Ms. S[redacted] said that the family moved to the U.S. in March 2018 and Mr. S[redacted] came back to Yamagata on October 2018 to renew his spouse visa. Ms. S[redacted] and M[redacted] also returned to Yamagata in November 2018. Mr. S[redacted] found a job in Sendai and the company arranged a place to stay so he and his son moved to Sendai. Ms. S[redacted] called the Embassy to seek options to prevent Mr. S[redacted] to leave Japan with the son. Ms. S[redacted] said that Mr. S[redacted] had not clearly mentioned that he would take the son to the U.S. but hinted her in the past that he may take his son to the U.S.

Ms. S[redacted] and Mr. S[redacted] are still married. Ms. S[redacted] has M[redacted]'s U.S. passport. Mr. S[redacted] told her that he had misplaced M[redacted]'s Japanese passport when they were in the U.S., and M[redacted] entered Japan with his U.S. passport with a stamp issued by a Japanese consulate which indicates that he also has Japanese citizenship (?).

I explained about the two parent consent to obtain a U.S. passport and referred her to the U.S. passport alert program. I also encouraged her to consult with a Japanese lawyer if she wanted to take any actions about M[redacted]'s custody. I informed her of the Hague Convention Division at MOFA in case she wants to consult about the Hague Convention.

Child: M[redacted] S[redacted], DPOB: [redacted]
Mother (LBP): M[redacted] S[redacted] ([redacted]
Father (TP): J[redacted] S[redacted], DOB: [redacted] (Ms. S[redacted] does not have Mr. S[redacted]'s phone number)

[redacted]
**Official - Privacy/PII**
**UNCLASSIFIED**

**From:** [redacted]
**To:** [redacted] AskPPTAdjudication; [redacted]
**Cc:** [redacted] JapanIPCA; [redacted]
**Subject:** ACS case Tokyo
**Date:** Friday, January 4, 2019 9:59:50 AM

---

Hello all,

I took a call from J[redacted] S[redacted], who's in Japan, (DPOB: [redacted] this morning. He stated that he, his Japanese citizen wife and U.S. citizen son, M[redacted] (DOB: [redacted] had been living in Miami for a year. He said while he was in Japan in November renewing his Japanese spouse visa, his wife took their son from Miami to Japan without his permission. He said he decided to stay in Japan because his son is there, and got employment and is living in company housing in Sendai. He said after a month or so in Tokyo, his wife and son came to him in Sendai and she was helping to look for permanent housing. One day while S[redacted] was at work, his wife took the child to her parents' residence in Yonezawa. S[redacted] said that three days ago, he went to his in-laws home and he claims that his wife's family was violent toward him and tried to keep him from his son. He said he was able to leave the house with his son anyway, with only the clothes that the child was wearing. S[redacted] said his wife has taken all of their money and M[redacted]'s passport. He said he contacted the Embassy to request a passport and was told he would need both parent's signatures. S[redacted] also stated that his wife is going to try to get a divorce and he is worried he will lose custody of his son and lose his spouse visa.

S[redacted] said he's a lawyer and has written a motion for an emergency order to get an EPDP from the Embassy in Tokyo (or maybe the Consulate in Sapporo) and wants to know of a federal judge who could rule on the motion. I asked if he had contacts with family lawyers in Japan or Miami and he said no. He said he believes that he will not be treated fairly by the Japanese legal system.

I am worried about the child's safety as S[redacted] sounds erratic. It's possible the wife or wife's family have already contacted the police. S[redacted] stated he's worried about his son's safety since his son has no ID at the moment.

Contact information:
Phone: [redacted]
Email: mail@stackjones.com

PPT – can you email him information about getting a minor's passport please? Could you please BCC me on the email so I know it's been sent? I don't plan to contact him again since this seems to be an ACS and PPT issue, but it would not surprise me if he calls me again. Note: S[redacted] has already been in touch with Consulate Sapporo and there are notes in ACS+.

If you have any questions please let me know – [redacted].

Thank you,

[redacted]
Country Officer
Office of Children's Issues
Bureau of Consular Affairs
U.S. Department of State
[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

**From:** AskPPTAdjudication
**To:** [redacted] AskPPTAdjudication; [redacted]
**Cc:** [redacted] JapanIPCA; [redacted]
**Subject:** RE: ACS case Tokyo
**Date:** Friday, January 4, 2019 10:17:44 AM

---

Greetings,

Unfortunately we (PPT/A) do not have a public-facing email box and we do not reach out to applicants directly from this office. We normally direct Post to reach out to the applicant.

If Mr. S is concerned about his son traveling with the mother, Post could ask Mr. S if he would like to go through OCS/CI to place a C hold on the case for future issuances.

As you know, absent a C hold or court order providing for sole legal custody/permission for passport with 1PC there are instances where 2PC could be overridden with a DS-5525 under 8 FAM 502.5 Exigent or Special Family Circumstances, mainly when SBU FAM References [redacted]. The Embassy should have a list of English-speaking lawyers who may be able to assist if he goes the court order route.

Hope this is helpful,

[redacted]

[redacted]
Program Analyst
U.S. Department of State
Bureau of Consular Affairs, Passport Services
Office of Adjudication- Policy Division
Office: [redacted]
BB: [redacted]
Email: [redacted]

Privacy/PII
This email is UNCLASSIFIED.

---

**From:** [redacted]
**Sent:** Friday, January 04, 2019 10:00 AM
**To:** [redacted] AskPPTAdjudication; [redacted]
**Cc:** [redacted] JapanIPCA; [redacted]
**Subject:** ACS case Tokyo

Hello all,

I took a call from J S , who's in Japan, (DPOB: this morning. He stated that he, his Japanese citizen wife and U.S. citizen son, M (DOB: had been living in Miami for a year. He said while he was in Japan in November renewing his Japanese spouse visa, his wife took their son from Miami to Japan without his permission. He said he decided to stay in Japan because his son is there, and got employment and is living in company housing in Sendai. He said after a month or so in Tokyo, his wife and son came to him in Sendai and she was helping to look for permanent housing. One day while S was at work, his wife took the child to her parents' residence in Yonezawa. S said that three days ago, he went to his in-laws home and he claims that his wife's family was violent toward him and tried to keep him from his son. He said he was able to leave the house with his son anyway, with only the clothes that the child was wearing. S said his wife has taken all of their money and M 's passport. He said he contacted the Embassy to request a passport and was told he would need both parent's signatures. S also stated that his wife is going to try to get a divorce and he is worried he will lose custody of his son and lose his spouse visa.

S said he's a lawyer and has written a motion for an emergency order to get an EPDP from the Embassy in Tokyo (or maybe the Consulate in Sapporo) and wants to know of a federal judge who could rule on the motion. I asked if he had contacts with family lawyers in Japan or Miami and he said no. He said he believes that he will not be treated fairly by the Japanese legal system.

I am worried about the child's safety as S sounds erratic. It's possible the wife or wife's family have already contacted the police. S stated he's worried about his son's safety since his son has no ID at the moment.

Contact information:
Phone:
Email: mail@stackjones.com

PPT – can you email him information about getting a minor's passport please? Could you please BCC me on the email so I know it's been sent? I don't plan to contact him again since this seems to be an ACS and PPT issue, but it would not surprise me if he calls me again. Note: S has already been in touch with Consulate Sapporo and there are notes in ACS+.

If you have any questions please let me know – [redacted].

Thank you,

[redacted]
Country Officer
Office of Children's Issues
Bureau of Consular Affairs
U.S. Department of State
[redacted]

Official - Privacy/PII
UNCLASSIFIED

**From:** [redacted]
**To:** AskPPTAdjudication; [redacted]
**Cc:** [redacted] JapanIPCA; [redacted] Tokyo Consular ACS Officers DL
**Subject:** RE: ACS case Tokyo
**Date:** Friday, January 04, 2019 10:45:46 AM

---

Hi [redacted]

We were contacted by the child's mom today. She called the Embassy to inquire about ways to prevent Mr. S from leaving Japan with the son. Ms. S (mom) said that Mr. S had not specifically mentioned that he would take the son to the U.S. but hinted her in the past that he may take his son to the U.S. I think dad understands two-parent consent rules for US passports (he's already been told on the phone and requirements are clear on our website), but we can call him on Monday. Mom has the child's U.S. passport, but she's concerned he might might try to seek a replacement passport without her permission.

I'll forward you the notes/readout from call with mom today. I imagine they are already in ACS+ under WW for child. If not, we'll add the notes on Monday.

–[redacted]

---

**From:** AskPPTAdjudication <AskPPTAdjudication@state.gov>
**Date:** January 5, 2019 0:17:46 JST
**To:** [redacted] AskPPTAdjudication <AskPPTAdjudication@state.gov>, [redacted]
**Cc:** [redacted] JapanIPCA <JapanIPCA@state.gov>, [redacted]
**Subject:** RE: ACS case Tokyo

Greetings,

Unfortunately we (PPT/A) do not have a public-facing email box and we do not reach out to

applicants directly from this office. We normally direct Post to reach out to the applicant.

If Mr. S is concerned about his son traveling with the mother, Post could ask Mr. S if he would like to go through OCS/CI to place a C hold on the case for future issuances.

As you know, absent a C hold or court order providing for sole legal custody/permission for passport with 1PC there are instances where 2PC could be overridden with a DS-5525 under 8 FAM 502.5 Exigent or Special Family Circumstances, mainly when [redacted]. The Embassy should have a list of English-speaking lawyers who may be able to assist if he goes the court order route.

Hope this is helpful,

[redacted]

[redacted]

Program Analyst

U.S. Department of State

Bureau of Consular Affairs, Passport Services

Office of Adjudication- Policy Division

Office: [redacted]

BB: [redacted]

Email [redacted]

This email is UNCLASSIFIED.

---

**From:** [redacted]
**Sent:** Friday, January 04, 2019 10:00 AM
**To:** [redacted] AskPPTAdjudication; [redacted]
**Cc:** [redacted] JapanIPCA; [redacted]
**Subject:** ACS case Tokyo

Hello all,

I took a call from J[redacted] S[redacted], who's in Japan, (DPOB: [redacted] this morning. He stated that he, his Japanese citizen wife and U.S. citizen son, M[redacted] (DOB: [redacted] had been living in Miami for a year. He said while he was in Japan in November renewing his Japanese spouse visa, his wife took their son from Miami to Japan without his permission. He said he decided to stay in Japan because his son is there, and got employment and is living in company housing in Sendai. He said after a month or so in Tokyo, his wife and son came to him in Sendai and she was helping to look for permanent housing. One day while S[redacted] was at work, his wife took the child to her parents' residence in Yonezawa. S[redacted] said that three days ago, he went to his in-laws home and he claims that his wife's family was violent toward him and tried to keep him from his son. He said he was able to leave the house with his son anyway, with only the clothes that the child was wearing. S[redacted] said his wife has taken all of their money and M[redacted]'s passport. He said he contacted the Embassy to request a passport and was told he would need both parent's signatures. S[redacted] also stated that his wife is going to try to get a divorce and he is worried he will lose custody of his son and lose his spouse visa.

S[redacted] said he's a lawyer and has written a motion for an emergency order to get an EPDP from the Embassy in Tokyo (or maybe the Consulate in Sapporo) and wants to know of a federal judge who could rule on the motion. I asked if he had contacts with family lawyers in Japan or Miami and he said no. He said he believes that he will not be treated fairly by the Japanese legal system.

I am worried about the child's safety as S[redacted] sounds erratic. It's possible the

wife or wife's family have already contacted the police. S stated he's worried about his son's safety since his son has no ID at the moment.

Contact information:

Phone:

Email: mail@stackjones.com

PPT – can you email him information about getting a minor's passport please? Could you please BCC me on the email so I know it's been sent? I don't plan to contact him again since this seems to be an ACS and PPT issue, but it would not surprise me if he calls me again. Note: S has already been in touch with Consulate Sapporo and there are notes in ACS+.

If you have any questions please let me know – [redacted]

Thank you,

[redacted]

Country Officer

Office of Children's Issues

Bureau of Consular Affairs

U.S. Department of State

[redacted]

**Official - Privacy/PII**

**UNCLASSIFIED**

**From:** [redacted]
**To:** [redacted]
**Cc:** Tokyo Consular ACS Officers DL; Tokyo Consular ACS SCS DL
**Subject:** Fwd: Possible child custody dispute: M S
**Date:** Friday, January 04, 2019 10:47:43 AM

---

[redacted]

Here's the readout from call we received from mom today.

[redacted]

---

**From:** [redacted]
**Date:** January 4, 2019 17:15:20 JST
**To:** Tokyo Consular ACS Officers DL <TokyoConsularACSOfficersDL@state.gov>, Tokyo Consular ACS SCS DL <TokyoConsularACSSCSDL@state.gov>
**Subject:** Possible child custody dispute: M S

FYI –

On January 4, 2019, we received a call from the mother, M S who lives in Yamagata.

According to Ms. S her husband, J S , left her on January 2 and moved to Sendai with the son, M S . When asked, Ms. S said that she did not want to let the son go with her husband but had no choice. Ms. S said that the family moved to the U.S. in March 2018 and Mr. S came back to Yamagata on October 2018 to renew his spouse visa. Ms. S and M also returned to Yamagata in November 2018. Mr. S found a job in Sendai and the company arranged a place to stay so he and his son moved to Sendai. Ms. S called the Embassy to seek options to prevent Mr. S to leave Japan with the son. Ms. S said that Mr. S had not clearly mentioned that he would take the son to the U.S. but hinted her in the past that he may take his son to the U.S.

