**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| JACK STONE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 19-3273 (RC) |
| | : | | |
| v. | : | Re Document No.: | 120 |
| | : | | |
| U.S. EMBASSY TOKYO, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**ORDER**

On June 5, 2020, Defendants filed a Motion for Summary Judgment. *See* ECF No. 120. This Motion could potentially dispose of the case. Because Plaintiff is proceeding *pro se*, the Court hereby notifies him that under the Federal Rules of Civil Procedure and the local rules of this court, the Court may grant the requested relief and dismiss the case if Plaintiff fails to respond within the time provided.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509. The Court's local rules governing dispositive motions provide that, "[w]ithin 14 days of the date of service or as such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded." Local Civil Rule 7(b).

In ruling on motions for summary judgment, "any factual assertion in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F. 2d 453, 456–57 (D.C. Cir. 1992) (quoting *Lewis v. Faulkner*, 689 F. 2d 100, 102 (7th Cir. 1982)). Rule 56 of the Federal Rules of Civil Procedure provides:

> (c) Procedures.
> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
> . . . .
> (e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.

Thus, parties like Plaintiff, who are on the opposing side of a motion for summary judgment must, for example, rebut the moving party's affidavits with evidence, such as other affidavits or sworn statements; mere statements that the moving party's affidavits are inaccurate

or incorrect are not sufficient. For these purposes, a verified complaint may serve as an affidavit. *See Neal*, 963 F. 2d at 457–58.

The Court notes that, under the current briefing schedule, Plaintiff's opposition is currently due on July 6, 2020, which is 30 days after Defendants' motion for summary judgment was due. Accordingly, it is hereby:

**ORDERED** that Plaintiff shall, consistent with this Court's prior order (ECF No. 109), respond to Defendants' Motion for Summary Judgment (ECF No. 120) on or before July 6, 2020. If Plaintiff neither responds nor moves for an extension of time by that date, the Court may treat the Motion as conceded and, if the circumstances warrant, enter judgment for Defendants.

**SO ORDERED**.

Dated: June 9, 2020

RUDOLPH CONTRERAS
United States District Judge