UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK STONE,<br>*Plaintiff*,<br>v.<br>U.S. EMBASSY TOKYO, *et al.*,<br>*Defendants*. | Civil Action No. 19-3273 (RC) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S RESPONSE TO INCOMPLETE ADMINISTRATIVE RECORD**

Defendants, the United States Department of State ("Department of State") and the United States Embassy in Tokyo, Japan ("U.S. Embassy"), respectfully submit the following opposition to Plaintiff's Response to Incomplete Administrative Record. *See* ECF No. 135. Defendants construe Plaintiff's filing as a motion to supplement the administrative record certified and filed by Defendants in this case. *See* ECF Nos. 113, 122. The only claim currently before this Court for consideration is a claim for judicial review of agency action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, in connection with the Department of State's June 2019 decision to deny a passport application that Plaintiff submitted on behalf of his minor child in February 2019.

In an APA case such as this one, the complete administrative record regarding a challenged agency action consists of "all documents and materials that the agency directly or indirectly considered . . . [and nothing] more nor less." *Animal Legal Def. Fund v. Vilsack*, 110 F. Supp. 3d 157, 159 (D.D.C. 2015) (internal citations and quotations omitted). "In other words, the administrative record should not include materials that were not considered by agency decisionmakers." *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F.

Supp. 2d 1, 4 (D.D.C. 2006) (internal citation and quotations omitted). "[A]bsent clear evidence, an agency is entitled to a strong presumption of regularity, that it properly designated the administrative record." *Id.* at 5. Thus, "[s]upplementation of the administrative record is the exception, not the rule." *Id.*; *see also Franks v. Salazar*, 751 F. Supp. 2d 62, 67 (D.D.C. 2010) ("A court that orders an administrative agency to supplement the record of its decision is a rare bird."). "In seeking to force Defendants to supplement the administrative record with documents that were purportedly before the agency . . . [a plaintiff] must articulate when the [relevant] documents were presented to the agency, to whom, and under what context." *Pac. Shores*, 448 F. Supp. 2d at 7 ("Although Plaintiffs imply that the Corps possessed some of the documents because Plaintiffs obtained them through a Freedom of Information Act ["FOIA"] request, there is no evidence that the Corps' decisionmaker were actually aware of the fourteen documents Plaintiffs seek to include."). If a plaintiff "can present such proof showing that [the agency] did not include materials that were part of its record, whether by design or accident, then supplementation is appropriate." *Nat'l Mining Ass'n v. Jackson*, 856 F. Supp. 2d 150, 156 (D.D.C. 2012 (citation omitted).

Here, the Department of State's administrative record related to the adjudication of the passport application Plaintiff submitted on behalf of his minor child includes all communications and documents that the relevant decisonmaker directly or indirectly relied upon in determining to deny the passport application. *See* ECF No. 122-1 ("I certify that the attached index is a true and accurate list of all documents relating to the denial of Jack Stone's passport application on behalf of his minor child, M.S., executed at the U.S. Embassy in Tokyo on February 13, 2019 and denied

on June 4, 2019.").[1] Plaintiff challenges: (1) certain redactions applied to portions of the record, "notably matters relevant to" specific sections of the Foreign Affairs Manual ("FAM"); (2) the inclusion of "extrinsic, and irrelevant matters" in the record—namely, the Department of State's response to a FOIA request submitted by Plaintiff; and (3) the exclusion of certain communications Plaintiff had with Department of State officials. ECF No. 135 at 1-2. Plaintiff fails to show that the agency has improperly excluded or included any items from the record concerning the adjudication of Plaintiff's application for a passport on behalf of his minor son.

*First*, with respect to Plaintiff's challenge to Defendants' redactions—namely those concerning Sensitive But Unclassified information contained within the FAM that Defendants assert, if released, could provide the public with information that could aid applicants seeking to circumvent the two-parent consent requirement—those redactions are currently the subject of Defendants' pending Motion for Leave to Submit Specific Portions of the Administrative Record *Ex Parte* and *In Camera* or, in the Alternative, Under Seal and Subject to a Protective Order. *See* ECF No. 114.

