UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK STONE,<br>*Plaintiff*,<br>v.<br>U.S. EMBASSY TOKYO, *et al.*,<br>*Defendants*. | Civil Action No. 19-3273 (RC) |

**DEFENDANTS' COMBINED OPPOSITION TO [1] PLAINTIFF'S MOTION TO COMPEL CHILDREN'S REMOVAL FROM PASSPORT PROTECTION PROGRAM AND [2] PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' RECORDS RE CRIMINAL CHARGES SOUGHT AND HAGUE CONVENTION FILINGS**

Defendants, the United States Department of State ("Department of State") and the United States Embassy in Tokyo, Japan ("U.S. Embassy"), respectfully submit the following combined opposition to: [1] Plaintiff's Motion to Compel Children's Removal from Passport Protection Program (ECF No. 138) and [2] Plaintiff's Motion to Compel Defendants' Records re Criminal Charges Sought and Hague Convention Filings (ECF No. 139). Defendants submit that these filings further evidence Plaintiff's continued attempts to expand the scope of this litigation beyond the single Administrative Procedure Act ("APA") claim that is the subject of the operative Second Amended Complaint—a claim for judicial review of the Department of State's June 2019 denial of the passport application that Plaintiff submitted on behalf of his minor child in February 2019. *See* ECF No. 39. For this reason alone, and for the additional reasons discussed below, Plaintiff's motions to compel should be denied.

## I. Plaintiff's Motion to Compel Children's Removal from Passport Protection Program (ECF No. 138)

Plaintiff's Motion to Compel Children's Removal from Passport Protection Program demands the removal of his children "from any passport protection program," given documents within the administrative record indicating that Plaintiff's minor child, M.S., would be enrolled in the Department of State's Children's Passport Issuance Alert Program ("CPIAP"). ECF No. 138 at 2. Plaintiff asserts that "Defendants' placement of Plaintiff's child into a passport protection program, to prevent the child from traveling, from returning home, is unjust." *Id.* Plaintiff appears to misunderstand the nature of the Department of State's authority in this context.

The Department of State's website explains that CPIAP is a notice program, which "allows the Department of State's Office of Children's Issues to contact the enrolling parent(s) or legal guardians(s) to verify whether the parental consent requirement for minor passport issuance has been met when a passport application has been submitted for an enrolled child."[1] In addition, once a minor has been enrolled in CPIAP, the Office of Children's Issues "may alert the enrolling parent(s) or legal guardian(s) of a pending passport application and past passport issuances for the child."[2] As a Department of State brochure concerning Preventing International Parental Child Abduction makes clear, "[e]nrolling a child into CPIAP does *not* guarantee that the child will not

[1] U.S. Dep't of State, Children's Passport Issuance Alert Program, https://travel.state.gov/content/travel/en/International-Parental-Child-Abduction/prevention/passport-issuance-alert-program.html.

[2] *Id.*

be issued a passport."[3] There is no legal basis for Plaintiff's motion to compel and the motion should be denied.

### II. Plaintiff's Motion to Compel Defendants' Records re Criminal Charges Sought and Hague Convention Filings (ECF No. 139)

Plaintiff's Motion to Compel Defendants' Records re Criminal Charges Sought and Hague Convention Filings demands that Defendants "turn over all records pertaining to Defendants' criminal investigation witch hun[t] and Hague Convention filings." ECF No. 139 at 3. Plaintiff's motion appears to be yet another attempt to obtain discovery and/or attempt to supplement the administrative record certified by Defendants in this matter. *See, e.g.*, ECF No. 126 (Plaintiff's Motion for Discovery); ECF No. 135 (Plaintiff's Response to Incomplete Administrative Record). Plaintiff's claim is one under the APA, and therefore judicial review in this matter is "based solely on the administrative record," LCvR 7(h)(2)—in other words, the administrative record regarding the adjudication and denial of Plaintiff's application for a passport on behalf of his minor son. *Cf.* ECF No. 152 (Defendants' Reply to Plaintiff's Response to Incomplete Administrative Record).

In fact, Defendants have construed certain of Plaintiff's prior filings, *see* ECF Nos. 72, 78, as motions for leave to amend or supplement the Second Amended Complaint to include a request for an order for M.S.'s return to the United States under the Hague Convention and, on January 23, 2020, Defendants filed an opposition to those motions. *See* ECF No. 89. Briefing has been completed and, absent an order from the Court directing otherwise, Plaintiff's claims concerning the Hague Convention are not currently part of this case. Plaintiff's motion to compel should be denied.

---

[3] U.S. Dep't of State, Bureau of Consular Affairs, Preventing International Child Abduction, https://travel.state.gov/content/dam/NEWIPCAAssets/pdfs/IPCA_Prevention_Brochure_English.pdf (emphasis added).

**********

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motions to compel. A proposed order is submitted herewith.

Dated: July 9, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: /s/ *Katherine B. Palmer-Ball*
KATHERINE B. PALMER-BALL
D.C. Bar #1014003
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2537
katherine.palmer-ball@usdoj.gov

*Counsel for Defendants*