**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JACK STONE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF STATE CA/OCS/CI, AND U.S. EMBASSY TOKYO,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV 19-3273 |

# EMERGENCY MOTION TO COMPEL ISSUANCE OF CONSULAR REPORT OF BIRTH ABROAD FOR PLAINTIFF'S SECOND BORN MINOR CHILD CURRENTLY HELD IN A STATE OF ABDUCTION, AND, TO COMPEL U.S. PASSPORT ISSUANCE DUE EXIGENT AND SPECIAL FAMILY CIRCUMSTANCES, CREATED BY DEFENDANTS EXCLUSIVELY, AND FOR DAMAGES

## I.

## Standard of Review

"We do not defer to an agency's interpretation of the APA's statutory requirements, although the statute itself presumes that review of agency action under the arbitrary-and-capricious standard is "highly deferential." Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs, 260 F.3d 1365, 1372 (Fed Cir. 2001); see also Collins v. Nat'l Transp. Safety Bd., 351 F.3d 1246, 1253 (D.C. Cir. 2003) ("For generic statutes like the APA, . . . the broadly sprawling applicability undermines any basis for deference, and courts must therefore review interpretative questions de novo."); Mobil Oil Corp. v. Dep't of Energy, 728 F.2d 1477, 1486-87 (Temp. Emer. Ct. App. 1983) ("We are free to make an independent determination of the legal question as to whether the agency has made a showing of good cause."). Mid Continent Nail Corporation v. US, (Fed. Cir. 2017).

Once again Plaintiff is forced to show Defendants actions are arbitrary and capricious. Here, the arbitrary and capricious recklessness is where Defendants refuse to issue Consular Report of Birth Abroad for a U.S. Citizen to Plaintiff's second child.

## II.

## Statement of Fact

Plaintiff, a naturalized U.S. citizen's second child was born in Japan, September 27th 2019. The child is retained in Japan against Plaintiff's parental rights, and Plaintiff is being denied access in violation of the Convention on the Civil Aspects of International Child Abduction, Congress' International Child Abduction Remedies Act, Congress' Sean and David Goldman International Parental Child Abduction Prevention Act, the Uniform Child Custody Jurisdiction Enforcement Act and the United Nations Convention on the Rights of the Child.

Every relevant treaty stated above the U.S. and Japan are signatories to.

The aforementioned Treaties are the Law of the Land as per the Supremacy Clause.

Both of Plaintiff's children were born in Japan. Both children's births are recorded in the city of Yonezawa, Japan, birth registry. Plaintiff's is recorded as the biological father of both children in the registry.

Plaintiff's firstborn child obtained a Consular Report of Birth Abroad for a U.S. Citizen from Defendants U.S. Embassy in Tokyo (Tokyo Embassy) without issue.

Plaintiff applied under identical circumstances for his second child's, Consular Report of Birth Abroad for a U.S. Citizen (report), but Defendants refuse to issue the report.

Defendants unreasonably demand to see the wife's Japan issued passport, which Plaintiff has not access to, and which Defendants know Plaintiff has no access to.

Defendants engage in arbitrary and capricious conduct, intended to harass.

Exhibit A., is a true and correct copy of the birth registration document that records both of Plaintiff's children.

To obtain a report for Plaintiff's second child, he applied, paid the relevant fee, and provided all documents Defendants required. Even so, Defendants refuse to issue the report. Exhibit B., is a true and correct copy of the Application Confirmation.

Exhibit C., is a true and correct copy of the U.S. Embassy and Consulates in Japan application process posted on the world wide web, regarding Consular Report of Birth Abroad.

Exhibit D., is a true and correct copy of scheduled appointment for the Consular Report of Birth Abroad for Plaintiff's child.

Exhibit E., is a true and correct copy of Chapter 3, U.S. Citizens at Birth (INA 301 and 309) Policy Manual.

First, U.S. citizenship extends to the child through Act of Congress, not from viewing a foreign parent's foreign issued passport.

Second, the only relevant requirements under Congressional Act is that Plaintiff is a naturalized U.S. citizen. Plaintiff was born in the state of Florida.

Third, a requirement for Defendants to issue the report is the child was born outside of any U.S. geographical. Japan is not a U.S. territory, therefore the child was born outside of the geographical territory of the U.S.

Fourth, the only remaining requirement for Defendants to issue the report is for Plaintiff to have had physical presence in the U.S. for a period of ten years, five after the age of 14. From birth until Plaintiff went to Japan for employment purposes in 2007, Plaintiff had physical presence in the U.S. for a period of 49 years.

Plaintiff meets all required prongs, and Defendants must provide report.

The Consular Report of Birth Abroad of U.S. Citizen wouldn't even be at issue but for Defendants failure to finalize wife's visa, failure to block abduction out of Florida of Plaintiff's firstborn child, and Defendants' refusal to reissue passport to Plaintiff's first child after abduction.

Plaintiff obtained a Consular Report of Birth Abroad for his first child, at the exact same embassy without issue in 2014. The rules have not changed whatsoever.

