UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK STONE,<br>*Plaintiff*,<br>v.<br>U.S. EMBASSY TOKYO, *et al.*,<br>*Defendants*. | Civil Action No. 19-3273 (RC) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JOINDER OF JENNIFER WOOTON AS DEFENDANT**

Defendants the United States Department of State ("Department of State") and the United States Embassy in Tokyo, Japan ("U.S. Embassy") respectfully oppose Plaintiff's motion to join Jennifer Wooton as a defendant in this action. *See* ECF No. 154.[1] Plaintiff's motion is styled as one for joinder pursuant to Federal Rule of Civil Procedure 19, but Plaintiff seeks to bring distinct claims against Ms. Wooton and her presence is unnecessary to the resolution of this suit. *See* Fed. R. Civ. P. 19(a).[2] Defendants construe Plaintiff's filing as a motion for leave to amend the operative complaint. *Cf.* ECF No. 160 at 4 ("The Court agrees with Defendants that Plaintiff's filings should be construed as motions to amend, as the filings seek to introduce novel claims, add

[1] Plaintiff seeks to sue Ms. Wooton "in an individual capacity." *Id.* at 1. At this time, Ms. Wooton is not a defendant in this matter, and the undersigned does not currently represent Ms. Wooton in her individual capacity. *See* 28 C.F.R. § 50.15. However, Defendants preserve any defense or defenses that may be available if Plaintiff's motion for leave to amend is granted, including immunity from suit and defects in service of process.

[2] Indeed, even if Plaintiff could properly bring claims against Ms. Wooton (an employee of Congress, and not the Department of State)—which, for all the reasons discussed herein, he cannot—such claims are separate and apart from any claim concerning the adjudication and denial of the passport application Plaintiff submitted on behalf of his fist-born child, and any claim regarding a Consular Record of Birth Abroad for his putative second-born child, and should not be part of this proceeding.

new factual allegations and a new defendant, and broaden the scope of the operative complaint."). Because Plaintiff's proposed amendment would not survive a motion to dismiss, Defendants respectfully request that the Court deny Plaintiff's motion for leave to amend as futile.

## BACKGROUND

Plaintiff seeks to add Ms. Wooton as a defendant in this matter on the basis of certain documents included in the administrative record. *See* ECF No. 154 at 1; *see also* ECF No. 122 (redacted administrative record). As relevant here, Plaintiff contacted the office of U.S. Senator Brian Schatz of Hawaii in January 2019 regarding his efforts to obtain a replacement passport for his first-born child. *See* ECF No. 154 at Ex. C. Ms. Wooton, the Director of Constituent Services for Senator Schatz, responded to Plaintiff requesting specific information in order to submit an inquiry on his behalf with the U.S. Consulate in Japan. *Id.* In February 2019, after Plaintiff had provided additional information, Ms. Wooton informed Plaintiff by email that he would need to manually sign a release form in ink, as the office could not accept an electronic signature. (AR 430.) Plaintiff's irrational and profane response to Ms. Wooton's email led Ms. Wooton to review the office's prior contacts with Mr. Stone, and thereafter to contact the U.S. Embassy to ask whether it might be appropriate for consular staff to conduct a welfare check on Plaintiff's child. (AR 428-430.) The Department of State ultimately determined that no welfare check was needed at the time. (AR 463.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that in cases where a plaintiff has already amended their complaint, "a party may amend [the operative] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although a "court should freely give leave when justice so requires," *id.*, "a district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss." *In re Interbank Funding*

*Corp. Sec. Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that "futility of amendment" is a permissible justification for denying a Rule 15(a) motion)).

## ARGUMENT

Plaintiff seeks to sue Ms. Wooton for: (1) violation of the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552a; and (2) defamation. *See* ECF No. 154 at 8 ("Plaintiff sues Wooton for violating the Privacy Act, defamation, defamation per se, mental anguish, and damage to Plaintiff's professional reputation."). For the reasons detailed below, however, Plaintiff's attempted amendment would not survive a motion to dismiss, and Plaintiff's motion for leave to amend the operative complaint to include these claims and Ms. Wooton as a defendant should be denied as futile.

