# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JACK STONE | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 19-3273 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 176, 177 |
| | : | | |
| U.S. EMBASSY TOKYO, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S MOTION FOR RECUSAL

### I.  INTRODUCTION

Plaintiff Jack Stone ("Stone"), proceeding *pro se*, brought this action against the United States Embassy in Tokyo and the Department of State ("Defendants") for refusing to issue citizenship and immigration documents that he requested for his family.  Before the Court today is Stone's request that this judge recuse himself.  *See* Pl.'s Mot. for Recusal, ECF No. 176; Pl.'s Mot. Recusal with Ex. ("Pl.'s Mot."), ECF No. 177.  For the reasons explained below, the Court denies his motion.

### II.  BACKGROUND

The Court presumes familiarity with its prior opinion in this case.  *See Stone v. U.S. Embassy Tokyo*, No. 19-3273, 2020 WL 4260711 (D.D.C. July 24, 2020).  Accordingly, this opinion will briefly describe only the facts and allegations relevant to the pending motion.

Stone claims that his wife brought their first-born child to Japan and then destroyed the child's passport without his consent.  Pl.'s Second Am. Compl. ("SAC") ¶ 6, ECF No. 39.  He alleges that he applied to obtain a new passport for the child but Defendants denied his

application erroneously. SAC ¶¶ 8, 20–22. Stone therefore filed suit against Defendants seeking an order to compel the issuance of the passport. SAC ¶ 28.

After this Court granted Defendants' motion for an extension of time to respond to Stone's 125-page Third Amended Complaint (ECF No. 171-1), *see* Min. Order (Sept. 4, 2020), Stone filed a motion demanding that the undersigned judge remove himself from the case, *see* Pl.'s Mot. Stone contends that I am biased toward the government and thus 28 U.S.C. § 455 requires my disqualification. *See* Pl.'s Mot. 2.

### III. ANALYSIS

"Deference to the judgments and rulings of courts depends upon public confidence in the integrity and independence of judges." *United States v. Microsoft Corp.*, 253 F.3d 34, 115 (D.C. Cir. 2001) (quoting Code of Conduct for U.S. Judges, Canon 1 cmt. (2000)). So to safeguard the integrity of judicial proceedings, the United States Constitution, federal statutory law, and codes of judicial conduct each outline standards for when a judge may—or, in some cases, must—remove herself from a case. *See Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876–77 (2009); *Microsoft Corp.*, 253 F.3d at 111–15.

Stone invokes one of the statutory protections that applies to all federal judges: 28 U.S.C. § 455.[1] It first provides that a judge "shall disqualify himself in any proceeding in which his

---

[1] Another statute, 28 U.S.C. § 144, requires a federal district court judge to recuse herself "[w]henever a party to a proceeding . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Mr. Stone filed no such affidavit and does not point to section 144 in his motion. But even if he had, the facts he alleges do not satisfy the "exacting" standards of section 144. *See United States v. Haldeman*, 559 F.2d 31, 134 (D.C. Cir. 1976) (per curiam) (explaining that, to satisfy section 144, allegations in an affidavit "must be definite as to time, place, persons, and circumstances" and cannot be "merely of a conclusionary nature"). He would be unable to prevail for much the same reasons that his section 455 motion fails. *See Klayman v. Judicial Watch, Inc.*, 278 F. Supp. 3d 252, 257 (D.D.C. 2017) ("Substantively, sections 144 and 455 'are quite similar, if not identical.'" (citation omitted)).

impartiality might reasonably be questioned." *Id.* § 455(a). It then lists a series of additional circumstances that require disqualification, including "[w]here he has a personal bias or prejudice concerning a party." *Id.* § 455(b)(1). To force a judge's recusal under section 455(a), "the moving party must demonstrate the court's reliance on an 'extrajudicial source' that creates an appearance of partiality or, in rare cases, where no extrajudicial source is involved, the movant must show a 'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Tripp v. Exec. Off. of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The standard is an objective one. *Microsoft Corp.*, 253 F.3d at 114. That means "[t]he question is whether a reasonable and informed observer would question the judge's impartiality." *Id.* Section 455(b)(1) requires the movant show "actual bias or prejudice based upon an extrajudicial source." *Tripp*, 104 F. Supp. 2d at 34. Finally, a motion to disqualify under section 455 cannot succeed when it is based on "bald allegations of bias or prejudice." *See Karim-Panahi v. U.S. Cong.*, 105 F. App'x 270, 275 (D.C. Cir. 2004) (per curiam); *see also In re Kaminski*, 960 F.2d 1062, 1065 n.3 (D.C. Cir. 1992) ("A judge should not recuse himself based upon conclusory, unsupported or tenuous allegations.").

