UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK STONE,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. EMBASSY TOKYO, *et al.*,<br><br>*Defendants*. | Civil Action No. 19-3273 (RC) |

**DEFENDANTS' COMBINED [1] OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT PROCEEDINGS AND [2] MOTION TO BE EXCUSED FROM RESPONDING TO PLAINTIFF'S FUTURE MOTIONS UNLESS DIRECTED BY THE COURT**

Defendants, the United States Department of State (the "Department of State") and the United States Embassy in Tokyo, Japan, by and through undersigned counsel, respectfully submit the following opposition to Plaintiff's motion for sanctions and contempt proceedings. *See* ECF No. 179. Given Plaintiff's history of filing duplicative, abusive, and frivolous motions—such as Plaintiff's motion for sanctions and contempt proceedings—Defendants also respectfully move the Court for relief from the obligation to respond to Plaintiff's future motions unless directed to do so by the Court. A proposed order is submitted herewith.

With respect to Plaintiff's motion for sanctions and contempt proceedings, Plaintiff's filing states that "[d]ue [to] Defendants' repeated fraud on the [C]ourt, and falsely representing records under sworn oath and affidavit, thereby committing perjury, Plaintiff seeks the Court to hold Defendant and Defendants' counsel in contempt and to be sanctioned." *Id.* at 5. Plaintiff's accusations are unfounded. Plaintiff's motion is based upon a January 4, 2019 decision issued by U.S. Citizenship and Immigration Services ("USCIS"), attached as Exhibit A to Plaintiff's motion, denying Plaintiff's wife's Form I-485, Application to Register Permanent Residence or Adjust

Status. *See id.* at 11-13. Plaintiff argues that Defendants' omission of this record from Defendants' previously-filed administrative record, *see* ECF Nos. 119, 122, and motion for summary judgment, *see* ECF No. 120, warrants the imposition of sanctions and contempt proceedings. *See generally* ECF No. 179. Defendants' pending motion for summary judgment and the corresponding administrative record concern the Department of State's 2019 adjudication and denial of a passport application that Plaintiff submitted on behalf of his first-born minor child. Plaintiff sets forth no reasoned basis why records of USCIS—an agency separate from and entirely independent of the Department of State—pertaining to Plaintiff's wife's Form I-485 application, would be considered by the Department of State in rendering the decision to deny the passport application submitted by Plaintiff on behalf of his child.

Plaintiff also asserts that his wife's Form I-485 denial decision was somehow relevant to Defendants' opposition to Plaintiff's motion for leave to amend his complaint to include a claim for an order compelling the Department of State to issue an immigrant visa on behalf of his wife, but as Defendants recently explained in opposing Plaintiff's further attempts to amend the operative complaint, Plaintiff appears to conflate the immigrant visa application process—in which the Department of State has a role—with the application for adjustment of status process which is solely administered by USCIS. *See* ECF No. 187-1 at 19-22. In sum, Plaintiff entirely fails to demonstrate that Defendants have committed any sanctionable conduct, and Plaintiff's demand that Defendants "be held in contempt and sanctioned for repeatedly committing perjury, fraud on the [C]ourt, and wasting Plaintiff's and the Court's time and resources," ECF No. 179 at 9, is baseless and unwarranted.[1] For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion.

---

[1] Defendants deny having at any time committed perjury or fraud upon the Court.

Defendants concurrently move to be excused from responding to Plaintiff's future motions unless directed by the Court. This case was transferred to this Court from the United States District Court for the District of Hawaii in October 2019. *See* ECF No. 64. Since that time, Plaintiff has filed more than forty motions and other filings, many of which have been duplicative,[2] harassing,[3] and have by virtue of their volume needlessly increased the cost of litigation for the government. Rule 11 explains that, by presenting a pleading or motion to the Court, a lawyer or an unrepresented party certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," that the claims "are warranted by existing law or a nonfrivolous argument," and that the allegations and other factual contentions "have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery[.]" Fed. R. Civ. P. 11(b).

Defendants assert that Plaintiff has submitted filings having an improper purpose, in violation of Rule 11(b)(1), knowing that the claims and other legal contentions therein are not warranted by existing law or are supported by frivolous arguments, in violation of Rule 11(b)(2), and/or knowing that the factual allegations and other factual contentions do not have appropriate evidentiary support, in violation of Rule 11(b)(3). For example, as explained above, Plaintiff's most recent motion for sanctions and contempt proceedings is baseless. Plaintiff's additional frivolous motions have included, among others, a demand that the Department of State provide

---

[2] *Compare* ECF No. 118 (Plaintiff's Emergency Motion for Order for Emergency Funds) *with* ECF No. 134 (Plaintiff's Motion for Order 6.24.20 Demand for Emergency Funds Supplement).

[3] *See, e.g.*, ECF No. 179 at 9 ("Defendants act like the dishonest brat who stole cookies, yet blames an innocent person, to avoid responsibility and punishment.").

private information on a third-party U.S. citizen to Plaintiff, *see* ECF No. 103, and that the Department furnish Plaintiff with a $29,600 loan, without even having submitted an application for a loan in the first place, *see* ECF 118.[4] Defendants seek the remedy of relief from the obligation to respond to Plaintiff's filing unless and until the Court so orders in lieu of sanctions that may otherwise be available against Plaintiff pursuant to Rule 11(c). *Cf. Judd v. FCC*, 276 F.R.D. 1, 7 (D.D.C. 2011) ("The Court has previously authorized sanctions against litigants who confuse quantity with quality and barrage the Court with filings[.]") (internal citation and quotation marks omitted). Nonetheless, based on the guidance that this Rule offers, and the general authority of the Court to manage its docket and the parties' motion practice, *see id.* ("The Court may impose filing restrictions based on its inherent power to regulate [its] docket, promote judicial efficiency, and deter frivolous filings.") (internal citation and quotation marks omitted), Defendants respectfully request that the Court enter an Order relieving the government of the obligation to respond to any additional motions filed by Plaintiff, unless upon order of this Court. An Order relieving the government of any obligation to respond to additional motions filed by Plaintiff would be consistent with resolving this case in a manner that protects the efficiency and integrity of the litigation process. For these reasons, Defendants respectfully request that the Court excuse the government from responding to Plaintiff's future motions unless and until the Court orders a response.

---

[4] Plaintiff has repeatedly attempted to bypass the administrative processes in place for the relief he seeks, and instead petition the Court directly for relief to which he is not entitled, abusing the judicial process.

Dated: September 28, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: *<u>/s/ Katherine B. Palmer-Ball</u>*
KATHERINE B. PALMER-BALL
D.C. Bar #1014003
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2537
katherine.palmer-ball@usdoj.gov

*Counsel for Defendants*