UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACK STONE,<br><br>Plaintiff,<br><br>v.<br><br>U.S. EMBASSY TOKYO, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No.: 19-3273 (RC)<br><br>Re Document No.: 185 |

## ORDER

### GRANTING DEFENDANTS' MOTION FOR RELIEF FROM LOCAL CIVIL RULE 7(M)

Local Civil Rule 7(m) imposes a duty to confer with opposing counsel before filing a nondispositive motion. The rule provides that "counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought, and if there is, to narrow the areas of disagreement." D.D.C. Local Civ. R. 7(m). Importantly, the duty "also applies to non-incarcerated parties appearing *pro se*." *Id.* Failure to comply may result in denial of the motion. *See Walker v. District of Columbia*, 317 F.R.D. 600, 604 (D.D.C. 2016).

Defendants move for relief from Rule 7(m)'s requirement to confer with *pro se* plaintiff Jack Stone. Defs.' Mot. for Relief from Local Civil Rule 7(m), at 2, ECF No. 185. They argue that the rule is serving little purpose because Stone has "repeatedly responded" to Defendants "in an abusive, threatening, and insulting manner" and "has refused to communicate in a productive or civil manner." *Id.* Defendants attach to their motion some examples of Stone's "offensive communications." *Id.*; *see also* Defs.' Exs. 1–4, ECF Nos. 185-1 to -4.

The Court agrees that there is little purpose in continuing to require Defendants comply with Rule 7(m). Stone is unwilling to engage in good-faith communications to "determine

whether there is any opposition to the relief sought and . . . narrow the areas of disagreement." *See* D.D.C. Local Civ. R. 7(m). Instead, he repeatedly sends messages laced with profanity, sexual references, racial language, threats, and insults. Like Defendants, the Court has received offensive email and voicemail communications from Stone. It attaches an example of one of those communications to this Order. *See* Attach., Email from Pl. to Ct. (Sept. 5, 2020).

Although failure to follow Local Rule 7(m) permits dismissal of a motion, it does not require dismissal. As a result, this Court may still consider a motion's merits even if it is not preceded by conferral. *See, e.g.*, *Mannina v. District of Columbia*, 437 F. Supp. 3d 1, 6–7 (D.D.C. 2020); *Equal Rights Ctr. v. Post Prop., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007). Moreover, Stone has made it clear that he also supports suspending Rule 7(m)'s duty to confer. *See* Pl.'s Mot. for Relief from L. Civ. R. 7(m), ECF No. 190; *cf. Mannina*, 437 F. Supp. 3d at 7 (deciding to review motion's merits because movant's failure to confer with opposing counsel "did not prejudice the [opponent's] ability to brief its opposition" and movant "ha[d] repeatedly informed the [opponent] of her objections").

Because requiring Defendants to confer with Stone prior to filing nondispositive motions would not accomplish Local Rule 7(m)'s purpose, the Court grants Defendants' motion.

It is hereby:

**ORDERED** that Defendants' motion for relief from Local Civil Rule 7(m) is **GRANTED**.

**SO ORDERED**.

Dated: October 13, 2020

RUDOLPH CONTRERAS
United States District Judge