Ms. S and Mr. S are still married. Ms. S has M 's U.S. passport. Mr. S told her that he had misplaced M 's Japanese passport when they were in the

U.S., and M[redacted] entered Japan with his U.S. passport with a stamp issued by a Japanese consulate which indicates that he also has Japanese citizenship (?).

I explained about the two parent consent to obtain a U.S. passport and referred her to the U.S. passport alert program. I also encouraged her to consult with a Japanese lawyer if she wanted to take any actions about M[redacted]'s custody. I informed her of the Hague Convention Division at MOFA in case she wants to consult about the Hague Convention.

Child: M[redacted] [redacted] S[redacted], DPOB: [redacted]

Mother (LBP): M[redacted] S[redacted] ([redacted]

Father (TP): J[redacted] S[redacted], DOB: [redacted] (Ms. S[redacted] does not have Mr. S[redacted]'s phone number)

[redacted]

**Official - Privacy/PII**

**UNCLASSIFIED**

**From:** [redacted]
**To:** [redacted]
**Cc:** JapanIPCA; [redacted]
**Subject:** RE: ACS case Tokyo
**Date:** Friday, January 4, 2019 10:48:01 AM

---

[redacted] -

We just found the notes in ACS+ so no need. [redacted] is going to let him know that post will contact him about the two-parent consent issue and we will let our OCS duty officer know that he may be calling over the weekend.

Thanks!

[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

---

**From:** [redacted]
**Sent:** Friday, January 04, 2019 10:46 AM
**To:** AskPPTAdjudication; [redacted]
**Cc:** [redacted] JapanIPCA; [redacted] Tokyo Consular ACS Officers DL
**Subject:** RE: ACS case Tokyo

Hi [redacted]:

We were contacted by the child's mom today. She called the Embassy to inquire about ways to prevent Mr. S from leaving Japan with the son. Ms. S (mom) said that Mr. S had not specifically mentioned that he would take the son to the U.S. but hinted her in the past that he may take his son to the U.S. I think dad understands two-parent consent rules for US passports (he's already been told on the phone and requirements are clear on our website), but we can call him on Monday. Mom has the child's U.S. passport, but she's concerned he might might try to seek a replacement passport without her permission.

I'll forward you the notes/readout from call with mom today. I imagine they are already in ACS+ under WW for child. If not, we'll add the notes on Monday.

–[redacted]

---

**From:** AskPPTAdjudication <AskPPTAdjudication@state.gov>
**Date:** January 5, 2019 0:17:46 JST
**To:** [redacted] AskPPTAdjudication <AskPPTAdjudication@state.gov>, [redacted]
**Cc:** [redacted] JapanIPCA <JapanIPCA@state.gov>, [redacted]
**Subject:** RE: ACS case Tokyo

Greetings,

Unfortunately we (PPT/A) do not have a public-facing email box and we do not reach out to applicants directly from this office. We normally direct Post to reach out to the applicant.

If Mr. S is concerned about his son traveling with the mother, Post could ask Mr. S if he would like to go through OCS/CI to place a C hold on the case for future issuances.

As you know, absent a C hold or court order providing for sole legal custody/permission for passport with 1PC there are instances where 2PC could be overridden with a DS-5525 under 8 FAM 502.5 Exigent or Special Family Circumstances, mainly when [redacted] The Embassy should have a list of English-speaking lawyers who may be able to assist if he goes the court order route.

Hope this is helpful,
[redacted]

[redacted]
Program Analyst
U.S. Department of State
Bureau of Consular Affairs, Passport Services
Office of Adjudication- Policy Division
Office: [redacted]
BB: [redacted]
Email: [redacted]

Privacy/PII
This email is UNCLASSIFIED.

**From:** [redacted]
**Sent:** Friday, January 04, 2019 10:00 AM
**To:** [redacted] AskPPTAdjudication; [redacted]
**Cc:** [redacted] JapanIPCA; [redacted]
**Subject:** ACS case Tokyo

Hello all,

I took a call from J[redacted] S[redacted], who's in Japan, (DPOB: [redacted] this morning. He stated that he, his Japanese citizen wife and U.S. citizen son, M[redacted] (DOB: [redacted] had been living in Miami for a year. He said while he was in Japan in November renewing his Japanese spouse visa, his wife took their son from Miami to Japan without his permission. He said he decided to stay in Japan because his son is there, and got employment and is living in company housing in Sendai. He said after a month or so in Tokyo, his wife and son came to him in Sendai and she was helping to look for permanent housing. One day while S[redacted] was at work, his wife took the child to her parents' residence in Yonezawa. S[redacted] said that three days ago, he went to his in-laws home and he claims that his wife's family was violent toward him and tried to keep him from his son. He said he was able to leave the house with his son anyway, with only the clothes that the child was wearing. S[redacted] said his wife has taken all of their money and M[redacted]'s passport. He said he contacted the Embassy to request a passport and was told he would need both parent's signatures. S[redacted] also stated that his wife is going to try to get a divorce and he is worried he will lose custody of his son and lose his spouse visa.

S[redacted] said he's a lawyer and has written a motion for an emergency order to get an EPDP from the Embassy in Tokyo (or maybe the Consulate in Sapporo) and wants to know of a federal judge who could rule on the motion. I asked if he had contacts with family lawyers in Japan or Miami and he said no. He said he believes that he will not be treated fairly by the Japanese legal system.

I am worried about the child's safety as S[redacted] sounds erratic. It's possible the wife or wife's family have already contacted the police. S[redacted] stated he's worried about his son's safety since his son has no ID at the moment.

Contact information:
Phone: [redacted]
Email: mail@stackjones.com

PPT – can you email him information about getting a minor's passport please? Could you please BCC me on the email so I know it's been sent? I don't plan to contact him again since this seems to be an ACS and PPT issue, but it would not surprise me if he calls me again. Note: S[redacted] has already been in touch with Consulate Sapporo and there are notes in ACS+.

If you have any questions please let me know – [redacted].

Thank you,

[redacted]
Country Officer
Office of Children's Issues
Bureau of Consular Affairs
U.S. Department of State
[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

**From:** [redacted]
**To:** Tokyo Consular ACS SCS DL
**Cc:** Tokyo Consular ACS Officers DL
**Subject:** Fwd: ACS case Tokyo
**Date:** Friday, January 04, 2019 10:50:19 AM

---

FYSA, see info from [redacted]'s call with dad below.

---

**From:** [redacted]
**Date:** January 5, 2019 0:45:44 JST
**To:** AskPPTAdjudication <AskPPTAdjudication@state.gov>, [redacted] JapanIPCA <JapanIPCA@state.gov>, [redacted] okyo Consular ACS Officers DL <TokyoConsularACSOfficersDL@state.gov>
**Subject:** RE: ACS case Tokyo

Hi [redacted]

We were contacted by the child's mom today. She called the Embassy to inquire about ways to prevent Mr. S from leaving Japan with the son. Ms. S (mom) said that Mr. S had not specifically mentioned that he would take the son to the U.S. but hinted her in the past that he may take his son to the U.S. I think dad understands two-parent consent rules for US passports (he's already been told on the phone and requirements are clear on our website), but we can call him on Monday. Mom has the child's U.S. passport, but she's concerned he might might try to seek a replacement passport without her permission.

I'll forward you the notes/readout from call with mom today. I imagine they are already in ACS+ under WW for child. If not, we'll add the notes on Monday.

–[redacted]

---

**From:** AskPPTAdjudication <AskPPTAdjudication@state.gov>
**Date:** January 5, 2019 0:17:46 JST
**To:** [redacted] AskPPTAdjudication <AskPPTAdjudication@state.gov>, [redacted]
**Cc:** [redacted] JapanIPCA <JapanIPCA@state.gov>, [redacted]

[redacted]

**Subject:** RE: ACS case Tokyo

Greetings,

Unfortunately we (PPT/A) do not have a public-facing email box and we do not reach out to applicants directly from this office. We normally direct Post to reach out to the applicant.

If Mr. S is concerned about his son traveling with the mother, Post could ask Mr. S if he would like to go through OCS/CI to place a C hold on the case for future issuances.

As you know, absent a C hold or court order providing for sole legal custody/permission for passport with 1PC there are instances where 2PC could be overridden with a DS-5525 under 8 FAM 502.5 Exigent or Special Family Circumstances, mainly when [redacted] The Embassy should have a list of English-speaking lawyers who may be able to assist if he goes the court order route.

Hope this is helpful,

[redacted]

[redacted]

Program Analyst

U.S. Department of State

Bureau of Consular Affairs, Passport Services

Office of Adjudication- Policy Division

Office: [redacted]

BB: [redacted]

Email: [redacted]

Privacy/PII

This email is UNCLASSIFIED.

---

**From:** [redacted]
**Sent:** Friday, January 04, 2019 10:00 AM
**To:** [redacted] AskPPTAdjudication; [redacted]
**Cc:** [redacted] JapanIPCA; [redacted]
**Subject:** ACS case Tokyo

Hello all,

I took a call from J S , who's in Japan, (DPOB: this morning. He stated that he, his Japanese citizen wife and U.S. citizen son, M (DOB: had been living in Miami for a year. He said while he was in Japan in November renewing his Japanese spouse visa, his wife took their son from Miami to Japan without his permission. He said he decided to stay in Japan because his son is there, and got employment and is living in company housing in Sendai. He said after a month or so in Tokyo, his wife and son came to him in Sendai and she was helping to look for permanent housing. One day while S was at work, his wife took the child to her parents' residence in Yonezawa. S said that three days ago, he went to his in-laws home and he claims that his wife's family was violent toward him and tried to keep him from his son. He said he was able to leave the house with his son anyway, with only the clothes that the child was wearing. S said his wife has taken all of their money and M 's passport. He said he contacted the Embassy to request a passport and was told he would need both parent's signatures. S also stated that his wife is going to try to get a divorce and he is worried he will lose custody of his son and lose his spouse visa.

S said he's a lawyer and has written a motion for an emergency order to get an EPDP from the Embassy in Tokyo (or maybe the Consulate in Sapporo) and wants to know of a federal judge who could rule on the motion. I asked if he had contacts with family lawyers in Japan or Miami and he said no. He said he believes that he will not be treated fairly by the Japanese legal system.

I am worried about the child's safety as S sounds erratic. It's possible the wife or wife's family have already contacted the police. S stated he's worried about his son's safety since his son has no ID at the moment.

Contact information:

Phone:

Email: mail@stackjones.com

PPT – can you email him information about getting a minor's passport please? Could you please BCC me on the email so I know it's been sent? I don't plan to contact him again since this seems to be an ACS and PPT issue, but it would not surprise me if he calls me again. Note: S has already been in touch with Consulate Sapporo and there are notes in ACS+.

If you have any questions please let me know – [redacted]

Thank you,

[redacted]

Country Officer

Office of Children's Issues

Bureau of Consular Affairs

U.S. Department of State

[redacted]

**Official - Privacy/PII**

**UNCLASSIFIED**

**From:** [redacted]
**To:** [redacted]
**Cc:** JapanIPCA; [redacted]
**Subject:** RE: ACS case Tokyo
**Date:** Friday, January 4, 2019 11:15:16 AM

I think dad already knows about two-parent consent rules. He currently has (took back) physical custody of his child. Mom has the US passport. Child doesn't need a PPT to be in Japan as he's a Japanese citizen. The parents are going to need to sort this out.

QUESTION: Based on your understanding of the facts what is the habitual residence of the child? Japan or US?

---

**From:** [redacted]
**Date:** January 5, 2019 0:48:04 JST
**To:** [redacted]
**Cc:** JapanIPCA <JapanIPCA@state.gov>, [redacted]
**Subject:** RE: ACS case Tokyo

[redacted] -

We just found the notes in ACS+ so no need. [redacted] is going to let him know that post will contact him about the two-parent consent issue and we will let our OCS duty officer know that he may be calling over the weekend.

Thanks!

[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

---

**From:** [redacted]
**Sent:** Friday, January 04, 2019 10:46 AM
**To:** AskPPTAdjudication; [redacted]
**Cc:** [redacted] JapanIPCA; [redacted] Tokyo Consular ACS Officers DL
**Subject:** RE: ACS case Tokyo

Hi Rachel:

We were contacted by the child's mom today. She called the Embassy to inquire about ways to prevent Mr. S from leaving Japan with the son. Ms. S (mom) said that Mr. S had not specifically mentioned that he would take the son to the U.S. but hinted her in the past that he may take his son to the U.S. I think dad understands two-parent consent rules for US passports (he's already been told on the phone and requirements are clear on our website), but we can call him on Monday. Mom has the child's U.S. passport, but she's concerned he might might try to seek a replacement passport without her permission.

I'll forward you the notes/readout from call with mom today. I imagine they are already in ACS+ under WW for child. If not, we'll add the notes on Monday.

-[redacted]

---

**From:** AskPPTAdjudication <AskPPTAdjudication@state.gov>
**Date:** January 5, 2019 0:17:46 JST
**To:** [redacted] AskPPTAdjudication <AskPPTAdjudication@state.gov>, [redacted]
**Cc:** [redacted] JapanIPCA <JapanIPCA@state.gov>, [redacted]
**Subject:** RE: ACS case Tokyo

Greetings,

Unfortunately we (PPT/A) do not have a public-facing email box and we do not reach out to applicants directly from this office. We normally direct Post to reach out to the applicant.