*Second*, regarding the inclusion in the administrative record of the Department of State's response to a FOIA request submitted by Plaintiff, Defendants note that the records comprising the FOIA response were compiled by consular staff at the U.S. Embassy in Tokyo at the same time

---

[1] The passport application at issue was submitted on February 9, 2019, and denied on June 4, 2019. During this timeframe, the Department of State provided the Plaintiff with information on what would be required for issuance of a passport to a minor and an opportunity to submit additional information or documentation sufficient to satisfy the regulatory requirements. When Plaintiff failed to provide the additional information necessary to satisfy the requirements for issuance, the Department of State made its final decision to deny the application on June 4, 2019. Defendants note that Plaintiff mistakenly asserts that the record reflects multiple denials. *See* ECF No. 135 at 3. The record instead reflects that the Department of State made every effort to respond to Plaintiff's contacts quickly, especially as he sought assistance on behalf of a minor. However, Plaintiff only submitted one application, and it was only denied one time.

that Plaintiff was applying for his minor child's passport. Those records were therefore included in the administrative record in order to include any materials indirectly considered by the relevant agency decisionmaker, given that knowledge of the FOIA response materials may have affected the decisionmaker's assessment of Plaintiff's credibility when considering his statements of special family and/or exigent circumstances. *See* ECF No. 120-1 at 19 n.13.

*Third*, with respect to Plaintiff's claim that records were improperly excluded from the administrative record, warranting supplementation, Plaintiff's contention is without merit. Defendants have opposed Plaintiff's attempts to further amend the Second Amended Complaint to raise claims apart from a challenge to the passport application adjudication, *see* ECF No. 89, and this Court is currently considering the briefing on this issue for decision. Any documents relevant to Plaintiff's other purported claims are not properly part of an administrative record concerning the passport adjudication. In particular, any actions that the Department of State has taken in its role as the U.S. Central Authority for the Hague Abduction Convention ("USCA") are separate and apart from the decision made with regard to the passport application, and are not properly part of that administrative record.[2] Moreover, Plaintiff concedes that he seeks to supplement the administrative record with documents which postdate the June 4, 2019 passport denial decision, *see, e.g.*, ECF No. 135 at 2 (referencing a letter dated June 19, 2020), which would not properly be part of the administrative record under any circumstance, as they could not possibly bear on the relevant decision.

[2] Defendants note that the Department of State's Office of Children's Issues performs the role of USCA under the Convention, and carries out the USCA functions under the Convention. This role includes processing an application for return under the Convention and forwarding it to a foreign central authority when appropriate. The USCA does *not* adjudicate passport applications, and the fact that the USCA has received a request for return of a child under the Convention does *not* exempt the child from the statutory and regulatory requirements for issuance of a passport to a minor.

Here, the decision on the passport application was made by consular officers at the U.S. Embassy, in consultation with appropriate parties in the Department of State's Passport office in Washington, D.C., who considered whether the requirements of the regulations for issuance of a passport to a minor were satisfied and used FAM provisions to guide that decision. *See* ECF No. 120-1. The facts underlying that decision and the reasoning for that decision are all included in the administrative record compiled by the Department of State, including proof of the Department of State's thorough review of the evidence at multiple levels to ensure the appropriate decision was made. Plaintiff's repeated requests for discovery in this action, and the instant request to supplement the administrative record, have been submitted without meeting the high legal threshold required. The Department of State's certified administrative record is given a presumption of regularity, which Plaintiff cannot overcome in these circumstances.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to supplement the administrative record. A proposed order is submitted herewith.

Dated: July 8, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: *<u>/s/ Katherine B. Palmer-Ball</u>*
KATHERINE B. PALMER-BALL
D.C. Bar #1014003
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2537
katherine.palmer-ball@usdoj.gov

*Counsel for Defendants*