Defendants' arbitrary and capricious actions, refusal to issue the report is done in bad faith and for no other purpose but to harass Plaintiff.

Plaintiff sues for damages under the Administrative Procedures Act. Notably, Little Tucker in the amount of 10,000.00 USD.

5 USC §551 et seq. (1946), The Administrative Procedure Act (APA), governs the process by which federal agencies develop and issue regulations. In addition to setting forth rulemaking procedures, the APA addresses other agency actions such as issuance of policy statements, licenses, and permits. It also provides standards for judicial review if a person has been adversely affected or aggrieved by an agency action.

The Tucker Act, 28 U.S.C. § 1491 is a federal statute of the United States by which the United States government has waived its sovereign immunity with respect to certain lawsuits.

The Tucker Act is divided into the Big Tucker Act, which applies to **claims above 10,000.00 USD**, and gives jurisdiction to the United States Court of Federal Claims.

The Little Tucker Act (28 U.S.C. § 1346), gives concurrent jurisdiction to the Court of Federal Claims and the District Courts, "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws", **and for claims below 10,000.00 USD.** *See: Litigation Against the Government, Federal Practice Manual for Legal Aid Attorneys. Sargent Shriver National Center on Poverty Law.*

Given the current exigent and special family circumstances created by Defendants alone, Plaintiff requires the Court to compel Defendants to issue the report, without any further delay.

Plaintiff also requires Defendants to issue the child a U.S. passport.

## III.

## Argument

Plaintiff's visa to remain in Japan has expired.

Plaintiff and his firstborn child are threatened with eviction proceedings, which initiates July 22nd 2020.

Plaintiff may be forced to leave Japan with his children, and due to Defendants' reckless acts, and where this Court has not acted, it appears the only manner in which to do so is to the Russian Island of Kunishir.

Having identification for both children is mandatory given these circumstances. Birth Reports and passports are required.

**The Immigration and Nationality Act of 1952.**

Section 301. (a) The following shall be nationals and citizens of the United States at birth:

(1) a person born in the United States, and subject to the jurisdiction thereof;

(7) a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States, who prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totalling not less than ten years, at least five of which were after attaining the age of fourteen years.

**<u>The Citizenship Act of 1978.</u>**

This legislation repeals subsections (b), (c) and (d) of section 301 of the Immigration and Nationality Act of 1952, and came into effect October 10th 1978. The Citizenship Act of 1978 strikes out "(a)" after "Section 301" and redesignates paragraphs (1) through (7) as subsections (a) through (g) respectively. <u>The Citizenship Act of 1978 removes the requirement for a child acquiring U.S. citizenship at birth abroad to subsequently reside in the United States to retain citizenship.</u>

**<u>Sessions v. Morales-Santana, 582 U.S., No. 15–1191 (2017).</u>**

Argued November 9, 2016. Decided June 12, 2017.

Ginsburg, J., delivered the opinion of the Court, in which Roberts, C. J., and Kennedy, Breyer, Sotomayor, and Kagan, JJ., joined. Thomas, J., filed an opinion concurring in the judgment in part, in which Alito, J., joined.

The Court held:

The Immigration and Nationality Act, 8 U.S.C. 1401(a)(7), provides a path to citizenship for a child born abroad if the child's U.S. citizen parent has 10 years' physical presence in the U.S. before the child's birth, "at least five of which were after attaining" age 14.

(b) Sections 1401 and 1409 date from an era when t<u>he Nation's lawbooks were rife with overbroad generalizations</u> men and women. Today, such laws receive heightened scrutiny that now attends "all gender-based classifications," J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, including laws granting or denying benefits "on the basis of the sex of the qualifying parent," Califano v. Westcott, 443 U.S. 76. Prescribing one rule for mothers, another for fathers, §1409 is of the same genre as the classifications declared unconstitutional in Westcott; Reed v. Reed, 404 U.S. 71, 77; Frontiero v. Richardson, 411 U.S. 677 –691; Weinberger v. Wiesenfeld, 420 U.S. 636, 653; and Califano v. Goldfarb, 430 U.S. 199, 207. A successful defense therefore requires an "'exceedingly persuasive justification.'" United States v. Virginia, 518 U.S. 515, pages 7–9.

(d) The Government points to Fiallo v. Bell, 430 U.S. 787; Miller v. Albright, 523 U.S. 420; and Nguyen v. INS, 533 U.S. 53, for support. Fiallo involved entry preferences for alien children; the case did not present a claim of U. S. citizenship.

**<u>Plaintiff satisfies the requirements set forth in Sessions, and Defendants can't do a goddamn thing about it, and must be estopped for continuing to harass Plaintiff and his family. If Defendants were not a U.S. government entity, but instead an individual, without</u>**

**fail, Plaintiff could retain an injunction to restrain Defendants from continuing to harass Plaintiff and his family. Defendants' action amounts to stalking.**

U.S. Immigration websites provides at URL: https://www.usimmigration.org/glossary/us-citizen.