### I. Plaintiff Cannot State a Claim for Violation of the Privacy Act

Plaintiff asserts that Ms. Wooton violated the Privacy Act by "turning over to Defendants numerous documents, which included email addresses, telephone numbers, home addresses, passport information, and [Plaintiff's] child's full name without redaction." ECF No. 154 at 3. As an initial matter, the Privacy Act only provides a cause of action against agencies—not against individual agency employees. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) ("[T]he district court properly dismissed the named individual defendants because no cause of action exists that would entitle appellant to relief from them under the Privacy Act[.]"); *see also* 5 U.S.C. § 552a(g)(1) (authorizing suit against an "agency"); *Lamb v. Millennium Challenge Corp.*, 228 F. Supp. 3d 28, 41 (D.D.C. 2017) ("To the extent Lamb seeks to assert claims against Walker-Watkins under the Privacy Act[,] those proposed claims are futile because no cause of action exists that would entitle a plaintiff to obtain relief from an individual under the Privacy Act[.]") (internal citations and quotations omitted). Moreover—and more fundamentally—the

Privacy Act does not apply to Congress. *See Feldman v. CIA*, 797 F. Supp. 2d 29, 39 n.6 (D.D.C. 2011) ("[A]s the plaintiff concedes, if the Senate staffer himself subsequently shared information about [the plaintiff] with anyone, those disclosures are not covered by the Privacy Act, which does not apply to Congress."); *see also* 5 U.S.C. § 552a(a)(1) (providing that the term "agency" means "agency" as defined by the Freedom of Information Act); 5 U.S.C. § 552(f) (defining "agency" as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of Government (including the Executive Office of the President), or any independent regulatory agency"). Thus, any proposed amendment to include a claim against Ms. Wooton for violation of the Privacy Act should be denied as futile.

## II. Plaintiff Cannot Bring a Claim for Defamation

With respect to Plaintiff's defamation claim, interpreting this claim as one for damages under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 2671 (for purposes of the FTCA, the term "Federal agency" includes the "legislative branches"), any such claim likewise fails for lack of jurisdiction because the FTCA specifically exempts from its waiver of sovereign immunity any claim "arising out of" libel or slander. 28 U.S.C. § 2680(h); *see also Edmond v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006).[3] Moreover, FTCA suits "must name the United States as defendant," *Goddard v. D.C. Redevelopment Land Agency*, 287 F.2d 343, 345–46 (D.C. Cir. 1961), and Plaintiff has not alleged that he has exhausted administrative remedies with respect to

[3] Plaintiff also appears to invoke 42 U.S.C. § 1983, *see* ECF No. 154 at 1-2 (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) and *Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978)), but Section 1983 does not apply to federal officials. *See Settles v. U.S. Parole Comm'n*, 429 F3d 1098, 1105 (D.C. Cir. 2005). Nor could Plaintiff bring a claim pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), given that he cannot allege any constitutional violation, and expanding a *Bivens* remedy is "disfavored." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).

any FTCA claim. *See Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 69-70 (D.D.C. 2015). To the extent Plaintiff seeks to bring a common law tort claim for defamation against Ms. Wooton, even if Plaintiff could allege facts suggesting personal jurisdiction, under the Westfall Act, a federal individual employee is generally immune from tort liability for torts committed within the scope of employment. *See* 28 U.S.C. § 2679(b)(1). In sum, there is no viable tort claim for defamation against Ms. Wooton, and any proposed amendment should be denied as futile.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion. A proposed order is submitted herewith.

Dated: July 30, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: */s/ Katherine B. Palmer-Ball*
KATHERINE B. PALMER-BALL
D.C. Bar #1014003
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2537
katherine.palmer-ball@usdoj.gov

*Counsel for Defendants*