In his motion for recusal, Stone makes various allegations that this judge is partial and biased. He states that I (1) acted vindictively toward him, Pl.'s Mot. 1; (2) am "too closely connected to Defendants' counsel," Pl.'s Mot. 2; (3) have had "relationships with parties adverse to" him, Pl.'s Mot. 2; (4) have "overlook[ed] repeated frauds on the court," Pl.'s Mot. 4; and (5) have issued rulings contrary to law, Pl.'s Mot. 4.

Stone's references to this judge's relationships with Defendants and their counsel appear to stem from my previous positions with the Civil Division of the U.S. Attorney's Office for the

3

District of Columbia.  Although I represented the Department of State while a practicing lawyer, I never worked on this case.  *See McKee v. U.S. Dep't of Justice*, 253 F. Supp. 3d 78, 81 (D.D.C. 2017) (denying motion to recuse where judge "once worked at the Department of Justice, but . . . left the Department over fifteen years [previously] and had no involvement of any kind with this case or the predicate facts"), *aff'd*, 2018 WL 1388575 (D.C. Cir. Feb. 21, 2018) (per curiam).  And "mere prior association does not form a reasonable basis for questioning a judge's impartiality."  *Allphin v. United States*, 758 F.3d 1336, 1344 (Fed. Cir. 2014) (cleaned up) (citation omitted) ("The judge's prior work for the Department of Justice . . . does not raise a reasonable question as to her impartiality.").  Furthermore, I never worked with Defendants' counsel at the U.S. Attorney's Office; she began there after I had left.  And even if Defendants' counsel and I had overlapped there, a judge's social relationship with a lawyer is not grounds for disqualification unless it is "so close or unusual as to be problematic."  *In re Hawsawi*, 955 F.3d 152, 161 (D.C. Cir. 2020) (affirming refusal to recuse where relationship was "cordial but not intimate").  That is not true here.

   Besides his vague allusions to this judge's prior employment, Stone points to no specific facts that support his claim of bias or establish an extrajudicial source of prejudice.  On the contrary, the only evidence he marshals to back his allegations is from this Court's actions in his case.  He first attacks a minute order granting Defendants a two-week extension of time to file their response to Stone's Third Amended Complaint as "inexcusable," "petty," and "vindictive."  Pl.'s Mot. 1; *see also* Min. Order (Sept. 4, 2020).  Next, he takes issue with this Court's refusing him leave to amend his complaint to add a request to compel the State Department to grant his wife a visa.  Pl.'s Mot. 2–3; *see also Stone*, 2020 WL 4260711, at *8.

4

But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.  That is because, by themselves, "they cannot possibly show reliance upon an extrajudicial source." *Id.*  And "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*  The two decisions Stone cites as evidence of this judge's bias do not reveal the kind of "deep-seated favoritism or antagonism" that would warrant recusal.  One was a run-of-the-mill docket-management order that merely gave Defendants two extra weeks to respond to a filing that totaled 125 pages.  *See* Min. Order (Sept. 4, 2020).  The other refused to add to Stone's complaint a claim requesting relief that the Court could not deliver.  *See Stone*, 2020 WL 4260711, at *8 (explaining that the Court could "only direct an agency to 'take action upon a matter, without directing how [the agency] shall act'" (alteration in original) (citation omitted)); *accord Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63–64 (2004).

Stone thus relies on the exact kind of bald allegations that cannot sustain a motion to disqualify.  His conclusory claims provide no basis on which an objective observer could reasonably question this Court's impartiality.  They reflect nothing more than disagreement with its judicial rulings.  And just as "judges have a duty to recuse themselves when partiality exists, judges have an equal duty not to recuse themselves when there is no basis for recusal." *Jordan v. U.S. Dep't of Justice*, 315 F. Supp. 3d 584, 593 (D.D.C. 2018).  Stone's motion requesting that this judge recuse himself is therefore denied.[2]

---

[2] Stone does not seek recusal on the ground that this judge's alleged partiality violated his constitutional due process right.  *See* Pl.'s Mot. 2 (citing only section 455).  But even if he did, his allegations do not come close to satisfying the "more stringent constitutional standard" for

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for recusal.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: September 23, 2020                                                                  RUDOLPH CONTRERAS
                                                                                                             United States District Judge

---

recusal.  *Jordan*, 315 F. Supp. 3d at 593.  That objective test requires a court to ask whether "the average judge . . . is 'likely' to be neutral" in the same circumstances or "whether there is an unconstitutional 'potential for bias.'"  *Caperton*, 556 U.S. at 881.  A constitutional claim would thus falter for the same reason that Stone's statutory arguments do: no objective observer would suspect this judge to be biased.

6