If Mr. S is concerned about his son traveling with the mother, Post could ask Mr. S if he would like to go through OCS/CI to place a C hold on the case for future issuances.

As you know, absent a C hold or court order providing for sole legal custody/permission for passport with 1PC there are instances where 2PC could be overridden with a DS-5525 under 8 FAM 502.5 Exigent or Special Family Circumstances, mainly when [redacted] The Embassy should have a list of English-speaking lawyers who may be able to assist if he goes the court order route.

Hope this is helpful,
[redacted]

[redacted]
Program Analyst
U.S. Department of State
Bureau of Consular Affairs, Passport Services
Office of Adjudication- Policy Division
Office: [redacted]
BB: [redacted]
Email: [redacted]

Privacy/PII
This email is UNCLASSIFIED.

---

**From:** [redacted]
**Sent:** Friday, January 04, 2019 10:00 AM
**To:** [redacted] AskPPTAdjudication; [redacted]
**Cc:** [redacted] JapanIPCA; [redacted]
**Subject:** ACS case Tokyo

Hello all,

I took a call from J S , who's in Japan, (DPOB: this morning. He stated that he, his Japanese citizen wife and U.S. citizen son, M (DOB: had been living in Miami for a year. He said while he was in Japan in November renewing his Japanese spouse visa, his wife took their son from Miami to Japan without his permission. He said he decided to stay in Japan because his son is there, and got employment and is living in company housing in Sendai. He said after a month or so in Tokyo, his wife and son came to him in Sendai and she was helping to look for permanent housing. One day while S was at work, his wife took the child to her parents' residence in Yonezawa. S said that three days ago, he went to his in-laws home and he claims that his wife's family was violent toward him and tried to keep him from his son. He said he was able to leave the house with his son anyway, with only the clothes that the child was wearing. S said his wife has taken all of their money and M 's passport. He said he contacted the Embassy to request a passport and was told he would need both parent's signatures. S also stated that his wife is going to try to get a divorce and he is worried he will lose custody of his son and lose his spouse visa.

S said he's a lawyer and has written a motion for an emergency order to get an EPDP from the Embassy in Tokyo (or maybe the Consulate in Sapporo) and wants to know of a federal judge who could rule on the motion. I asked if

he had contacts with family lawyers in Japan or Miami and he said no. He said he believes that he will not be treated fairly by the Japanese legal system.

I am worried about the child's safety as S sounds erratic. It's possible the wife or wife's family have already contacted the police. S stated he's worried about his son's safety since his son has no ID at the moment.

Contact information:
Phone:
Email: mail@stackjones.com

PPT – can you email him information about getting a minor's passport please? Could you please BCC me on the email so I know it's been sent? I don't plan to contact him again since this seems to be an ACS and PPT issue, but it would not surprise me if he calls me again. Note: S has already been in touch with Consulate Sapporo and there are notes in ACS+.

If you have any questions please let me know – [redacted].

Thank you,

[redacted]
Country Officer
Office of Children's Issues
Bureau of Consular Affairs
U.S. Department of State
[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

**From:** [redacted]
**To:** [redacted]
**Cc:** JapanIPCA; [redacted]
**Subject:** RE: ACS case Tokyo
**Date:** Friday, January 4, 2019 12:34:03 PM

That's a good question – looks like the child lived in Japan until March, 2018, then was in Miami until November. A decision for a judge, if one of the parents ends up filing an order.

[redacted]

**Official**
**UNCLASSIFIED**

---

**From:** [redacted]
**Sent:** Friday, January 04, 2019 11:15 AM
**To:** [redacted]
**Cc:** JapanIPCA; [redacted]
**Subject:** RE: ACS case Tokyo

I think dad already knows about two-parent consent rules. He currently has (took back) physical custody of his child. Mom has the US passport. Child doesn't need a PPT to be in Japan as he's a Japanese citizen. The parents are going to need to sort this out.

QUESTION: Based on your understanding of the facts what is the habitual residence of the child? Japan or US?

---

**From:** [redacted]
**Date:** January 5, 2019 0:48:04 JST
**To:** [redacted]
**Cc:** JapanIPCA <JapanIPCA@state.gov>, [redacted]
**Subject:** RE: ACS case Tokyo

[redacted] -

We just found the notes in ACS+ so no need. [redacted] is going to let him know that post will contact him about the two-parent consent issue and we will let our OCS duty officer know that he may be calling over the weekend.

Thanks!

[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

---

**From:** [redacted]
**Sent:** Friday, January 04, 2019 10:46 AM
**To:** AskPPTAdjudication; [redacted]
**Cc:** [redacted] JapanIPCA; [redacted] Tokyo Consular ACS Officers DL
**Subject:** RE: ACS case Tokyo

Hi [redacted]:

We were contacted by the child's mom today. She called the Embassy to inquire about ways to prevent Mr. S from leaving Japan with the son. Ms. S (mom) said that Mr. S had not specifically mentioned that he would take the son to the U.S. but hinted her in the past that he may take his son to the U.S. I think dad understands two-parent consent rules for US passports (he's already been told on the phone and requirements are clear on our website), but we can call him on Monday. Mom has the child's U.S. passport, but she's concerned he might might try to seek a replacement passport without her permission.

I'll forward you the notes/readout from call with mom today. I imagine they are already in ACS+ under WW for child. If not, we'll add the notes on Monday.

–[redacted]

---

**From:** AskPPTAdjudication <AskPPTAdjudication@state.gov>
**Date:** January 5, 2019 0:17:46 JST
**To:** [redacted] AskPPTAdjudication <AskPPTAdjudication@state.gov>, [redacted]
**Cc:** [redacted] JapanIPCA <JapanIPCA@state.gov>, [redacted]
**Subject:** RE: ACS case Tokyo

Greetings,

Unfortunately we (PPT/A) do not have a public-facing email box and we do not reach out to applicants directly from this office. We normally direct Post to reach out to the applicant.

If Mr. S is concerned about his son traveling with the mother, Post could ask Mr. S if he would like to go through OCS/CI to place a C hold on the case for future issuances.

As you know, absent a C hold or court order providing for sole legal custody/permission for passport with 1PC there are instances where 2PC could be overridden with a DS-5525 under 8 FAM 502.5 Exigent or Special Family Circumstances, mainly when [redacted] The Embassy should have a list of English-speaking lawyers who may be able to assist if he goes the court order route.

Hope this is helpful,
[redacted]

[redacted]
Program Analyst
U.S. Department of State
Bureau of Consular Affairs, Passport Services
Office of Adjudication- Policy Division
Office: [redacted]
BB: [redacted]
Email: [redacted]

Privacy/PII
This email is UNCLASSIFIED.

---

**From:** [redacted]
**Sent:** Friday, January 04, 2019 10:00 AM
**To:** [redacted] AskPPTAdjudication; [redacted]
**Cc:** [redacted] JapanIPCA; [redacted]
**Subject:** ACS case Tokyo

Hello all,

I took a call from J S , who's in Japan, (DPOB: this morning. He stated that he, his Japanese citizen wife and U.S. citizen son, M (DOB: had been living in Miami for a year. He said while he was in Japan in November renewing his Japanese spouse visa, his wife took their son from Miami to Japan without his permission. He said he decided to stay in Japan because his son is there, and got employment and is living in company housing in Sendai. He said after a month or so in Tokyo, his wife and

son came to him in Sendai and she was helping to look for permanent housing. One day while S was at work, his wife took the child to her parents' residence in Yonezawa. S said that three days ago, he went to his in-laws home and he claims that his wife's family was violent toward him and tried to keep him from his son. He said he was able to leave the house with his son anyway, with only the clothes that the child was wearing. S said his wife has taken all of their money and M 's passport. He said he contacted the Embassy to request a passport and was told he would need both parent's signatures. S also stated that his wife is going to try to get a divorce and he is worried he will lose custody of his son and lose his spouse visa.

S said he's a lawyer and has written a motion for an emergency order to get an EPDP from the Embassy in Tokyo (or maybe the Consulate in Sapporo) and wants to know of a federal judge who could rule on the motion. I asked if he had contacts with family lawyers in Japan or Miami and he said no. He said he believes that he will not be treated fairly by the Japanese legal system.

I am worried about the child's safety as S sounds erratic. It's possible the wife or wife's family have already contacted the police. S stated he's worried about his son's safety since his son has no ID at the moment.

Contact information:
Phone:
Email: mail@stackjones.com

PPT – can you email him information about getting a minor's passport please? Could you please BCC me on the email so I know it's been sent? I don't plan to contact him again since this seems to be an ACS and PPT issue, but it would not surprise me if he calls me again. Note: S has already been in touch with Consulate Sapporo and there are notes in ACS+.

If you have any questions please let me know – [redacted].

Thank you,

[redacted]
Country Officer
Office of Children's Issues
Bureau of Consular Affairs
U.S. Department of State
[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

**From:** [redacted]
**To:** Tokyo Consular DutyLog DL
**Subject:** Duty Log
**Date:** Sunday, January 06, 2019 6:17:31 PM

---

Consular Colleagues –

There was one duty officer phone call this weekend.

Mr. J S (phone: ) called yesterday (1/6) via State Ops at 5:40pm to discuss the passport and custody of his minor son, M S (DOB: Jan 4, 2014).

Mr. S reported that he, his wife, and son have all been living in the U.S. but that he came to Japan alone in October to renew his Japanese residency. While he was in Japan by himself, his wife took his son to Japan – without his permission or knowledge, he says – and the three of them have been here ever since. However, he reports his wife has stopped communicating with him as of about 5 days ago and he now wants to return to the United States with his son. Mr. S talked at length about IPCA, Hague, divorce/custody issues, etc in general and said he thinks this will become a "nasty divorce case." He wants the embassy's help to issue a passport to his son so the two of them can return to the United States. Mr. S reported that he and his son have no money but that they are OK and residing in the apartment that his employer (an eikaiwa in Sendai) provided to him.

Duty Officer suggested that Mr. S call the embassy during business hours and ask to speak to American Citizen Services and that this section was best placed to discuss the two parent consent for a minor's passport application (a subject Mr. S seemed to be fairly familiar with already).

Let me know if you have any questions.

Thanks,
[redacted]

[redacted]
Economic Officer
U.S. Embassy Tokyo
[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

**From:** [redacted]
**To:** Tokyo Consular ACS Officers DL; Tokyo Consular ACS SCS DL
**Subject:** S[redacted] case FW: ACS case Tokyo
**Date:** Sunday, January 06, 2019 6:34:26 PM

---

Just wanted to make sure all saw this correspondence, I had with CI on this Friday night. -[redacted]

**Official**
**UNCLASSIFIED**

---

**From:** [redacted]
**Sent:** Saturday, January 05, 2019 2:34 AM
**To:** [redacted]
**Cc:** JapanIPCA; [redacted]
**Subject:** RE: ACS case Tokyo

That's a good question – looks like the child lived in Japan until March, 2018, then was in Miami until November. A decision for a judge, if one of the parents ends up filing an order.
[redacted]

**Official**
**UNCLASSIFIED**

---

**From:** [redacted]
**Sent:** Friday, January 04, 2019 11:15 AM
**To:** [redacted]
**Cc:** JapanIPCA; [redacted]
**Subject:** RE: ACS case Tokyo

I think dad already knows about two-parent consent rules. He currently has (took back) physical custody of his child. Mom has the US passport. Child doesn't need a PPT to be in Japan as he's a Japanese citizen. The parents are going to need to sort this out.

QUESTION: Based on your understanding of the facts what is the habitual residence of the child? Japan or US?

---

**From:** [redacted]
**Date:** January 5, 2019 0:48:04 JST
**To:** [redacted]
**Cc:** JapanIPCA <JapanIPCA@state.gov>, [redacted]
**Subject:** RE: ACS case Tokyo

[redacted]
We just found the notes in ACS+ so no need. [redacted] is going to let him know that post will contact him about the two-parent consent issue and we will let our OCS duty officer know that he may be calling over the weekend.

Thanks!

[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

---

**From:** [redacted]
**Sent:** Friday, January 04, 2019 10:46 AM
**To:** AskPPTAdjudication; [redacted]
**Cc:** [redacted] JapanIPCA; [redacted] Tokyo Consular ACS Officers DL
**Subject:** RE: ACS case Tokyo

Hi [redacted]

We were contacted by the child's mom today. She called the Embassy to inquire about ways to prevent Mr. S from leaving Japan with the son. Ms. S (mom) said that Mr. S had not specifically mentioned that he would take the son to the U.S. but hinted her in the past that he may take his son to the U.S. I think dad understands two-parent consent rules for US passports (he's already been told on the phone and requirements are clear on our website), but we can call him on Monday. Mom has the child's U.S. passport, but she's concerned he might might try to seek a replacement passport without her permission.

I'll forward you the notes/readout from call with mom today. I imagine they are already in ACS+ under WW for child. If not, we'll add the notes on Monday.

-[redacted]

---

**From:** AskPPTAdjudication <AskPPTAdjudication@state.gov>
**Date:** January 5, 2019 0:17:46 JST
**To:** [redacted]

[redacted] AskPPTAdjudication <AskPPTAdjudication@state.gov>, [redacted] JapanIPCA <JapanIPCA@state.gov>, [redacted]
**Subject:** RE: ACS case Tokyo

Greetings,

Unfortunately we (PPT/A) do not have a public-facing email box and we do not reach out to applicants directly from this office. We normally direct Post to reach out to the applicant.