"Citizenship in the United States is a status that entails specific rights, duties, and benefits. **U.S. citizenship is acquired by birth through citizenship of a parent."**

Citizenship of Plaintiff's child is specified in the Citizenship Clause of the U.S. Constitution's 1868, XIV Amendment.

The United States is a signatory to the UN Convention on the Rights of the Child.

**UN Convention on the Rights of the Child provides:**

Article 7 states under section 1, "The child shall be registered immediately after birth and shall have the right from birth to a name, the right to acquire a nationality and, as far as possible, the right to know and be cared for by his or her parents." Under section 2, "State Parties shall ensure the implementation of these rights in accordance with their national law and their obligations under the relevant international instruments in this field, in particular where the child would otherwise be stateless."

The United States is a signatory to the Universal Declaration of Human Rights.

**The Universal Declaration of Human Rights provides:**

Article 1. All human beings are born free and equal in dignity and rights.

Article 7. All are equal before the law and are entitled without any discrimination to equal protection of the law. All are entitled to equal protection against any discrimination in violation of this Declaration and against any incitement to such discrimination.

Article 15. Everyone has the right to a nationality. No one shall be arbitrarily deprived of his nationality nor denied the right to change his nationality.

Article 16. Men and women of full age, without any limitation due to race, nationality or religion, have the right to marry and to found a family. They are entitled to equal rights as to marriage, during marriage and at its dissolution. The family is the natural and fundamental group unit of society and is entitled to protection by society and the State.

Article 25. All children, whether born in or out of wedlock, shall enjoy the same social protection.

The United States is a signatory to the Declaration of the Rights of the Child.

**The Declaration of the Rights of the Child states:**

WHEREAS the peoples of the United Nations have, in the Charter, reaffirmed their faith in fundamental human rights and in the dignity and worth of the human person, and have determined to promote social progress and better standards of life in larger freedom,

WHEREAS the United Nations has, in the Universal Declaration of Human Rights, proclaimed that everyone is entitled to all the rights and freedoms set forth therein, without distinction of any kind, such as race, colour, sex, language, religion, political or other opinion, national or social origin, property, birth or other status,

WHEREAS the child, by reason of his physical and mental immaturity, needs special safeguards and care, including appropriate legal protection, before as well as after birth,

WHEREAS the need for such special safeguards has been stated in the Geneva Declaration of the Rights of the Child of 1924, and recognized in the Universal Declaration of Human Rights and in the statutes of specialized agencies and international organizations concerned with the welfare of children,

WHEREAS mankind owes to the child the best it has to give,

Now, therefore, the General Assembly Proclaims

THIS DECLARATION OF THE RIGHTS OF THE CHILD to the end that he may have a happy childhood and enjoy for his own good and for the good of society the rights and freedoms herein set forth, and calls upon parents, upon men and women as individuals, and upon voluntary organizations, local authorities and national Governments to recognize these rights and strive for their observance by legislative and other measures progressively taken in accordance with the following principles:

Among the important provisions it the following:

§3. The child shall be entitled from his birth to a name and a nationality.

## IV.

## CONCLUSION

The intolerable and ongoing abuses, overreaching, recklessness, and flat out incompetence that is the collective mindset of Defendants amounts to arbitrary and capricious actions, and must not be permitted to stand without resolve any longer.

Plaintiff demands Defendants provide Consular Report of Birth Abroad of a U.S. Citizen for his second child immediately and without any further delay.

Plaintiff demands the Court to compel issuance of passport to Plaintiff's second child, mirroring the same demand for Plaintiff's firstborn child, without further delay.

Plaintiff demands damages in the amount of 10,000.00 USD under the APA for each issue raised herein, which fall under The Little Tucker Act, which Defendants pretend is inapplicable.

## V.

## DEMAND

This is an emergency filing.

For the foregoing reasons, Plaintiff demands the Court to compel Defendants to immediately issue a Consular Report of Birth Abroad of a U.S. Citizen to Plaintiff's second child, U.S. Passport for Plaintiff's second child and 10,000.00 USD damages, for each of the three issued raised herein.

Filed,

July 19th 2020

Jack Stone
/s/ Jack Stone
Maison Sato 101
2-2-15 Tsunogoro
Aoba, Sendai, Miyagi
Japan 980-0874
Email: mail@stackjones.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 19th 2020, I served a copy of this Filing, via CM/ECF on the following persons, Katherine B. Palmer-Ball, Assistant United States Attorney, at katherine.palmer-ball@usdoj.gov.