If Mr. S is concerned about his son traveling with the mother, Post could ask Mr. S if he would like to go through OCS/CI to place a C hold on the case for future issuances.

As you know, absent a C hold or court order providing for sole legal custody/permission for passport with 1PC there are instances where 2PC could be overridden with a DS-5525 under 8 FAM 502.5 Exigent or Special Family Circumstances, mainly when [redacted] The Embassy should have a list of English-speaking lawyers who may be able to assist if he goes the court order route.

Hope this is helpful,
[redacted]

[redacted]
Program Analyst
U.S. Department of State
Bureau of Consular Affairs, Passport Services
Office of Adjudication- Policy Division
Office: [redacted]
BB: [redacted]
Email: [redacted]

Privacy/PII
This email is UNCLASSIFIED.

---

**From:** [redacted]
**Sent:** Friday, January 04, 2019 10:00 AM
**To:** [redacted] AskPPTAdjudication; [redacted]
**Cc:** [redacted] JapanIPCA; [redacted]
**Subject:** ACS case Tokyo

Hello all,

I took a call from J S , who's in Japan, (DPOB: this morning. He stated that he, his Japanese citizen wife and U.S. citizen son, M (DOB: had been living in Miami for a year. He said while he was in Japan in November renewing his Japanese spouse visa, his wife took their son from Miami to Japan without his permission. He said he decided to stay in Japan because his son is there, and got employment and is living in company housing in Sendai. He said after a month or so in Tokyo, his wife and son came to him in Sendai and she was helping to look for permanent housing. One day while S was at work, his wife took the child to her parents' residence in Yonezawa. S said that three days ago, he went to his in-laws home and he claims that his wife's family was violent toward him and tried to keep him from his son. He said he was able to leave the house with his son anyway, with only the clothes that the child was wearing. S said his wife has taken all of their money and M 's passport. He said he contacted the Embassy to request a passport and was told he would need both parent's signatures. S also stated that his wife is going to try to get a divorce and he is worried he will lose custody of his son and lose his spouse visa.

S said he's a lawyer and has written a motion for an emergency order to get an EPDP from the Embassy in Tokyo (or maybe the Consulate in Sapporo) and wants to know of a federal judge who could rule on the motion. I asked if he had contacts with family lawyers in Japan or Miami and he said no. He said he believes that he will not be treated fairly by the Japanese legal system.

I am worried about the child's safety as S sounds erratic. It's possible the wife or wife's family have already contacted the police. S stated he's worried about his son's safety since his son has no ID at the moment.

Contact information:
Phone:
Email: mail@stackjones.com

PPT – can you email him information about getting a minor's passport please? Could you please BCC me on the email so I know it's been sent? I don't plan to contact him again since this seems to be an ACS and PPT issue, but it would not surprise me if he calls me again. Note: S has already been in touch with Consulate Sapporo and there are notes in ACS+.

If you have any questions please let me know – [redacted]

Thank you,

[redacted]

Country Officer
Office of Children's Issues
Bureau of Consular Affairs
U.S. Department of State
[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

**From:** [redacted]
**To:** [redacted]
**Subject:** RE: ACS case Tokyo
**Date:** Sunday, January 06, 2019 8:53:08 PM

---

FYI, we just received a call from Mrs. S. She wanted to make sure her child's U.S. passport will not be issued without her consent. I advised her about the passport issuance alert program, and to consult with a lawyer in Japan if she needs assistance on custody issues.

https://travel.state.gov/content/travel/en/International-Parental-Child-Abduction/prevention/passport-issuance-alert-program.html

[redacted]

**Official**
**UNCLASSIFIED**

---

**From:** [redacted]
**Sent:** Saturday, January 05, 2019 6:52 AM
**To:** [redacted]
**Cc:** JapanIPCA; [redacted]
**Subject:** RE: ACS case Tokyo

Good morning all. Duty officer/ acting consular officer [redacted] in Sapporo here. I also took a call from J S yesterday. The embassy operator transferred him to me because Sendai is part of Sapporo's consular district. I took a lot of notes on the contents on the call and loaded them into ACS. The notes from the call mentioned in the earlier email are likely the ones I added.

After I explained to him I would not issue him an emergency passport without the mothers permission, he threatened to go to the press and hung up on me.

[redacted] if you want to talk to me on this case, I am available through Sapporo duty phone over the weekend.

[redacted]

---

**From:** [redacted]
**Date:** January 5, 2019 at 2:34:21 AM GMT+9
**To:** [redacted]
**Cc:** JapanIPCA <JapanIPCA@state.gov>, [redacted]
**Subject:** RE: ACS case Tokyo

That's a good question – looks like the child lived in Japan until March, 2018, then was in Miami until November. A decision for a judge, if one of the parents ends up filing an order.
[redacted]

**Official**
**UNCLASSIFIED**

---

**From:** [redacted]
**Sent:** Friday, January 04, 2019 11:15 AM
**To:** [redacted]
**Cc:** JapanIPCA; [redacted]
**Subject:** RE: ACS case Tokyo

I think dad already knows about two-parent consent rules. He currently has (took back) physical custody of his child. Mom has the US passport. Child doesn't need a PPT to be in Japan as he's a Japanese citizen. The parents are going to need to sort this out.

QUESTION: Based on your understanding of the facts what is the habitual residence of the child? Japan or US?

---

**From:** [redacted]
**Date:** January 5, 2019 0:48:04 JST
**To:** [redacted]
**Cc:** JapanIPCA <JapanIPCA@state.gov>, [redacted]
**Subject:** RE: ACS case Tokyo

[redacted]
We just found the notes in ACS+ so no need. [redacted] is going to let him know that post will contact him about the two-parent consent issue and we will let our OCS duty officer know that he may be calling over the weekend.

Thanks!

[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

---

**From:** [redacted]
**Sent:** Friday, January 04, 2019 10:46 AM
**To:** AskPPTAdjudication; [redacted]
**Cc:** [redacted] JapanIPCA; [redacted] Tokyo Consular ACS Officers DL
**Subject:** RE: ACS case Tokyo

Hi [redacted]

We were contacted by the child's mom today. She called the Embassy to inquire about ways to prevent Mr. S from leaving Japan with the son. Ms. S (mom) said that Mr. S had not specifically mentioned that he would take the son to the U.S. but hinted her in the past that he may take his son to the U.S. I think dad understands two-parent consent rules for US passports (he's already been told on the phone and requirements are clear on our website), but we can call him on Monday. Mom has the child's U.S. passport, but she's concerned he might might try to seek a replacement passport without her permission.

I'll forward you the notes/readout from call with mom today. I imagine they are already in ACS+ under WW for child. If not, we'll add the notes on Monday.

–[redacted]

---

**From:** AskPPTAdjudication <AskPPTAdjudication@state.gov>
**Date:** January 5, 2019 0:17:46 JST
**To:** [redacted] AskPPTAdjudication <AskPPTAdjudication@state.gov>, [redacted]
**Cc:** [redacted] JapanIPCA <JapanIPCA@state.gov>, [redacted]
**Subject:** RE: ACS case Tokyo

Greetings,

Unfortunately we (PPT/A) do not have a public-facing email box and we do not reach out to applicants directly from this office. We normally direct Post to reach out to the applicant.

If Mr. S is concerned about his son traveling with the mother, Post could ask Mr. S if he would like to go through OCS/CI to place a C hold on the case for future issuances.

As you know, absent a C hold or court order providing for sole legal custody/permission for passport with 1PC there are instances where 2PC could be overridden with a DS-5525 under 8 FAM 502.5 Exigent or Special Family Circumstances, mainly when [redacted] The Embassy should have a list of English-speaking lawyers who may be able to assist if he goes the court order route.

Hope this is helpful,
[redacted]

[redacted]
Program Analyst
U.S. Department of State
Bureau of Consular Affairs, Passport Services
Office of Adjudication- Policy Division
Office: [redacted]
BB: [redacted]
Email: [redacted]

Privacy/PII
This email is UNCLASSIFIED.

**From:** [redacted]
**Sent:** Friday, January 04, 2019 10:00 AM
**To:** [redacted] AskPPTAdjudication; [redacted]
**Cc:** [redacted] JapanIPCA; [redacted]
**Subject:** ACS case Tokyo

Hello all,

I took a call from J S, who's in Japan, (DPOB: this morning. He stated that he, his Japanese citizen wife and U.S. citizen son, M (DOB: had been living in Miami for a year. He said while he was in Japan in November renewing his Japanese spouse visa, his wife took their son from Miami to Japan without his permission. He said he decided to stay in Japan because his son is there, and got employment and is living in company housing in Sendai. He said after a month or so in Tokyo, his wife and son came to him in Sendai and she was helping to look for permanent housing. One day while S was at work, his wife took the child to her parents' residence in Yonezawa. S said that three days ago, he went to his in-laws home and he claims that his wife's family was violent toward him and tried to keep him from his son. He said he was able to leave the house

with his son anyway, with only the clothes that the child was wearing. S said his wife has taken all of their money and M 's passport. He said he contacted the Embassy to request a passport and was told he would need both parent's signatures. S also stated that his wife is going to try to get a divorce and he is worried he will lose custody of his son and lose his spouse visa.

S said he's a lawyer and has written a motion for an emergency order to get an EPDP from the Embassy in Tokyo (or maybe the Consulate in Sapporo) and wants to know of a federal judge who could rule on the motion. I asked if he had contacts with family lawyers in Japan or Miami and he said no. He said he believes that he will not be treated fairly by the Japanese legal system.

I am worried about the child's safety as S sounds erratic. It's possible the wife or wife's family have already contacted the police. S stated he's worried about his son's safety since his son has no ID at the moment.

Contact information:
Phone:
Email: mail@stackjones.com

PPT – can you email him information about getting a minor's passport please? Could you please BCC me on the email so I know it's been sent? I don't plan to contact him again since this seems to be an ACS and PPT issue, but it would not surprise me if he calls me again. Note: S has already been in touch with Consulate Sapporo and there are notes in ACS+.

If you have any questions please let me know – [redacted]

Thank you,

[redacted]
Country Officer
Office of Children's Issues
Bureau of Consular Affairs
U.S. Department of State
[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

**From:** [redacted]
**To:** [redacted]
**Subject:** RE: ACS case Tokyo
**Date:** Sunday, January 06, 2019 8:53:00 PM

---

Thanks [redacted] Sounds like [redacted] on the phone with Mr. S right now...

---

**From:** [redacted]
**Sent:** Monday, January 07, 2019 10:53 AM
**To:** [redacted]
**Subject:** RE: ACS case Tokyo

FYI, we just received a call from Mrs. S . She wanted to make sure her child's U.S. passport will not be issued without her consent. I advised her about the passport issuance alert program, and to consult with a lawyer in Japan if she needs assistance on custody issues.

https://travel.state.gov/content/travel/en/International-Parental-Child-Abduction/prevention/passport-issuance-alert-program.html

[redacted]

**Official**
**UNCLASSIFIED**

---

**From:** [redacted]
**Sent:** Saturday, January 05, 2019 6:52 AM
**To:** [redacted]
**Cc:** JapanIPCA; [redacted]
**Subject:** RE: ACS case Tokyo

Good morning all. Duty officer/ acting consular officer [redacted] in Sapporo here. I also took a call from J S yesterday. The embassy operator transferred him to me because Sendai is part of Sapporo's consular district. I took a lot of notes on the contents on the call and loaded them into ACS. The notes from the call mentioned in the earlier email are likely the ones I added.

After I explained to him I would not issue him an emergency passport without the mothers permission, he threatened to go to the press and hung up on me.

[redacted] if you want to talk to me on this case, I am available through Sapporo duty phone over the weekend.

[redacted]

---

**From:** [redacted]
**Date:** January 5, 2019 at 2:34:21 AM GMT+9

**To:** [redacted]
**Cc:** JapanIPCA <JapanIPCA@state.gov>, [redacted]
**Subject:** RE: ACS case Tokyo

That's a good question – looks like the child lived in Japan until March, 2018, then was in Miami until November. A decision for a judge, if one of the parents ends up filing an order.

[redacted]

**Official**
**UNCLASSIFIED**

---

**From:** [redacted]
**Sent:** Friday, January 04, 2019 11:15 AM
**To:** [redacted]
**Cc:** JapanIPCA; [redacted]
**Subject:** RE: ACS case Tokyo

I think dad already knows about two-parent consent rules. He currently has (took back) physical custody of his child. Mom has the US passport. Child doesn't need a PPT to be in Japan as he's a Japanese citizen. The parents are going to need to sort this out.

QUESTION: Based on your understanding of the facts what is the habitual residence of the child? Japan or US?

---

**From:** [redacted]
**Date:** January 5, 2019 0:48:04 JST
**To:** [redacted]
**Cc:** JapanIPCA <JapanIPCA@state.gov>, [redacted]
**Subject:** RE: ACS case Tokyo

[redacted]

We just found the notes in ACS+ so no need. [redacted] is going to let him know that post will contact him about the two-parent consent issue and we will let our OCS duty officer know that he may be calling over the weekend.

Thanks!