/s/ Jack Stone

# EXHIBIT A.

（2の1） 全部事項証明

| | |
|---|---|
| 本籍 | 山形県米沢市門東町二丁目９９８番地 |
| 氏名 | 鈴木 身祐希 |
| 戸籍事項<br>戸籍編製 | 【編製日】平成２６年１月１６日 |
| 戸籍に記録されている者 | 【名】身祐希<br><br>【生年月日】昭和６２年１０月１２日　【配偶者区分】妻<br>【父】鈴木房夫<br>【母】鈴木俊子<br>【続柄】二女 |
| 身分事項<br>出生 | 【出生日】昭和６２年１０月１２日<br>【出生地】山形県米沢市<br>【届出日】昭和６２年１０月２３日<br>【届出人】父 |
| 子の出生 | 【入籍日】平成２６年１月１６日<br>【入籍事由】子の出生届出<br>【従前戸籍】山形県米沢市門東町二丁目９９８番地　鈴木房夫 |
| 婚姻 | 【婚姻日】平成２６年７月１４日<br>【配偶者氏名】ストーン，ジャックハリーフランクジュニア<br>【配偶者の国籍】アメリカ合衆国<br>【配偶者の生年月日】西暦１９５８年１０月１４日<br>【送付を受けた日】平成２６年７月２２日<br>【受理者】神奈川県横浜市磯子区長 |
| 戸籍に記録されている者 | 【名】將有希<br><br>【生年月日】平成２６年１月４日<br>【父】ストーン，ジャックハリーフランクジュニア<br>【母】鈴木身祐希<br>【続柄】長男 |
| 身分事項<br>出生 | 【出生日】平成２６年１月４日<br>【出生地】山形県米沢市<br>【届出日】平成２６年１月１６日<br>【届出人】母 |
| 認知 | 【認知日】平成２６年２月７日<br>【認知者氏名】ストーン，ジャックハリーフランクジュニア<br>【認知者の国籍】アメリカ合衆国<br>【認知者の生年月日】西暦１９５８年１０月１４日 |

発行番号　00119981-20191028-00000002-山形県米沢市

以下次頁

この用紙は「すかし」等の不正防止処理を施しています。

| | |
|---|---|
| 訂　　正 | 【訂正日】平成２６年７月２２日<br>【訂正事項】父母との続柄<br>【訂正事由】平成２６年７月１４日父母婚姻届出<br>【従前の記録】<br>　　【父母との続柄】長男 |
| 戸籍に記録されている者 | 【名】彗海<br><br>【生年月日】令和元年９月２７日<br>【父】ストーン，ジャックハリーフランクジュニア<br>【母】鈴木身祐希<br>【続柄】二男 |
| 身分事項<br>　出　　生 | 【出生日】令和元年９月２７日<br>【出生地】山形県米沢市<br>【届出日】令和元年１０月７日<br>【届出人】母 |
| | 以下余白 |

発行番号　00119981-20191028-00000002-山形県米沢市

これは，戸籍に記録されている事項の全部を証明した書面である。

令和元年１０月２８日

山形県米沢市長　中川　勝

この用紙は「すかし」等の不正防止処理を施しています。

# EXHIBIT B.

MyTravelGov

U.S. Department of State | Bureau of Consular Affairs

## Application Confirmation

### Payment Confirmation Details

| | |
|---|---|
| Application Number | 1-24342901 |
| Payment Confirmation Number | 26M919KI |
| Payment Amount | $100.00 |
| Payment Date | 12/19/2019 (MM/DD/YYYY) |

### CRBA Interview Details

- At least one of the biological parents must be present
- If the parent with US Citizenship is not present, the DS-5507 will need to be submitted prior to the interview
- A final signature for the application will be completed at the interview
- Remember to bring all of your original documents with you identified below

If you are planning to apply for a passport or Social Security number for this child, you can submit these applications at the time of the in-person interview for the Consular Report of Birth Abroad.

- Passport Applications are Completed with form DS-11
- Social Security Number applications are completed with form SS-5

## Child Details

### SKY STONE

| | |
|---|---|
| Birth Date | [redacted] |
| Sex | |
| City of Birth | |
| State of Birth | |
| Country of Birth | JAPAN |

## Biological Parents

### JACK STONE

| | |
|---|---|
| Birth Date | [redacted] |
| Sex | |
| Citizenship Status | |
| City of Birth | |
| State of Birth | |
| Country of Birth | UNITED STATES |

### JACK STONE

| | |
|---|---|
| Passport Number | [redacted] |

### MIYUKI SUZUKI

| | |
|---|---|
| Birth Date | [redacted] |
| Sex | |
| Citizenship Status | |
| City of Birth | |
| State of Birth | |
| Country of Birth | JAPAN |
| Passport Number | |

## Biological Parents' Marriage Info

### JACK STONE & MIYUKI SUZUKI

| | |
|---|---|
| Marriage Date | [redacted] |
| City | |
| State | |
| Country | |
| Status | STILL MARRIED |

## U.S. Physical Presence

### JACK STONE

| | |
|---|---|
| MIAMI, FLORIDA | [redacted] |

## Contact Information

### JACK STONE

| | |
|---|---|
| Current Address | [redacted] JAPAN |
| Email | [redacted] |
| Phone | |

## MIYUKI SUZUKI

| | |
|---|---|
| Current Address | [redacted]<br>JAPAN |
| Email | |
| Phone | [redacted] |

## Mailing Address

| | |
|---|---|
| Address | [redacted]<br>JAPAN |

# EXHIBIT C.



## U.S. Embassy & Consulates in Japan

## Apply Online for a Consular Report of Birth Abroad

This new process will allow U.S. citizen parents to complete a Consular Report of Birth Abroad application online, upload all required documents, and submit an online payment of $100 prior to the in-person interview. The easy-to-use online process provides applicants with step-by-step instructions on how to complete the application.