[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

---

**From:** [redacted]
**Sent:** Friday, January 04, 2019 10:46 AM
**To:** AskPPTAdjudication; [redacted]
**Cc:** [redacted] JapanIPCA; [redacted] Tokyo Consular ACS Officers DL
**Subject:** RE: ACS case Tokyo

Hi [redacted]

We were contacted by the child's mom today. She called the Embassy to inquire about ways to prevent Mr. S from leaving Japan with the son. Ms. S (mom) said that Mr. S had not specifically mentioned that he would take the son to the U.S. but hinted her in the past that he may take his son to the U.S. I think dad understands two-parent consent rules for US passports (he's already been told on the phone and requirements are clear on our website), but we can call him on Monday. Mom has the child's U.S. passport, but she's concerned he might might try to seek a replacement passport without her permission.

I'll forward you the notes/readout from call with mom today. I imagine they are already in ACS+ under WW for child. If not, we'll add the notes on Monday.

-[redacted]

---

**From:** AskPPTAdjudication <AskPPTAdjudication@state.gov>
**Date:** January 5, 2019 0:17:46 JST
**To:** [redacted] AskPPTAdjudication <AskPPTAdjudication@state.gov>, [redacted]
**Cc:** [redacted] JapanIPCA <JapanIPCA@state.gov>, [redacted]
**Subject:** RE: ACS case Tokyo

Greetings,

Unfortunately we (PPT/A) do not have a public-facing email box and we do not reach out to applicants directly from this office. We normally direct Post to reach out to the applicant.

If Mr. S is concerned about his son traveling with the mother, Post could ask Mr. S if he would like to go through OCS/CI to place a C hold on the case for future issuances.

As you know, absent a C hold or court order providing for sole legal custody/permission for passport with 1PC there are instances where 2PC could be overridden with a DS-5525 under 8 FAM 502.5 Exigent or Special Family Circumstances, mainly when [redacted] The Embassy should have a list of English-speaking lawyers who may be able to assist if he goes the court order route.

Hope this is helpful,
[redacted]

[redacted]
Program Analyst
U.S. Department of State
Bureau of Consular Affairs, Passport Services
Office of Adjudication- Policy Division
Office: [redacted]
BB: [redacted]
Email: [redacted]

Privacy/PII
This email is UNCLASSIFIED.

---

**From:** [redacted]
**Sent:** Friday, January 04, 2019 10:00 AM
**To:** [redacted] AskPPTAdjudication; [redacted]
**Cc:** [redacted] JapanIPCA; [redacted]
**Subject:** ACS case Tokyo

Hello all,

I took a call from J S , who's in Japan, (DPOB: this morning. He stated that he, his Japanese citizen wife and U.S. citizen son, M (DOB: had been living in Miami for a year. He said while he was in Japan in November renewing his Japanese spouse visa, his wife took their son from Miami to Japan without his permission. He said he decided

to stay in Japan because his son is there, and got employment and is living in company housing in Sendai. He said after a month or so in Tokyo, his wife and son came to him in Sendai and she was helping to look for permanent housing. One day while S was at work, his wife took the child to her parents' residence in Yonezawa. S said that three days ago, he went to his in-laws home and he claims that his wife's family was violent toward him and tried to keep him from his son. He said he was able to leave the house with his son anyway, with only the clothes that the child was wearing. S said his wife has taken all of their money and M's passport. He said he contacted the Embassy to request a passport and was told he would need both parent's signatures. S also stated that his wife is going to try to get a divorce and he is worried he will lose custody of his son and lose his spouse visa.

S said he's a lawyer and has written a motion for an emergency order to get an EPDP from the Embassy in Tokyo (or maybe the Consulate in Sapporo) and wants to know of a federal judge who could rule on the motion. I asked if he had contacts with family lawyers in Japan or Miami and he said no. He said he believes that he will not be treated fairly by the Japanese legal system.

I am worried about the child's safety as S sounds erratic. It's possible the wife or wife's family have already contacted the police. S stated he's worried about his son's safety since his son has no ID at the moment.

Contact information:
Phone:
Email: mail@stackjones.com

PPT – can you email him information about getting a minor's passport please? Could you please BCC me on the email so I know it's been sent? I don't plan to contact him again since this seems to be an ACS and PPT issue, but it would not surprise me if he calls me again. Note: S has already been in touch with Consulate Sapporo and there are notes in ACS+.

If you have any questions please let me know – [redacted]

Thank you,

[redacted]
Country Officer
Office of Children's Issues
Bureau of Consular Affairs
U.S. Department of State
[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

**From:** [redacted]
**To:** Tokyo Consular ACS Officers DL
**Cc:** Tokyo Consular ACS SCS DL
**Subject:** FW: Passport information
**Date:** Sunday, January 06, 2019 9:03:30 PM
**Attachments:** Waiver of Japanese Jurisdiction.pdf
1.4.19. Judicial Order Passport.docx
Passport.pdf

---

**Official - Privacy/PII**
**UNCLASSIFIED**

**From:** JapanIPCA
**Sent:** Saturday, January 05, 2019 3:22 AM
**To:** [redacted] JapanIPCA; [redacted]
**Subject:** FW: Passport information

All, just got the email below from Mr. S , a follow up to my short email letting him know that the Embassy would be in touch.

[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

**From:** mail@stackjones.com [mailto:mail@stackjones.com]
**Sent:** Friday, January 04, 2019 11:59 AM
**To:** JapanIPCA
**Subject:** Re: Passport information

1.5.19.

To: [redacted] [redacted]
From: J S

RE: Passport for Minor Child and related matters

[redacted] the Embassy in Tokyo already stated they will not provide a copy of my son's passport without the mother's consent, even where she had taken him to Japan, without my knowledge and where she is the one that has hidden it from me, or destroyed it.
I'm currently in circumstances that cannot permit further delays.

The actions of the U.S. Embassy in Tokyo, denying passport identification for my son, amounts to child endangerment.

Facts:

On Oct. 11th 2018, I came to Japan to renew my spouse visa, having no intention of remain in Japan, once the visa was renewed.
I arrived in Japan with round trip tickets for that sole purpose, with return to the U.S. being Nov. 11th 2018.

My wife's parents, prior to my return to the U.S., purchased my wife, and my son, ONE WAY tickets to Japan. I was not told about this. The matter was entirely hidden from me.
I discovered this fact, from my sister, who had notified me via email.

Due to my wife's acts, I have had to remain in Japan, against my will, and under circumstances of duress.
I immediately found work, so as to mitigate any damages for my child.
I am currently residing in company housing, which is only temporary, and was only supposed to be for a week or so. I've been at the temporary housing since Nov. 12th 2018.

My wife left the U.S. unlawfully. Clearly, in violation of The Hague on Child Abduction, and U.S. Federal Law, 18 U.S.C. § 1204. She left the U.S. in the final stage of obtaining her U.S. visa. All that remained was her final interview, as she had done everything, all documents were submitted, and she had even completed her BIO Data (fingerprints, photo, etc.).

Upon arrival in Japan, my wife remained in Tokyo, at her sister's apartment, an address that I do not have, and my wife refuses to provide to me.
My wife held my son at this location for more than one month. At no time had I seen my child since he arrived in Japan.

After receiving my first paycheck, my wife came to where I reside. I gave her almost all of the salary money, to hold for deposit money that was to be used once an apartment was located.
Instead of holding it for rental purposes, my wife spent most of it, paying off a credit card in her name. This put me in dire circumstances in regards to housing and with my company.

After obtaining said money, my wife left, and went to her parents house, without my knowledge, or consent. This was on Dec. 26th 2018.
On Dec. 31st 2018, I went to my wife's parents house, as it was holiday time, and I was not scheduled for work. I remained there for two days, and finally, after two days of hostile conduct, including assault, which you heard my son describe very clearly, I left, with my son.

As you can recall, my son and I left my wife's parent's house with NONE of my son's personal property. He has NOTHING, save for the clothing that was on his back.
My wife is aware of this fact.
We will run out of food in approximately 1.5 days.
At no time in my child's life has he been placed in circumstances of peril.

I am the guardian of my child, and sole financial provider, as my wife has not worked since November of 2013.

My wife's family is a member of the cult, Rissho Kosei-kai. Before the child was born, my wife went to a "priest", who named my child, "M[redacted]", which I have never called my son. My son doesn't like the name, as I had intended to name him Kai. He wants to be called Kai, but my wife's family calls him the name the cult leader gave him.
My wife's sister, and her husband work for this cult, and my wife's family are all members of the cult.
They "pray" every day, and are opposed to the fact that I refuse to partake in that matter.

The undue influence of my wife's family resulted in them forcing my wife to have an abortion for our first child. The threats included removing my wife's name off the family registry, and refusing to pay for her final semester in college.
For FIVE years I was told my wife had a miscarriage.
As you can imagine, I have suffered great emotional, and psychological pain as a result of those people.

For the first six years of our relationship, my name was REFUSED to be spoken in their family's house.
I have never been made welcome at the house, as my child noted this to you in his communication with you today.

I must return to work on Jan. 7th. My wife's position is, that because I have my son, I cannot return to work. And, this will cause me to lose my job, and housing.
She believes that I will return my son to her, and then she will have the opportunity to disappear with my son again.

Perhaps, this time for good, as she has stated that she wants to go to "court."
In that matter, my wife has signed a WAIVER of jurisdiction in Japan's courts, and is only subject to U.S. jurisdiction for civil, or family proceedings.

As far as the U.S. Embassy in Tokyo is concerned, they already have my wife's consent for my son's passport, and their records will reflect this as fact, as it was that very same embassy that issued the first passport for my son.

I've attached an EMERGENCY MOTION that I filed today with the U.S. District Court in Hawaii. I will contact the court when it opens today, and seek this emergency order to be issued to the Embassy in Tokyo to compel the embassy to provide the passport as identification for my son.

I've attached a copy of my wife's waiver to jurisdiction in Japan.
You will note it was signed on Nov. 9th 2018, two days prior to my wife departing the U.S.

As well, I've attached a copy of the EMERGENCY MOTION filed today.

Also find a scanned copy of my son's U.S. passport, and birth certificate.

J[redacted] S[redacted]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF HAWAII**

| | |
|---|---|
| J[redacted] S[redacted] | ) |
| Plaintiff, | ) Case No.: EMERGENCY FILING |
| | ) |
| vs. | ) |
| U.S. Dept. of State | ) |
| Defendant | ) |
| | ) |

**EMERGENCY ORDER FOR U.S. EMBASSY IN JAPAN TO ISSUE PASSPORT FOR J[redacted] S[redacted], A U.S. CITIZEN'S MINOR SON, M. S[redacted], A U.S. CITIZEN**

Federal law prohibits a parent from removing a child from the United States or retaining a child in another country with intent to obstruct another parent´s custodial rights (18 U.S.C. § 1204).

U.S. citizen J[redacted] S[redacted], had resided in Japan for more than a decade. During that period, J[redacted] S[redacted] married M[redacted] S[redacted] a Japanese citizen. J[redacted] S[redacted] and M[redacted] S[redacted] had a child, born on [redacted].

The aforementioned child, M. S[redacted], is a U.S. citizen, has a U.S. Social Security Number, and a U.S. Birth Certificate, issued by the U.S. Consulate in Tokyo, Japan.

J[redacted] S[redacted] has been the sole provider for M. S[redacted] since M/ S[redacted]'s birth. M[redacted] S[redacted] has been unemployed since November of 2013, more than five years.

In April of 2018, J[redacted] S[redacted], M[redacted] S[redacted] and M. S[redacted]

moved to the U.S., Miami Florida. J[redacted] S[redacted] was studying for, and preparing for the Florida Bar Exam.

M[redacted] S[redacted] was in the U.S. awaiting final interview for U.S. visa approval, for purposes of residing in the U.S. lawfully, for family, and employment purposes.

J[redacted] S[redacted] had returned to Japan on October 11th 2018, for the sole purpose of renewing his Japanese visa, as his Japanese visa was about to expire. J[redacted] S[redacted] had purchased round trip tickets for this purpose, and had intention of returning to the U.S. Visas are required for international families to travel to and from host nations, without issue.

J[redacted] S[redacted] was scheduled to return to the U.S. on November 11th 2018.

On November 8th 2018, J[redacted] S[redacted] discovered from his sister, Sherry S[redacted], that M[redacted] S[redacted] had purchased herself, and M. S[redacted], one way tickets to go to Japan. M[redacted] S[redacted] had not told J[redacted] S[redacted] her plans to return to Japan.

The flights to Japan were scheduled so that M[redacted] S[redacted] and M. S[redacted] would have been in transport to Japan at the same time J[redacted] S[redacted] would have been in transport to the U.S.

J[redacted] S[redacted] considers M[redacted] S[redacted]'s acts a kidnapping, as M[redacted] S[redacted] had disappeared with M. S[redacted] several times during the marriage, often longer than one month periods. These matters cause great stress, emotional suffering, as anyone could imagine.

When J[redacted] S[redacted] discovered the aforementioned flights to Japan, he did not return to the U.S. but instead was forced to remain in Japan under circumstances of duress, and coercion.

J[redacted] S[redacted] immediately sought employment, and obtained it, so he could immediately begin to earn an income, and provide for his family.

Upon arrival in Japan, M[redacted] S[redacted] went to her sister's

apartment in Tokyo, and remained there for more than one month. J[redacted] S[redacted] was not provided the phone number, or address of the sister's home, and during the entire time, did not know the whereabouts of M. S[redacted].

The current circumstances are terrifying, as Japan is considered by the United Nations, the U.S. Dept. of State, and every respected human rights organization as a black hole for child kidnapping.