To apply for a Consular Report of Birth Abroad online, you need to create a MyTravelGov account. MyTravelGov is a secure, encrypted portal. Once you complete the online application and submit the payment, you will be directed to schedule your appointment at the U.S. Embassy in Tokyo.

Please plan to schedule your appointment a minimum of 5 working days after the date of submission to allow payment processing to be completed.

- Create your MyTravelGov account.

**Note:**

- **Passport applications must be completed and submitted separately.** A passport book fee is $115, which must be paid during your in-person interview at the Embassy Tokyo. Links will be provided at the end of the the Consular Report of Birth Abroad (CRBA) application.
- Do **NOT** make another (or duplicate) payment for a CRBA ($100) at the Embassy.
- If you wish to review the checklist of the necessary documents for the CRBA application in advance, or prefer to submit a paper-based application, please follow these procedures.

This is the official website of the U.S. Embassy and Consulates in Japan. External links to other Internet sites should not be construed as an endorsement of the views or privacy policies contained therein.

# EXHIBIT D.



Skip to Content

TRAVEL.STATE.GOV
A SERVICE OF THE BUREAU OF CONSULAR AFFAIRS
U.S. Department of State

U.S. Embassy Tokyo 1-10-5 Akasaka Minato-ku, Tokyo 107-8420 JAPAN
For applicants who used the electronic application for the Consular Report of Birth, please allow 5 working days between payment submission and interview appointment time. This provides time for your payment to be processed.

**ACS Appointment System -**

## APPOINTMENT DETAILS

PLEASE PRINT THIS PAGE AND BRING IT WITH YOU WHEN YOU APPEAR AT THE EMBASSY OR CONSULATE.

| | |
|---|---|
| **Date of Appointment:** | **Wednesday, November 20, 2019** |
| **Time of Appointment:** | **10:15:00 AM** |
| **Appointment UID:** | [redacted] |
| **Appointment Password:** | |
| **Child's Surname:** | STONE |
| **Child's Given Name:** | [redacted] |
| **Applicant's DOB (dd/mmm/yyyy):** | |
| **Contact Telephone Number:** | |
| **E-mail Address:** | |
| **Number Of Services Required:** | 1 |
| **Type Of Services Required:** | Report the birth abroad of a child of a U.S. citizen and/or apply for the child's first passport. |

**IMPORTANT:**

1. Please read all the instructions and complete all forms for the service you have requested. Failure to submit a complete and correct application will delay your case. To minimize the time you will need to spend at the Embassy or Consulate on the day of your appointment, please fill in application forms prior to arrival.
2. If you need to make another appointment for someone else, please click here.
3. If your plans change, please click here to cancel your appointment prior to the date you are scheduled to appear. You must first cancel your existing appointment in order to make a new one.

# EXHIBIT E.

https://www.uscis.gov/policy-manual/volume-12-part-h-chapter-3

Policy Manual

U.S. Citizenship and Immigration Services

# Chapter 3 - United States Citizens at Birth (INA 301 and 309)

- Guidance
- Resources(7)
- Appendices(4)
- Updates(6)

## A. General Requirements for Acquisition of Citizenship at Birth

A person born in the United States who is subject to the jurisdiction of the United States is a U.S. citizen at birth, to include a person born to a member of an Indian, Eskimo, Aleutian, or other aboriginal tribe.[1]

In general, a person born outside of the United States may acquire citizenship at birth if:

- The person has at least one parent who is a U.S. citizen; and
- The U.S. citizen parent meets certain residence or physical presence requirements in the United States or an outlying possession prior to the person's birth in accordance with the pertinent provision.[2]

A person born abroad through Assisted Reproductive Technology (ART) to a U.S. citizen gestational mother who is not also the genetic mother acquires U.S. citizenship at birth under INA 301 or INA 309 if:

- The person's gestational mother is recognized by the relevant jurisdiction as the child's legal parent at the time of the person's birth; and
- The person meets all other applicable requirements under either INA 301 or INA 309.[3]

Until the Act of October 10, 1978, persons who had acquired U.S. citizenship through birth outside of the United States to one U.S. citizen parent had to meet certain physical presence requirements to retain their citizenship. This legislation eliminated retention requirements for persons who were born after October 10, 1952. There may be cases where a person who was born before that date, and therefore subject to the retention requirements, may have failed to retain citizenship.[4]

An officer should determine whether a person acquired citizenship at birth by referring to the applicable statutory provisions and conditions that existed at the time of the person's birth. These provisions have been modified extensively over the years. [5] The following sections provide the current law.

# B. Child Born in Wedlock [6]

## 1. Child of Two U.S. Citizen Parents [7]

A child born outside of the United States and its outlying possessions acquires citizenship at birth if at the time of birth:

- Both of the child's parents are U.S. citizens; and
- At least one parent had resided in the United States or one of its outlying possessions.