Japan became a signatory to, The Hague Convention on Child Kidnapping in April of 2014. Regardless, there are currently more than 400 U.S. children kidnapped in Japan, with none having ever been returned to their American parent. The Chris Savoie case is but one example of kidnappings that occur in Japan.

J[redacted] S[redacted] currently has possession of M. S[redacted]. At issue is M[redacted] S[redacted] has hidden, or destroyed M. S[redacted]'s U.S. passport. J[redacted] S[redacted] wants to return to the U.S. with his child and has a family support system, and job employment opportunities within the judicial system of the U.S. J[redacted] S[redacted] intends to return to studying for the bar exam, and obtain employment as an attorney.

On January 4th 2019, M. S[redacted]'s fifth birthday, J[redacted] S[redacted] contacted the U.S. Embassy in Japan, and sought to obtain a replacement passport for M. S[redacted]. The embassy's refused to provide a copy, stating they "needed permission from the mother", even after J[redacted] S[redacted] had explained the facts pertaining to why the visa was "lost or stolen." The child had already been issued a passport, with the mother's permission, and this fact is already on record at the U.S. Tokyo Embassy, the same embassy the issued the missing passport.

Given the facts presented herein, it is unreasonable that the U.S. Embassy in Japan refuses to provide a passport for M. S[redacted], especially where they had issued a passport previously. J[redacted] S[redacted] also has a scanned copy of the initially issued passport. The inaction of the U.S. Embassy amounts to child endangerment.

**CONCLUSION**

J[redacted] S[redacted], as father, and guardian of M. S[redacted], both being U.S. citizens, seeks from this Court an ORDER, DEMANDING the U.S. Embassy in Japan to immediately issue a PASSPORT for M. S[redacted]. Justice requires this Order to be issued immediately, and for the U.S. Embassy in Tokyo to comply immediately. Further, J[redacted] S[redacted] seeks this Court to ensure, the U.S. Dept. of State takes no actions contrary to the interest of J[redacted] S[redacted] and M. S[redacted] in regards to obtaining said passport, and flight from Japan, to return to the U.S., which is where the minor child was living prior to being taken to Japan, without J[redacted] S[redacted]'s parental permission.

Respectfully submitted on behalf of J[redacted] S[redacted],

1/4/2019

J[redacted] S[redacted]
S/ J[redacted] S[redacted]
[redacted]
Telephone: [redacted] [redacted]
Email: stack.jones@mail.com


We the People
Of the United States,
SIGNATURE OF BEARER / SIGNATURE DU TITULAIRE / FIRMA DEL TITULAR
PASSPORT
PASSEPORT
PASAPORTE
USA
UNITED STATES OF AMERICA
Type / Type / Tipo
P
Code / Code / Código
USA
Passport No. / No. du Passeport / No. de Pasaporte
[redacted]
Surname / Nom / Apellidos
S[redacted]
Given Names / Prénoms / Nombres
M[redacted]
Nationality / Nationalité / Nacionalidad
UNITED STATES OF AMERICA
Date of birth / Date de naissance / Fecha de nacimiento
[redacted]
Place of birth / Lieu de naissance / Lugar de nacimiento
[redacted]
Sex / Sexe / Sexo
M
Date of issue / Date de délivrance / Fecha de expedición
[redacted]
Authority / Autorité / Autoridad
United States
Department of State
Date of expiration / Date d'expiration / Fecha de caducidad
[redacted]
Endorsements / Mentions Spéciales / Anotaciones
SEE PAGE 51
USA
P<USAS[redacted]<<M[redacted]<<<<<<<<<<<<<<<<<<
[redacted]
PASSPORT
United States
of America

STATE-0173

11.9.18.

RE: Consent to Family Law Jurisdiction of the United States, to the terms of The Hague Convention on Child Abduction, and Waiver of Rights in any Family Law Related matters within the Jurisdiction of Japan's Ministry of Justice; Family Court Division

My name is M[redacted] S[redacted] I'm a Japanese national, married to J[redacted] S[redacted] a U.S. citizen. We are both the biological, and legal parents, having equal custody of our minor child, M[redacted] S[redacted].

I M[redacted] S[redacted] will not engage in any activity that interferes with the parental rights of J[redacted] S[redacted].

In case of marital related disagreements, especially in regards to child custody, or where child abduction issues may arise, this document is to act as a waiver of rights to jurisdiction over marital, or child custody matters with Japanese officials, Japan's Ministry of Justice, including Japan's Family Court Division.

The reason for this waiver of rights is due to Japanese officials' undue prejudice toward non-Japanese parents and parental rights, and because of Japan's continuous violations of The Hague Convention on Child Abduction, and the rights of non-Japanese parents in regards to U.S. law.

M[redacted] S[redacted] agrees to consent to jurisdiction of both U.S. Family Court law, and the terms of the The Hague Convention on Child Abduction in case such matters arise during the course of marriage, or, until said child obtains the legal age status.

The ESIGN Act, provides electronic signatures the same legal status as handwritten signatures.

Signed,

s/M[redacted] S[redacted]
M[redacted] S[redacted]
Telephone: [redacted]
Email: me_u_kis@yahoo.co.jp

**From:** [redacted]
**To:** Tokyo Consular ACS SCS DL; Tokyo Consular ACS Officers DL; [redacted]
[redacted]
**Subject:** Phone call with S , J re: issuance of child"s passport with single parent signature claiming exigent/special circumstances
**Date:** Sunday, January 06, 2019 11:04:46 PM

---

S , J
DPOB
SSN
Email: mail@stackjones.com

Recent correspondence with Mr. S contained two possible phone numbers: and .

I contacted him at the first number, which was answered by a female. Initially, I was concerned that I had called his place of employment, but he later stated that this was the number of the house provided by his employer, and that the woman had come by to do a little housekeeping.

Consistent with his recent communications with others, he stated that he had previously lived in Japan and had moved to Florida. in March 2018 to live there with his family. In October, he returned to Japan alone to renew his visa, while his wife and child remained in the Florida. He planned to return circa Nov 11, but immediately prior to departing, he learned from his sister that his wife had purchased one-way tickets to return to Japan with their son. Concerned that his wife may divorce him and cancel his visa, he cancelled his flight, and immediately sought employment with an "eikawa" (English conversation school) in Sendai. He reiterated that his wife had lived with her sister in Tokyo (at an unknown address with unknown phone number) for about a month before moving to her parents' house in Yamagata.

He states that she was not totally incommunicado the entire time, as she had come up to visit him in Sendai to help him find more permanent accommodations. At that time, he had given her his first paycheck (minus some money for his Suica card), as had been his practice throughout their marriage. It is unclear whether their son had come with her when she visited. He claims that instead of helping him find an apartment, she took the money and left him with nothing. Although the pay isn't much, conoff understood him to say that he also earns money by doing legal work (remotely), presumably for an entity in the U.S.

He further stated that he travelled to his in-laws house in Yamagata in early January and stayed there for two days, during which time they "were rude" to him (he states that the family was never supportive of them during the ten years that they have been together). He alleged that the house was "filthy", that fuel containers "were stacked in the entryway", that

the house was unheated (all wore multiple layers of clothing and "you could see your breath" indoors), that his son was coughing and his (the son's) skin was "raw" from the harsh "chemical soaps" they use. He stated that he "took pictures" and decided to leave with his son and return to Sendai. He claimed that the family struggled with him, hit him, and pulled his son's arm when he tried to leave. He was ultimately able to leave with his son, albeit without his or his son's jackets or gloves, and they walked in the cold to the train station.

He states that the child is now safe in his house in Sendai, which is clean and warm, and that his employer is supportive. He states that his employer is also a single father with sole custody of his child, and has promised to "protect [his] son and not turn him over to the mother."

He also stated that the employer gave him some money (~$250) to buy food and other necessities until his next paycheck, and will allow him to remain in the "temporary housing" at no expense. Also, the mother shipped a box of the son's clothing for him to use there. He has no current concerns at this time about his son's safety or wellbeing.

He advised that he had filed a motion with the District Court in Hawaii to compel issuance of his son's passport. The motion (a copy of which was previously forwarded to the Embassy from OCS/CI) states his intention is to "return to the U.S. with his child". He also stated that he intends to file a similar motion with the 9th Circuit District Court.

He verbally claimed that he did not have any intention of returning to the U.S. "right away" but repeatedly stated that he "needed" the passport as "identification for his son".

SBU FAM References [redacted]

He also stated that the child's birthday was [redacted], and the mother sent "a box of clothing" and not "a birthday cake", which he felt was a clear sign that she had "abandoned the child".

SBU FAM References [redacted]

[redacted]

SBU FAM References [redacted]

[redacted]

He asked when he would "get a decision" on his son's passport, and conoff stated that "decisions" could not made without submission of a DS-11 passport application and accompanying DS-5525 "*Statement of Exigent/Special Family Circumstances for Issuance of a Passport to a Minor Under Age 16*", or equivalent statement. Conoff also noted that any claimed special circumstances regarding his specific claim (needing an ID, presumably to obtain benefits), per 8 FAM 502.5-3d(9) would require prior authorization from AskPPTAdjudication@state.gov (as would any claim under d(8)).

He stated that he understood that particular decision could not be made at post and would need approval from Washington.

[ACTION] Although it's not likely to qualify as an exigent or special family circumstance after reviewing the FAM, as noted above, we can't preadjudicate. Since the passport was neither lost nor cancelled in error, and he does not qualify for a no-fee reissuance. Let's send an email to Mr. S[redacted] explaining the DS-11 and DS-5525 process.

**From:** [redacted]
**To:** [redacted]
**Cc:** Tokyo Consular ACS SCS DL; Tokyo Consular ACS Officers DL
**Subject:** RE: Duty Log
**Date:** Monday, January 07, 2019 1:06:48 AM

HI [redacted]

Thanks for your note. Good to hear that he didn't call you back again over the weekend. I was out at a prison visit this morning, so am just getting to your message now.

Re you question, I think it's best to put notes from your calls with dad (i.e. related to child's passport and welfare of the child) in the ACS+ record for the child. If he applies for a passport for his son, then those records would be available to the Consular Officer reviewing the case or someone in Washington assessing claims of exigent circumstances to waive two-parent consent.

Regards,

--[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

---

**From:** [redacted]
**Sent:** Monday, January 07, 2019 9:43 AM
**To:** [redacted]
**Cc:** Tokyo Consular ACS SCS DL; Tokyo Consular ACS Officers DL
**Subject:** RE: Duty Log

Good morning [redacted] I did not talk to Mr. S again after the conversation you and I had on Saturday. All our duty calls are first routed through the Tokyo operator. If Tokyo duty talked to him, it's possible he told the operator he didn't want to be connected to Sapporo again.

As we discussed on the phone, I have been putting my ACS+ case notes about Mr. S into his file. You asked about putting case notes into the son's file. How do you want me to proceed? Do you want them in both places?

[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

**From:** [redacted]
**Sent:** Monday, January 7, 2019 8:28 AM
**To:** [redacted]
**Cc:** Tokyo Consular ACS SCS DL <TokyoConsularACSSCSDL@state.gov>; Tokyo Consular ACS Officers DL <TokyoConsularACSOfficersDL@state.gov>

**Subject:** FW: Duty Log

Hi [redacted]

Good morning. Just wanted to let you know that Mr. S called again Sunday and spoke with Tokyo Duty Officer. Thanks again for taking his call Friday and on Saturday AM. Just wondering, did he reach out to you at all over the weekend?

-[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

---

**From:** [redacted]
**Sent:** Monday, January 07, 2019 8:26 AM
**To:** [redacted] Tokyo Consular DutyLog DL
**Subject:** RE: Duty Log

Hi [redacted]

Thank you for this report. An officer in Sapporo spoke with Mr. S for 90 minutes on Friday, and again on Saturday morning through the Duty Officer. So sorry that a call got forwarded to you. He had already been instructed to contact the Embassy during normal business hours. TOKYO ACS will follow up with him.

Best, [redacted]

---

[redacted]
American Citizen Services Chief, Consular Section
First Secretary and Consul
U.S. Embassy Tokyo
☎ - [redacted] | ✉ - [redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

---

**From:** [redacted]
**Sent:** Monday, January 07, 2019 8:17 AM
**To:** Tokyo Consular DutyLog DL
**Subject:** Duty Log

Consular Colleagues –

There was one duty officer phone call this weekend.

Mr. J S (phone: ) called yesterday (1/6) via State Ops at 5:40pm to discuss the passport and custody of his minor son, M S (DOB: ).

Mr. S reported that he, his wife, and son have all been living in the U.S. but that he came to Japan alone in October to renew his Japanese residency. While he was in Japan by himself, his wife took his son to Japan – without his permission or knowledge, he says – and the three of them have been here ever since. However, he reports his wife has stopped communicating with him as of about 5 days ago and he now wants to return to the United States with his son. Mr. S talked at length about IPCA, Hague, divorce/custody issues, etc in general and said he thinks this will become a "nasty divorce case." He wants the embassy's help to issue a passport to his son so the two of them can return to the United States. Mr. S reported that he and his son have no money but that they are OK and residing in the apartment that his employer (an eikaiwa in Sendai) provided to him.

Duty Officer suggested that Mr. S call the embassy during business hours and ask to speak to American Citizen Services and that this section was best placed to discuss the two parent consent for a minor's passport application (a subject Mr. S seemed to be fairly familiar with already).

Let me know if you have any questions.