## 2. Child of U.S. Citizen Parent and U.S. National [8]

A child born outside of the United States and its outlying possessions acquires citizenship at birth if at the time of birth:

- One parent is a U.S. citizen and the other parent is a U.S. national; and
- The U.S. citizen parent was physically present in the United States or one of its outlying possessions for a continuous period of at least one year.

## 3. Child of U.S. Citizen Parent and Alien Parent [9]

A child born outside of the United States and its outlying possessions acquires citizenship at birth if at the time of birth:

- One parent is an alien and the other parent is a U.S. citizen; and
- The U.S. citizen parent was physically present in the United States for at least 5 years, including at least 2 years after 14 years of age.

Time abroad counts as physical presence in the United States if the time abroad was:

- As a member of the U.S. armed forces in honorable status;
- Under the employment of the U.S. government or other qualifying organizations; or
- As a dependent unmarried son or daughter of such persons.

## 4. Child of a U.S. Citizen Mother and Alien Father [10]

A child born outside of the United States and its outlying possessions acquires citizenship at birth if:

- The child was born before noon (Eastern Standard Time) May 24, 1934;
- The child's father is an alien;
- The child's mother was a U.S. citizen at the time of the child's birth; and
- The child's U.S. citizen mother resided in the United States prior to the child's birth.

# C. Child Born Out of Wedlock [11]

## 1. Child of U.S. Citizen Father

*General Requirements for Fathers of Children Born Out of Wedlock*

The general requirements for acquisition of citizenship at birth[12] for a child born in wedlock also apply to a child born out of wedlock outside of the United States (or one of its outlying possessions) who claims citizenship through a U.S. citizen father. Specifically, the provisions apply in cases where:

- A blood relationship between the child and the father is established by clear and convincing evidence;
- The child's father was a U.S. citizen at the time of the child's birth;
- The child's father (unless deceased) has agreed in writing to provide financial support for the child until the child reaches 18 years of age; and
- One of the following criteria is met before the child reaches 18 years of age:
  - The child is legitimated under the law of his or her residence or domicile;
  - The father acknowledges in writing and under oath the paternity of the child; or
  - The paternity of the child is established by adjudication of a competent court.

In addition, the residence or physical presence requirements contained in the relevant paragraph of INA 301 continue to apply to children born out of wedlock, who are claiming citizenship through their fathers.

*Written Agreement to Provide Financial Support*

In order for a child born out of wedlock outside of the United States (or one of its outlying possessions) to acquire U.S. citizenship through his or her father, Congress included a requirement that the father agree in writing to provide financial support for the child until the child reaches the age of 18.[13] Congress included the language to prevent children from becoming public charges.[14] USCIS interprets the phrase in the statute "has agreed in writing to provide financial support"[15] to mean that there must be documentary evidence that supports a finding that the father accepted the legal obligation to support the child until the age of 18.

The written agreement of financial support may be dated at any time before the child's 18th birthday. If the child is under the age of 18 at the time of filing an Application for Certificate of Citizenship, the father may provide the written agreement of financial support either concurrently with the filing of the application or prior to the adjudication of the application. USCIS may request the written agreement of financial support at the time of issuance of a Request for Evidence or at the time of an interview (unless the interview is waived).

Alternatively, if the applicant is already over the age of 18, he or she may meet the requirement if one or more documents support a finding that the father accepted his legal obligation to support the child. In such cases, the evidence must have existed (and have been finalized) prior to the child's 18th birthday and must have met any applicable foreign law or U.S. law governing the child's or father's residence to establish acceptance of financial responsibility.[16]

In all cases, the applicant has the burden of proving the father has met any applicable requirements under the law to make an agreement to provide financial support. A written agreement of financial support is not required if the father died before the child's 18th birthday.[17]

*Written Agreement Requirements*

In order for a document to qualify as a written agreement of financial support under INA 309(a)(3), the document:

- Must be in writing and acknowledged by the father;[18]

- Must indicate the father's agreement to provide financial support for the child;[19] and
- Must be dated before the child's 18th birthday.

In addition, USCIS considers whether the agreement was voluntary.

*Other Acceptable Documentation*

A written agreement of financial support may come in different forms and documents. USCIS may consider other similar documentation in which the father accepts financial responsibility of the child until the age of 18. Some examples of documents USCIS may consider include:

- A previously submitted Affidavit of Support (Form I-134) or Affidavit of Support Under Section 213A of the INA (Form I-864);
- Military Defense Enrollment Eligibility Reporting System (DEERS) enrollment;
- Written voluntary acknowledgement of a child in a jurisdiction where there is a legal requirement that the father provide financial support;[20]
- Documentation establishing paternity by a court or administrative agency with jurisdiction over the child's personal status, if accompanied by evidence from the record of proceeding establishing the father initiated the paternity proceeding and the jurisdiction legally requires the father to provide financial support; or
- A petition by the father seeking child custody or visitation with the court of jurisdiction with an agreement to provide financial support and the jurisdiction legally requires the father to provide financial support.