Thanks,
[redacted]

[redacted]
Economic Officer
U.S. Embassy Tokyo
[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

**From:** Tokyo, CCU
**To:** [redacted]
**Cc:** [redacted] U.S. Embassy Tokyo ACS
**Subject:** FW: Call from the U.S. Embassy in Tokyo about your son's passport
**Date:** Monday, January 07, 2019 6:42:05 PM

---

[redacted] san,

CCU received a response from Mr. S .

Thank you,
CCU

**Official**
**UNCLASSIFIED**

---

**From:** mail@stackjones.com [mailto:mail@stackjones.com]
**Sent:** Tuesday, January 08, 2019 8:33 AM
**To:** Tokyo, CCU
**Subject:** Re: Call from the U.S. Embassy in Tokyo about your son's passport

I may be dealing with an abandonment case.
I've attempted to contact my wife numerous times since Jan. 2nd, she is nearly entirely nonresponsive.
Finally, she was supposed to meet me on 1.7.19. at the train station at 7:40PM. She did not show up.
I have been going to work with my child, and I'm not sure how long that will be permitted.
I want to reiterate, I had no intention of remaining in Japan, but only arrived in Japan to renew a visa.
The only reason I am currently in Japan is because my wife brought my child here without my knowledge, or consent.

J S

On Jan 7, 2019, at 3:04 PM, Tokyo, CCU <TokyoCCU@state.gov> wrote:

Dear Mr. S ,

Thank you for taking the time to talk with me this morning about your situation. I understand that it has been very stressful for you. Below, I've outlined some of the standard information regarding passports for minor children, followed by a brief recap of our discussion this morning regarding your son's passport.

> As you are aware, U.S. law requires that children under sixteen (16) years of age must appear in person accompanied by BOTH parents. Please see our website at https://jp.usembassy.gov/u-s-citizen-services/passports/children-under-16/.

If one parent cannot be present, the appearing parent MUST provide an original copy of the notarized form DS-3053 Statement of Consent(must be filled out/signed and notarized), and a photocopy of the non-applying parent's ID. Unfortunately, no exceptions can be made due to government regulations. Please see Parental Consent for Minors for more information.

If the child has two parents or guardians, but one is absent, and cannot be located to provide parental consent in a timely manner, the applying parent must submit Form DS-5525: Statement of Exigent/Special Family Circumstances. The statement must explain in detail the non-applying parent's or guardian's unavailability and recent efforts made to contact the non-applying parent. The applying parent also may be required to provide evidence (e.g., custody order, incarceration order, restraining order) to document his/her claim of exigent or special circumstances.

As we discussed, no decision can be made about your minor son's passport without first submitting a DS-11 "Application for a U.S. Passport", along with the DS-64 "Statement Regarding a Lost or Stolen U.S. Passport", if applicable. If your wife is unable or unwilling to consent to issuance, you will also be required to submit the DS-5525 as noted above (and explained earlier). **Please bear in mind that specific situations** (such as you outlined this morning) **cannot be approved without prior authorization from the Department in Washington, D.C**. Just for your awareness, however, in my experience, issuance of a passport based on a DS-5525 appears to only rarely happen, as the legal threshold is quite high.

Sincerely,

American Citizen Services
U.S. Embassy Tokyo
Follow us on twitter: https://mobile.twitter.com/acstokyo
Like us on Facebook: https://www.facebook.com/ACSTokyo

**Official - Privacy/PII**
**UNCLASSIFIED**

**From:** Tokyo, CCU
**To:** mail@stackjones.com
**Subject:** RE: Call from the U.S. Embassy in Tokyo about your son's passport
**Date:** Monday, January 07, 2019 7:22:19 PM

---

Dear Mr. S[redacted],

We understand that you are having some difficulty communicating with your wife. As noted earlier, no decision can be rendered on your son's passport without first applying for a replacement passport (DS-11), along with the DS-64, DS-3053, and/or DS-5525 supporting forms, as applicable.

Please also understand that special/exigent circumstances are not always straightforward, and frequently require authorization from the Department in Washington D.C. before a passport can be issued. An affirmative response is neither quick nor guaranteed.

Although we cannot provide legal advice or guidance, our experience has been that the fastest, most economical, and most satisfying outcome occurs when the couple can reach some sort of amicable agreement.

Sincerely,

American Citizen Services
U.S. Embassy Tokyo
Follow us on twitter: https://mobile.twitter.com/acstokyo
Like us on Facebook: https://www.facebook.com/ACSTokyo

**Official - Privacy/PII**
**UNCLASSIFIED**

---

**From:** mail@stackjones.com [mailto:mail@stackjones.com]
**Sent:** Tuesday, January 08, 2019 8:33 AM
**To:** Tokyo, CCU
**Subject:** Re: Call from the U.S. Embassy in Tokyo about your son's passport

I may be dealing with an abandonment case.
I've attempted to contact my wife numerous times since Jan. 2nd, she is nearly entirely nonresponsive.
Finally, she was supposed to meet me on 1.7.19. at the train station at 7:40PM. She did not show up.
I have been going to work with my child, and I'm not sure how long that will be permitted.
I want to reiterate, I had no intention of remaining in Japan, but only arrived in Japan to renew a visa.
The only reason I am currently in Japan is because my wife brought my child here without my knowledge, or consent.

J[redacted] S[redacted]

On Jan 7, 2019, at 3:04 PM, Tokyo, CCU <TokyoCCU@state.gov> wrote:

Dear Mr. S[redacted],

Thank you for taking the time to talk with me this morning about your situation. I understand that it has been very stressful for you. Below, I've outlined some of the standard information regarding passports for minor children, followed by a brief recap of our discussion this morning regarding your son's passport.

> As you are aware, U.S. law requires that children under sixteen (16) years of age must appear in person accompanied by BOTH parents. Please see our website at https://jp.usembassy.gov/u-s-citizen-services/passports/children-under-16/.
>
> If one parent cannot be present, the appearing parent MUST provide an original copy of the notarized form DS-3053 Statement of Consent(must be filled out/signed and notarized), and a photocopy of the non-applying parent's ID. Unfortunately, no exceptions can be made due to government regulations. Please see Parental Consent for Minors for more information.
>
> If the child has two parents or guardians, but one is absent, and cannot be located to provide parental consent in a timely manner, the applying parent must submit Form DS-5525: Statement of Exigent/Special Family Circumstances. The statement must explain in detail the non-applying parent's or guardian's unavailability and recent efforts made to contact the non-applying parent. The applying parent also may be required to provide evidence (e.g., custody order, incarceration order, restraining order) to document his/her claim of exigent or special circumstances.

As we discussed, no decision can be made about your minor son's passport without first submitting a DS-11 "Application for a U.S. Passport", along with the DS-64 "Statement Regarding a Lost or Stolen U.S. Passport", if applicable. If your wife is unable or unwilling to consent to issuance, you will also be required to submit the DS-5525 as noted above (and explained earlier). **Please bear in mind that specific situations** (such as you outlined this morning) **cannot be approved without prior authorization from the Department in Washington, D.C**. Just for your awareness, however, in my experience, issuance of a passport based on a DS-5525 appears to only rarely happen, as the legal threshold is quite high.

Sincerely,

American Citizen Services
U.S. Embassy Tokyo
Follow us on twitter: https://mobile.twitter.com/acstokyo
Like us on Facebook: https://www.facebook.com/ACSTokyo

**From:** [redacted]
**To:** [redacted] Tokyo Consular ACS SCS DL; Tokyo Consular ACS Officers DL; [redacted]
**Subject:** RE: Phone call with S , J re: issuance of child"s passport with single parent signature claiming exigent/special circumstances
**Date:** Tuesday, January 08, 2019 9:26:27 AM

---

Thanks for your input, [redacted] much appreciated. [redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

---

**From:** [redacted]
**Sent:** Sunday, January 06, 2019 11:05 PM
**To:** Tokyo Consular ACS SCS DL; Tokyo Consular ACS Officers DL; [redacted]
**Subject:** Phone call with S , J re: issuance of child's passport with single parent signature claiming exigent/special circumstances

S , J
DPOB
SSN 2
Email: mail@stackjones.com

Recent correspondence with Mr. S contained two possible phone numbers: and .

I contacted him at the first number, which was answered by a female. Initially, I was concerned that I had called his place of employment, but he later stated that this was the number of the house provided by his employer, and that the woman had come by to do a little housekeeping.

Consistent with his recent communications with others, he stated that he had previously lived in Japan and had moved to Florida. in March 2018 to live there with his family. In October, he returned to Japan alone to renew his visa, while his wife and child remained in the Florida. He planned to return circa Nov 11, but immediately prior to departing, he learned from his sister that his wife had purchased one-way tickets to return to Japan with their son. Concerned that his wife may divorce him and cancel his visa, he cancelled his flight, and immediately sought employment with an "eikawa" (English conversation school) in Sendai. He reiterated that his wife had lived with her sister in Tokyo (at an unknown address with unknown phone number) for about a month before moving to her parents' house in Yamagata.

He states that she was not totally incommunicado the entire time, as she had come up to visit

him in Sendai to help him find more permanent accommodations. At that time, he had given her his first paycheck (minus some money for his Suica card), as had been his practice throughout their marriage. It is unclear whether their son had come with her when she visited. He claims that instead of helping him find an apartment, she took the money and left him with nothing. Although the pay isn't much, conoff understood him to say that he also earns money by doing legal work (remotely), presumably for an entity in the U.S.

He further stated that he travelled to his in-laws house in Yamagata in early January and stayed there for two days, during which time they "were rude" to him (he states that the family was never supportive of them during the ten years that they have been together). He alleged that the house was "filthy", that fuel containers "were stacked in the entryway", that the house was unheated (all wore multiple layers of clothing and "you could see your breath" indoors), that his son was coughing and his (the son's) skin was "raw" from the harsh "chemical soaps" they use. He stated that he "took pictures" and decided to leave with his son and return to Sendai. He claimed that the family struggled with him, hit him, and pulled his son's arm when he tried to leave. He was ultimately able to leave with his son, albeit without his or his son's jackets or gloves, and they walked in the cold to the train station.

He states that the child is now safe in his house in Sendai, which is clean and warm, and that his employer is supportive. He states that his employer is also a single father with sole custody of his child, and has promised to "protect [his] son and not turn him over to the mother."

He also stated that the employer gave him some money (~$250) to buy food and other necessities until his next paycheck, and will allow him to remain in the "temporary housing" at no expense. Also, the mother shipped a box of the son's clothing for him to use there. He has no current concerns at this time about his son's safety or wellbeing.

He advised that he had filed a motion with the District Court in Hawaii to compel issuance of his son's passport. The motion (a copy of which was previously forwarded to the Embassy from OCS/CI) states his intention is to "return to the U.S. with his child". He also stated that he intends to file a similar motion with the 9th Circuit District Court.

He verbally claimed that he did not have any intention of returning to the U.S. "right away" but repeatedly stated that he "needed" the passport as "identification for his son".

[redacted]

[redacted]

He also stated that the child's birthday was Jan 4th, and the mother sent "a box of clothing" and not "a birthday cake", which he felt was a clear sign that she had "abandoned the child".

[redacted]

[redacted]

[redacted]

He asked when he would "get a decision" on his son's passport, and conoff stated that "decisions" could not made without submission of a DS-11 passport application and accompanying DS-5525 "*Statement of Exigent/Special Family Circumstances for Issuance of a Passport to a Minor Under Age 16*", or equivalent statement. Conoff also noted that any

claimed special circumstances regarding his specific claim (needing an ID, presumably to obtain benefits), per 8 FAM 502.5-3d(9) would require prior authorization from AskPPTAdjudication@state.gov (as would any claim under d(8)).

He stated that he understood that particular decision could not be made at post and would need approval from Washington.

[ACTION] Although it's not likely to qualify as an exigent or special family circumstance after reviewing the FAM, as noted above, we can't preadjudicate. Since the passport was neither lost nor cancelled in error, and he does not qualify for a no-fee reissuance. Let's send an email to Mr. S[redacted] explaining the DS-11 and DS-5525 process.

**Official - Privacy/PII**
**UNCLASSIFIED**

**From:** Tokyo, CCU
**To:** [redacted]
**Cc:** [redacted]; Sapporo, ACS; U.S. Embassy Tokyo ACS
**Subject:** Email from Mr. S _CCU
**Date:** Wednesday, January 09, 2019 9:40:54 PM

---

[redacted] san,

CCU received an email from Mr. S .

Thank you,
CCU

**Official - Privacy/PII**
**UNCLASSIFIED**

---

**From:** mail@stackjones.com [mailto:mail@stackjones.com]
**Sent:** Thursday, January 10, 2019 11:15 AM
**To:** Tokyo, CCU
**Subject:** Re: 1.10.19. Wife Communication

Ccd: アネスティ法律事務所 勝田 直子 <n.katsuta@honesty-lawoffice.com>, suda@suda-law.net

EMAIL TO MY WIFE TODAY. (I have sent similar communications every day since January 2nd, 2019)

——

1.10.19.

You were contacted today, via telephone at 10:36AM, so as to address your failure to act accordingly in the matter of your parental duties to my minor child, M S .

Your phone was turned off, which reflects that you continue to refuse to discuss this matter properly.

I have given you instructions to follow if you wish to continue to have parental rights. You have IGNORED those instructions numerous times.