## 2. Child of U.S. Citizen Mother

The rules that determine whether a child born out of wedlock outside of the United States derives citizenship at birth from his or her U.S. citizen mother vary depending on when the child was born.

*Child Born On or After December 23, 1952 and Before June 12, 2017*

A child born between December 23, 1952 and June 12, 2017 who is born out of wedlock outside of the United States and its outlying possessions acquires citizenship at birth if:

- The child's mother was a U.S. citizen at the time of the child's birth; and
- The child's U.S. citizen mother was physically present in the United States or one of its outlying possessions for 1 continuous year prior to the child's birth.[21]

*Child Born On or After June 12, 2017*

A child born on or after June 12, 2017, who is born out of wedlock outside of the United States or one of its outlying possessions acquires citizenship at birth if:

- The child's mother was a U.S. citizen at the time of the child's birth; and
- The child's U.S. citizen mother was physically present in the United States or one of its outlying possessions for at least 5 years prior to the child's birth (at least 2 years of which were after age 14).[22]

*Effect of Sessions v. Morales-Santana Decision*

Prior to the U.S. Supreme Court's decision in *Sessions v. Morales-Santana*,[23] the physical presence requirements for children born out of wedlock were different for a child acquiring citizenship through a U.S. citizen mother than for those acquiring through a U.S. citizen father. An unwed U.S. citizen mother could transmit citizenship to her child if the mother was physically present in the United States for 1

continuous year prior to the child's birth.[24] An unwed U.S. citizen father, by contrast, was held to the longer physical presence requirement of 5 years (at least 2 years of which were after age 14) in the United States or one of its outlying possessions.[25]

On June 12, 2017, the U.S. Supreme Court held, in *Sessions v. Morales-Santana*, that the different physical presence requirements for an unwed U.S. citizen father and an unwed U.S. citizen mother violated the U.S. Constitution's Equal Protection Clause.[26] The U.S. Supreme Court indicated that the 5 years of physical presence (at least 2 years of which were after age 14)[27] requirement should apply prospectively to all cases involving a child born out of wedlock outside the United States to one U.S. citizen parent and one alien parent, regardless of the gender of the parent.[28]

The U.S. Supreme Court decision effectively eliminated, prospectively, the 1 year continuous physical presence requirement that previously applied to unwed U.S. citizen mothers, and replaced it with the higher physical presence requirement that previously applied to unwed U.S. citizen fathers.[29] After *Sessions v. Morales-Santana*, the 1-year continuous physical presence requirement[30] remains in effect only for those children born prior to June 12, 2017 outside of the United States to unwed U.S. citizen mothers.

## D. Application for Certificate of Citizenship (Form N-600)

A person born abroad who acquires U.S. citizenship at birth is not required to file an Application for Certificate of Citizenship (Form N-600). A person who seeks documentation of such status, however, must submit an application to obtain a Certificate of Citizenship from USCIS. A person may also apply for a U.S. passport with the Department of State to serve as evidence of his or her U.S. citizenship.[31]

A person who is at least 18 years of age may submit the Application for Certificate of Citizenship on his or her own behalf. If the application is for a child who has not reached 18 years of age, the child's U.S. citizen parent or legal guardian must submit the application.[32]

USCIS will issue a proof of U.S. citizenship in the form of a Certificate of Citizenship if the Application for Certificate of Citizenship is approved and the person takes the Oath of Allegiance, if required to do so.[33]

## E. Citizenship Interview and Waiver

In general, an applicant must appear in person for an interview before a USCIS officer after filing an Application for Certificate of Citizenship. This includes the U.S. citizen parent or legal guardian if the application is filed on behalf of a child under 18 years of age.[34] USCIS, however, may waive the interview requirement if all the required documentation necessary to establish the applicant's eligibility is already included in USCIS administrative records, or if the application is accompanied by one of the following:

- Consular Report of Birth Abroad (FS-240);
- Applicant's unexpired U.S. passport issued initially for a full 5 or 10-year period; or
- Certificate of Naturalization of the applicant's parent or parents.[35]

## F. Decision and Oath of Allegiance

### 1. Approval of Application, Oath of Allegiance, and Waiver for Children under 14 Years of Age

If an officer approves the Application for Certificate of Citizenship, USCIS administers the Oath of Allegiance before issuing a Certificate of Citizenship.[36]

However, the Immigration and Nationality Act (INA) permits USCIS to waive the taking of the Oath of Allegiance if USCIS determines the person is unable to understand its meaning.[37] USCIS has determined that children under the age of 14 are generally unable to understand the meaning of the oath.

Accordingly, USCIS waives the oath requirement for a child younger than 14 years of age. If USCIS waives the oath requirement, USCIS issues a Certificate of Citizenship after the officer approves the application.