DEMAND NOTICE:

1. Ship via COD, all of the property of J S , and the property of my son, which is currently located at your parent's Yonezawa address. I, J S , have communicated in regards to this matter with you numerous times, which you IGNORE. Your failure to address this matter is IMPROPER. ALL COSTS will be covered by J S , so there is no reason you are not complying with this request.

2. You MUST provide the addresses and telephone numbers of family members Sakiko, and Saiyuri, your sisters. This information is REQUIRED because you have hidden my son at their homes in the past, including most recently Nov. - Dec. of 2018, after entering Japan with my son, unlawfully, and without my permission. The addresses and phone numbers will be verified, so as to ensure that what you provide is accurate.

3. You MUST immediately mail to my current address, my son's U.S. Passport, so he has proper identification, as is required by Japanese law, U.S. law, and international law. If you have destroyed my son's passport, you must tell me, so I can get a replacement issued by the U.S. Embassy in Tokyo.

As well, you have not seen your son since January 2nd 2019. Due to this fact, I have to bring my son to work every day, which causes great stress for my son, and for my company. I leave work at 9:00PM, and thereafter I have to take a train, and a bus, and then walk to the company housing I currently reside at. All week, my son gets home at almost 11PM, and then had to eat dinner, and take a bath. Under such circumstances, he cannot get to bed before midnight. Your actions amount to child endangerment and gross child neglect.

I have asked you to return the the company house, and be a caregiver for your minor child, and I have communicated this to you numerous times. You have FAILED to do so, including, several times, stating you would, setting appointment times for us to meet you, yet, you FAILED to show up, each and every time, which costs my son great pain and emotional suffering.

If you FAIL to follow the aforementioned instructions, I will be forced to file child abandonment proceedings, and have your parental rights REMOVED, in accordance to U.S. law, Japanese law, and International Law.

Let me make it CLEAR that I do not wish to file abandonment charges against you, but instead, wish to resolve this matter for the benefit of my son. Regardless, I will do file said charges, if you DO NOT initiate the steps required of you which are stated above.

J[redacted] S[redacted]

On Jan 9, 2019, at 1:38 PM, アネスティ法律事務所 勝田 直子 <n.katsuta@honesty-lawoffice.com> wrote:

Dear J[redacted]

Thank you for your e-mail.
I called Mr.SUDA(lawyer) and told him your story.
I am expecting him to be on your side.
He is a good lawyer and a reliable person.

The home Page of his office is as follows;

http://www.suda-law.net/english00.html

Please check it and call him or send to him e-mail.
His call number and e-mail address are as follws;
03-6300-4452
suda@suda-law.net

Sincerely Naoko

~~~~~~~~~~~~~~~~
アネスティ法律事務所
事務局 井上直子
電話022-714-6153
mail n.katsuta@honesty-lawoffice.com
〒980-0014仙台市青葉区本町1-9-5
五城ビル502
~~~~~~~~~~~~~~~~

**From:** U.S. Embassy Tokyo ACS
**To:** Tokyo Consular ACS Officers DL; Tokyo Consular ACS SCS DL
**Subject:** FW: Email from Mr. S _CCU
**Date:** Wednesday, January 09, 2019 9:43:50 PM

---

**Official - Privacy/PII**
**UNCLASSIFIED**

**From:** Tokyo, CCU
**Sent:** Thursday, January 10, 2019 11:41 AM
**To:** [redacted]
**Cc:** [redacted] Sapporo, ACS; U.S. Embassy Tokyo ACS
**Subject:** Email from Mr. S _CCU

[redacted] san,

CCU received an email from Mr. S .

Thank you,
CCU

**Official - Privacy/PII**
**UNCLASSIFIED**

**From:** mail@stackjones.com [mailto:mail@stackjones.com]
**Sent:** Thursday, January 10, 2019 11:15 AM
**To:** Tokyo, CCU
**Subject:** Re: 1.10.19. Wife Communication

Ccd: アネスティ法律事務所 勝田 直子 <n.katsuta@honesty-lawoffice.com>, suda@suda-law.net

EMAIL TO MY WIFE TODAY. (I have sent similar communications every day since January 2nd, 2019)

—

1.10.19.

You were contacted today, via telephone at 10:36AM, so as to address your failure to act accordingly in the matter of your parental duties to my minor child, M S .

Your phone was turned off, which reflects that you continue to refuse to discuss this matter properly.

I have given you instructions to follow if you wish to continue to have parental rights. You

have IGNORED those instructions numerous times.

DEMAND NOTICE:

1. Ship via COD, all of the property of J[redacted] S[redacted], and the property of my son, which is currently located at your parent's Yonezawa address. I, J[redacted] S[redacted], have communicated in regards to this matter with you numerous times, which you IGNORE. Your failure to address this matter is IMPROPER. ALL COSTS will be covered by J[redacted] S[redacted], so there is no reason you are not complying with this request.

2. You MUST provide the addresses and telephone numbers of family members Sakiko, and Saiyuri, your sisters. This information is REQUIRED because you have hidden my son at their homes in the past, including most recently Nov. - Dec. of 2018, after entering Japan with my son, unlawfully, and without my permission. The addresses and phone numbers will be verified, so as to ensure that what you provide is accurate.

3. You MUST immediately mail to my current address, my son's U.S. Passport, so he has proper identification, as is required by Japanese law, U.S. law, and international law. If you have destroyed my son's passport, you must tell me, so I can get a replacement issued by the U.S. Embassy in Tokyo.

As well, you have not seen your son since January 2nd 2019. Due to this fact, I have to bring my son to work every day, which causes great stress for my son, and for my company. I leave work at 9:00PM, and thereafter I have to take a train, and a bus, and then walk to the company housing I currently reside at. All week, my son gets home at almost 11PM, and then had to eat dinner, and take a bath. Under such circumstances, he cannot get to bed before midnight. Your actions amount to child endangerment and gross child neglect.

I have asked you to return the the company house, and be a caregiver for your minor child, and I have communicated this to you numerous times. You have FAILED to do so, including, several times, stating you would, setting appointment times for us to meet you, yet, you FAILED to show up, each and every time, which costs my son great pain and emotional suffering.

If you FAIL to follow the aforementioned instructions, I will be forced to file child abandonment proceedings, and have your parental rights REMOVED, in accordance to U.S. law, Japanese law, and International Law.

Let me make it CLEAR that I do not wish to file abandonment charges against you, but instead, wish to resolve this matter for the benefit of my son. Regardless, I will do file said charges, if you DO NOT initiate the steps required of you which are stated above.

J[redacted] S[redacted]

On Jan 9, 2019, at 1:38 PM, アネスティ法律事務所 勝田 直子 <n.katsuta@honesty-lawoffice.com> wrote:

Dear J

Thank you for your e-mail.
I called Mr.SUDA(lawyer) and told him your story.
I am expecting him to be on your side.
He is a good lawyer and a reliable person.

The home Page of his office is as follows;
http://www.suda-law.net/english00.html

Please check it and call him or send to him e-mail.
His call number and e-mail address are as follws;
03-6300-4452
suda@suda-law.net

Sincerely Naoko

~~~~~~~~~~~~~~~~
アネスティ法律事務所
事務局 井上直子
電話022-714-6153
mail n.katsuta@honesty-lawoffice.com
〒980-0014仙台市青葉区本町1-9-5
五城ビル502
~~~~~~~~~~~~~~~~

**From:** [redacted]
**To:** Tokyo, CCU
**Cc:** [redacted] Sapporo, ACS; U.S. Embassy Tokyo ACS
**Subject:** RE: Email from Mr. S _CCU
**Date:** Wednesday, January 09, 2019 9:51:57 PM

---

Thank you; please do not respond to this email. We should not get involved in their domestic dispute, nor give the appearance of taking sides or legitimizing his statements or claims—none of which will have any bearing on any current or pending passport applications for their son.

As you know, we have also been in regular communication with the wife.

[redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

---

**From:** Tokyo, CCU
**Sent:** Thursday, January 10, 2019 11:41 AM
**To:** [redacted]
**Cc:** [redacted] Sapporo, ACS; U.S. Embassy Tokyo ACS
**Subject:** Email from Mr. S _CCU

[redacted] san,

CCU received an email from Mr. S .

Thank you,
CCU

**Official - Privacy/PII**
**UNCLASSIFIED**

---

**From:** mail@stackjones.com [mailto:mail@stackjones.com]
**Sent:** Thursday, January 10, 2019 11:15 AM
**To:** Tokyo, CCU
**Subject:** Re: 1.10.19. Wife Communication

Ccd: アネスティ法律事務所 勝田 直子 <n.katsuta@honesty-lawoffice.com>, suda@suda-law.net

EMAIL TO MY WIFE TODAY. (I have sent similar communications every day since January 2nd, 2019)

———

1.10.19.

You were contacted today, via telephone at 10:36AM, so as to address your failure to act accordingly in the matter of your parental duties to my minor child, M[redacted] S[redacted].

Your phone was turned off, which reflects that you continue to refuse to discuss this matter properly.

I have given you instructions to follow if you wish to continue to have parental rights. You have IGNORED those instructions numerous times.

DEMAND NOTICE:

1. Ship via COD, all of the property of J[redacted] S[redacted], and the property of my son, which is currently located at your parent's Yonezawa address. I, J[redacted] S[redacted], have communicated in regards to this matter with you numerous times, which you IGNORE. Your failure to address this matter is IMPROPER. ALL COSTS will be covered by J[redacted] S[redacted], so there is no reason you are not complying with this request.

2. You MUST provide the addresses and telephone numbers of family members Sakiko, and Saiyuri, your sisters. This information is REQUIRED because you have hidden my son at their homes in the past, including most recently Nov. - Dec. of 2018, after entering Japan with my son, unlawfully, and without my permission. The addresses and phone numbers will be verified, so as to ensure that what you provide is accurate.

3. You MUST immediately mail to my current address, my son's U.S. Passport, so he has proper identification, as is required by Japanese law, U.S. law, and international law. If you have destroyed my son's passport, you must tell me, so I can get a replacement issued by the U.S. Embassy in Tokyo.

As well, you have not seen your son since January 2nd 2019. Due to this fact, I have to bring my son to work every day, which causes great stress for my son, and for my company. I leave work at 9:00PM, and thereafter I have to take a train, and a bus, and then walk to the company housing I currently reside at. All week, my son gets home at almost 11PM, and then had to eat dinner, and take a bath. Under such circumstances, he cannot get to bed before midnight. Your actions amount to child endangerment and gross child neglect.

I have asked you to return the the company house, and be a caregiver for your minor child, and I have communicated this to you numerous times. You have FAILED to do so, including, several times, stating you would, setting appointment times for us to meet you, yet, you FAILED to show up, each and every time, which costs my son great pain and emotional suffering.

If you FAIL to follow the aforementioned instructions, I will be forced to file child abandonment proceedings, and have your parental rights REMOVED, in accordance to U.S. law, Japanese law, and International Law.

Let me make it CLEAR that I do not wish to file abandonment charges against you, but instead, wish to resolve this matter for the benefit of my son. Regardless, I will do file said

charges, if you DO NOT initiate the steps required of you which are stated above.

J[redacted] S[redacted]

On Jan 9, 2019, at 1:38 PM, アネスティ法律事務所 勝田 直子 <n.katsuta@honesty-lawoffice.com> wrote:

Dear J[redacted]

Thank you for your e-mail.
I called Mr.SUDA(lawyer) and told him your story.
I am expecting him to be on your side.
He is a good lawyer and a reliable person.

The home Page of his office is as follows;
http://www.suda-law.net/english00.html

Please check it and call him or send to him e-mail.
His call number and e-mail address are as follws;
03-6300-4452
suda@suda-law.net

Sincerely Naoko

~~~~~~~~~~~~~~~~
アネスティ法律事務所
事務局 井上直子
電話022-714-6153
mail n.katsuta@honesty-lawoffice.com
〒980-0014仙台市青葉区本町1-9-5
五城ビル502
~~~~~~~~~~~~~~~~

**From:** [redacted]
**To:** U.S. Embassy Tokyo ACS; Tokyo Consular ACS Officers DL; Tokyo Consular ACS SCS DL
**Subject:** RE: Email from Mr. S[redacted]_CCU
**Date:** Wednesday, January 09, 2019 9:52:44 PM

---

FYA, I've sent the following response to CCU:

> *Thank you; please do not respond to this email. We should not get involved in their domestic dispute, nor give the appearance of taking sides or legitimizing his statements or claims—none of which will have any bearing on any current or pending passport applications for their son.*
>
> *As you know, we have also been in regular communication with the wife.*
>
> [redacted]

**Official - Privacy/PII**
**UNCLASSIFIED**

---

**From:** U.S. Embassy Tokyo ACS
**Sent:** Thursday, January 10, 2019 11:44 AM
**To:** Tokyo Consular ACS Officers DL; Tokyo Consular ACS SCS DL
**Subject:** FW: Email from Mr. S[redacted]_CCU

**Official - Privacy/PII**
**UNCLASSIFIED**

---

**From:** Tokyo, CCU
**Sent:** Thursday, January 10, 2019 11:41 AM
**To:** [redacted]
**Cc:** [redacted] Sapporo, ACS; U.S. Embassy Tokyo ACS
**Subject:** Email from Mr. S[redacted]_CCU

[redacted] san,

CCU received an email from Mr. S[redacted].

Thank you,
CCU

**Official - Privacy/PII**
**UNCLASSIFIED**

---

**From:** mail@stackjones.com [mailto:mail@stackjones.com]