### 2. Denial of Application

If an officer denies the Certificate of Citizenship application, the officer must notify the applicant in writing of the reasons for denial and include information on the right to appeal in the notice.[38] An applicant may file an appeal within 30 calendar days after service of the decision (33 days if the decision was mailed).

## Footnotes

---

1. [^] See INA 301(a) and INA 301(b). Children of certain diplomats who are born in the United States are not U.S. citizens at birth because they are not subject to the jurisdiction of the United States. See 8 CFR 101.3.

2. [^] Any time spent abroad in the U.S. armed forces or other qualifying organizations counts towards that physical presence requirement. See INA 301(g).

3. [^] For a more thorough discussion, see Chapter 2, Definition of Child and Residence for Citizenship and Naturalization, Section E, Child Born Abroad through Assisted Reproductive Technology [12 USCIS-PM H.2(E)].

4. [^] The Act of October 10, 1978, Pub. L. 95-432 (PDF), repealed the retention requirements of former INA 301(b). The amending legislation was prospective only and did not restore citizenship to anyone who, prior to its enactment, had lost citizenship for failing to meet the retention requirements.

5. [^] Officers should use the Nationality Charts to assist with the adjudication of these applications.

6. [^] See INA 301. See Nationality Chart 1.

7. [^] See INA 301(c).

8. [^] See INA 301(d).

9. [^] See INA 301(g).

10. [^] See INA 301(h).

11. [^] See INA 309. See Nationality Chart 2.

12. [^] See INA 301(c), INA 301(d), INA 301(e), and INA 301(g). See Section A, General Requirements for Acquisition of Citizenship at Birth [12 USCIS-PM H.3(A)].

13. [^] A separate agreement or contract is not required for the father to satisfy the requirement. See INA 309(a)(3). See the Immigration and Nationality Act Amendments of 1986, Pub. L. 99–653 (PDF) (November 14, 1986).

14. [^] See the Immigration and Nationality Act Amendments of 1986, Pub. L. 99–653 (PDF) (November 14, 1986). The Immigration and Nationality Act (INA)was intended to keep families together and generally construed in favor of family unity and the acceptance of responsibility by family members. See *Solis-Espinoza v. Gonzales*, 401 F.3d 1090 (9th Cir. 2005).

15. [^] See INA 309(a)(3).

16. [^] In many cases, the issue of whether the father agreed to provide financial support depends on foreign law. The applicant bears the burden of proving the father has met any applicable requirements to make a binding agreement under the law. See *Matter of Annang (PDF)*, 14 I&N Dec. 502 (BIA 1973). Officers should consult USCIS counsel about any requirements under the law.

17. [^] See INA 309.

18. [^] A court document may be signed by a judge rather than the father, but may still serve as evidence to meet this requirement if there is an indication in the record of proceedings that the father consented to the determination of paternity.

19. [^] Since the statute only provides for the agreement of the father to provide support and does not provide for any loss of citizenship if the agreement is not met, USCIS does not consider whether the father actually provided financial support.

20. [^] For example, a birth certificate or acknowledgement document submitted and certified by the father. Under U.S. jurisdictions, a written voluntary acknowledgement of a child generally triggers a legal obligation to support the child. However, under foreign jurisdictions, a voluntary written agreement may not always trigger a legal obligation to support the child. The officer may consult with local USCIS counsel for questions regarding the effect of the law.

21. [^] See INA 309(c).

22. [^] See INA 301(g). See *Sessions v. Morales-Santana (PDF)*, 137 S.Ct. 1678 (2017).

23. [^] See *Sessions v. Morales-Santana*, (PDF) 137 S.Ct. 1678 (2017).

24. [^] See INA 309(c).

25. [^] See INA 301(g).

26. [^] See *Sessions v. Morales-Santana*, (PDF) 137 S.Ct. 1678 (2017). See U.S. Constitution, amend. XIV.

27. [^] See INA 301(g).

28. [^] See *Sessions v. Morales-Santana (PDF)*, 137 S.Ct. 1678 (2017).

29. [^] See INA 309(c).

30. [^] See INA 309(c).

31. [^] See 8 CFR 341.1. The Secretary of State has jurisdiction over claims of U.S. citizenship made by persons who are abroad, and the Secretary of Homeland Security has jurisdiction over the administration and enforcement of the INA within the United States. See INA 103(a)(1) and INA

104(a)(3). There is nothing precluding USCIS from accepting a Form N-600 filed under INA 301 or INA 309 by a person who does not live in the United States. See INA 341(a).

32. [^] See 8 CFR 341.1.

33. [^] See Section F, Decision and Oath of Allegiance [12 USCIS-PM H.3(F)]. See 8 CFR 341.5(b).

34. [^] See 8 CFR 341.2(a)(2).

35. [^] See 8 CFR 341.2(a).

36. [^] See INA 337(a). See 8 CFR 341.5(b). See Part J, Oath of Allegiance, Chapter 2, The Oath of Allegiance [12 USCIS-PM J.2].

37. [^] See INA 337(a). See 8 CFR 341.5(b).

38. [^] See 8 CFR 341.5(d) and 8 CFR 103.3(a).